1    Alan Harris (SBN 146079)
     David Zelenski (SBN 231768)
2    HARRIS & RUBLE
     5455 Wilshire Boulevard, Suite 1800
3    Los Angeles, California 90036
     Telephone: (323) 931-3777
4    Facsimile: (323) 931-3366
     law@harrisandruble.com
5    dzelenski@harrisandruble.com

6    Attorneys for Plaintiff

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11   CATHERINE TREMBLAY,                    Case No.
     individually and on behalf of all
12   others similarly situated,             **CLASS ACTION COMPLAINT**

13              Plaintiff,                   1. Cal. Lab. Code § 226.7, Missed
                                               Meal Breaks & Rest Breaks
14        v.
                                            2. Cal. Lab. Code § 203, Continuing
15   CHEVRON STATIONS, INC., a                 Wages
     Delaware Corporation,
16                                          3. Cal. Lab. Code § 226, Improper
                Defendant.                     Pay Stubs
17
                                            4. Cal. Lab. Code §§ 204, 510, and
18                                             1194, Failure to Pay Minimum
                                               Wage and Overtime Compensation
19
                                            5. 29 U.S.C. §§ 206 and 207, Fair
20                                             Labor Standards Act

21                                          6. Cal. Bus. & Prof. Code § 17200 *et
                                               seq.*
22

23                                          **DEMAND FOR JURY TRIAL**

24

25   COMES NOW Plaintiff, and for her causes of action against Defendant, alleges:

26                        **JURISDICTION AND VENUE**

27        1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

28   Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards

1    Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendant is

2    engaged in interstate commerce, with annual sales in excess of $1,000,000 and with

3    more than 1000 employees. This Court has federal-question jurisdiction under 28 U.S.C.

4    § 1331. Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental

5    jurisdiction over Plaintiff's state-law claims. There are no grounds that would justify

6    this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28

7    U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise

8    supplemental jurisdiction).

9    ## PARTIES AND JURISDICTION

10    2.    Plaintiff CATHERINE TREMBLAY ("TREMBLAY") is an individual

11    who, during the time periods relevant to this Complaint, was employed within the

12    County of Sonoma, State of California. Plaintiff is a resident of the County of Sonoma,

13    State of California 94928.

14    3.    Defendant CHEVRON STATIONS, INC. ("CHEVRON") was and is a

15    business organization doing business within the State of California. CHEVRON

16    maintains numerous facilities throughout the State of California. CHEVRON does

17    business in Sonoma County, California, and at all relevant times, CHEVRON employed

18    Plaintiff and numerous other hourly paid employees in Sonoma County, throughout

19    California, and throughout the rest of the United States. CHEVRON has significant

20    contacts with Sonoma County, and the activities complained of herein occurred, in whole

21    or in part, in Sonoma County.

22    ## GENERAL ALLEGATIONS

23    4.    TREMBLAY worked for CHEVRON from approximately December 2006

24    through April 2007 as a cashier at the CHEVRON gas station in Santa Rosa, California.

25    5.    In or around April 2007, TREMBLAY provided CHEVRON with notice of

26    her intent to conclude her employment with CHEVRON.

27    6.    At all relevant times mentioned herein, section 201 of the California Labor

28    Code provided that "wages earned and unpaid at the time of discharge are due and

1  payable immediately." Cal. Lab. Code § 201. Similarly, section 202 of the California
2  Labor Code provided:

3      If an employee not having a written contract for a definite period quits his or
4      her employment, his or her wages shall become due and payable not later
5      than 72 hours thereafter, unless the employee has given 72 hours previous
6      notice of his or her intention to quit, in which case the employee is entitled
7      to his or her wages at the time of quitting.

8  Id. § 202(a).

9      7.    CHEVRON did not compensate TREMBLAY as required by sections 201
10 and/or 202 of the California Labor Code, as TREMBLAY did not receive her final
11 paycheck for weeks after her last day of work at CHEVRON.

12     8.    Moreover, to date, TREMBLAY has not been compensated for all of the
13 work that she performed for CHEVRON.

14     9.    Furthermore, at all relevant times mentioned herein, section 203 of the
15 California Labor Code provided:

16     If an employer willfully fails to pay, without abatement or reduction, in
17     accordance with Sections 201, 201.5, 202 and 202.5, any wages of an
18     employee who is discharged or who quits, the wages of the employee shall
19     continue as a penalty from the due date thereof at the same rate until paid or
20     until action therefor is commenced; but the wages shall not continue for
21     more than 30 days.

22 Id. § 203.

23     10.   TREMBLAY contends that CHEVRON'S failure to pay her within the time
24 provided by sections 201 and/or 202 of the California Labor Code has been and is
25 "willful" within the meaning of section 203 of the California Labor Code and that,
26 accordingly, Plaintiff is entitled to the "continuing wages" provided for by section 203.

27     11.   At all relevant times mentioned herein, section 1198 of the California Labor
28 Code provided:

1    The maximum hours of work and the standard conditions of labor fixed by

2    the [Industrial Welfare Commission] shall be the maximum hours of work

3    and the standard conditions of labor for employees. The employment of any

4    employee for longer hours than those fixed by [an] order or under

5    conditions of labor prohibited by [an] order is unlawful.

6  Cal. Lab. Code § 1198.

7     12.    At all relevant times mentioned herein, Wage Order Number 7 (as

8  periodically amended) applied to TREMBLAY.

9     13.    Wage Order Number 7 requires a one-hour wage premium for each day that

10  an employee is not provided with a mandated ten-minute rest period per four-hour work

11  period. See 8 Cal. Code Regs. § 11070(12). Additionally, Wage Order Number 7

12  requires a one-hour wage premium for each day that an employee is not provided with a

13  mandated thirty-minute meal period for any shift that is longer than five hours. See id.

14  § 11070(11). Finally, Wage Order Number 7 requires that those who are employed more

15  than eight hours in any workday or more than forty hours in any workweek receive

16  overtime compensation. See id. § 11070(3).

17     14.    The right to rest periods and meal periods has been codified in sections

18  226.7 and 512 of the California Labor Code. At all relevant times mentioned herein,

19  section 512 provided:

20    An employer may not employ an employee for a work period of more than

21    five hours per day without providing the employee with a meal period of not

22    less than 30 minutes, except that if the total work period per day of the

23    employee is no more than six hours, the meal period may be waived by

24    mutual consent of both the employer and employee. An employer may not

25    employ an employee for a work period of more than 10 hours per day

26    without providing the employee with a second meal period of not less than

27    30 minutes, except that if the total hours worked is no more than 12 hours,

28    the second meal period may be waived by mutual consent of the employer

1    and the employee only if the first meal period was not waived.

2    Cal. Lab. Code § 512(a). At all relevant times mentioned herein, section 226.7 provided:

3        If an employer fails to provide an employee a meal period or rest period in

4        accordance with an applicable order of the Industrial Welfare Commission,

5        the employer shall pay the employee one additional hour of pay at the

6        employee's regular rate of compensation for each work day that the meal or

7        rest period is not provided.

8    Cal. Lab. Code § 226.7(b).

9        15.    During her employment with CHEVRON, TREMBLAY was routinely

10   denied ten-minute rest breaks and thirty-minute meal breaks.

11       16.    Compensation for missed rest and meal breaks constitutes wages within the

12   meaning of section 201 of the California Labor Code.

13       17.    At all relevant times mentioned herein, section 226 of the California Labor

14   Code provided:

15       (a) Every employer shall, semimonthly or at the time of each payment of

16       wages, furnish each of his or her employees, either as a detachable part of

17       the check, draft, or voucher paying the employee's wages, or separately

18       when wages are paid by personal check or cash, an itemized statement in

19       writing showing (1) gross wages earned, (2) total hours worked by the

20       employee, except for any employee whose compensation is solely based on

21       a salary and who is exempt from payment of overtime under subdivision (a)

22       of Section 515 or any applicable order of the Industrial Welfare

23       Commission, (3) the number of piece-rate units earned and any applicable

24       piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

25       provided, that all deductions made on written orders of the employee may

26       be aggregated and shown as one item, (5) net wages earned, (6) the

27       inclusive dates of the period for which the employee is paid, (7) the name of

28       the name of the employee and his or her social security number, except that

5
COMPLAINT

1    by January 1, 2008, only the last four digits of his or her social security

2    number or an employee identification number other than a social security

3    number may be shown on the itemized statement, (8) the name and address

4    of the legal entity that is the employer, and (9) all applicable hourly rates in

5    effect during the pay period and the corresponding number of hours worked

6    at each hourly rate by the employee. The deductions made from payments

7    of wages shall be recorded in ink or other indelible form, properly dated,

8    showing the month, day, and year, and a copy of the statement or a record of

9    the deductions shall be kept on file by the employer for at least three years

10    at the place of employment or at a central location within the State of

11    California.

12    . . . .

13    (e) An employee suffering injury as a result of a knowing and intentional

14    failure by an employer to comply with subdivision (a) is entitled to recover

15    the greater of all actual damages or fifty dollars ($50) for the initial pay

16    period in which a violation occurs and one hundred dollars ($100) per

17    employee for each violation in a subsequent pay period, not exceeding an

18    aggregate penalty of four thousand dollars ($4,000), and is entitled to an

19    award of costs and reasonable attorney's fees.

20    . . . .

21    (g) An employee may also bring an action for injunctive relief to ensure

22    compliance with this section, and is entitled to an award of costs and

23    reasonable attorney's fees.

24    Id. § 226.

25    18.    CHEVRON employed TREMBLAY but failed to provide her with the data

26    required by section 226 of the California Labor Code. For example, CHEVRON failed

27    to provide the total hours worked. CHEVRON also failed to provide information

28    regarding the time and wages for pre and post-shift work performed by TREMBLAY but

6
COMPLAINT

1 not paid for by CHEVRON. Additionally, CHEVRON failed to provide the name and

2 address of the legal entity that is the employer. Exhibit A attached hereto reflects certain

3 of Plaintiff's wage statements.

4      19. At all relevant times mentioned herein, section 204(a) of the California

5 Labor Code provided:

6      All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2,

7      earned by any person in any employment are due and payable twice during

8      each calendar month, on days designated in advance by the employer as the

9      regular paydays. Labor performed between the 1st and 15th days, inclusive,

10      of any calendar month shall be paid for between the 16th and the 26th day

11      of the month during which the labor was performed, and labor performed

12      between the 16th and the last day, inclusive, of any calendar month, shall be

13      paid for between the 1st and 10th day of the following month.

14 Id. § 204(a).

15      20. At all relevant times mentioned herein, section 510 of the California Labor

16 Code provided:

17      Eight hours of labor constitutes a day's work. Any work in excess of eight

18      hours in one workday and any work in excess of 40 hours in any one

19      workweek and the first eight hours worked on the seventh day of work in

20      any one workweek shall be compensated at the rate of at least one and one-

21      half times the regular rate of pay for an employee. Any work in excess of

22      12 hours in one day shall be compensated at the rate of no less than twice

23      the regular rate of pay for an employee. In addition, any work in excess of

24      eight hours on any seventh day of a workweek shall be compensated at the

25      rate of no less than twice the regular rate of pay of an employee. Nothing in

26      this section requires an employer to combine more than one rate of overtime

27      compensation in order to calculate the amount to be paid to an employee for

28      any hour of overtime work. The requirements of this section do not apply to

the payment of overtime compensation to an employee working pursuant to any of the following: (1) An alternative workweek schedule adopted pursuant to Section 511. (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Id. § 510(a).

21.   In regard to the employment of Plaintiff, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 and Plaintiff's employment was not governed by any collective bargaining agreement.

22.   At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Id. § 1194. At all relevant times mentioned herein, section 1194.2 of the California Labor Code provided that, "[i]n any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Id. § 1194.2.

23.   Notwithstanding the foregoing requirements of law, Plaintiff was routinely denied payment of overtime wages, being compensated only for hours scheduled rather than for her actual hours worked. For example, Plaintiff was not compensated for work performed before and/or after her scheduled work shift.

## CLASS-ACTION ALLEGATIONS

24.   The Class represented by Plaintiff consists of all natural persons who were

8
COMPLAINT

1 issued one or more paychecks by CHEVRON in California during the period beginning
2 four years prior to the filing of this Complaint through the date of the filing of a motion
3 for certification.

4   25.   Plaintiff contends that Defendant's failure to provide the data required by
5 section 226 of the California Labor Code entitles each Class Member to either actual
6 damages or statutory damages, whichever is greater.

7   26.   Plaintiff contends that Defendant's failure to pay wages as provided by
8 section 226.7 of the California Labor Code entitles each Class Member to payment of
9 such earned but unpaid wages owing on account of missed rest periods and meal breaks.

10   27.   Plaintiff contends that Defendant's failure to pay overtime wages as
11 provided by sections 204, 514, and 1194 of the California Labor Code entitles each Class
12 Member to payment of such earned but unpaid overtime wages.

13   28.   Plaintiff contends that Defendant's failure to make final wage payments
14 within the time provided by sections 201 and/or 202 of the California Labor Code has
15 been and is "willful" within the meaning of section 203 of the California Labor Code and
16 that, accordingly, each Class Member who quit or was discharged is entitled to the
17 "continuing wages" specified by section 203 of the California Labor Code.

18   29.   The number of Class Members is great, believed to be in excess of one-
19 thousand persons. It therefore is impractical to join each Class Member as a named
20 plaintiff. Accordingly, utilization of a class action is the most economically feasible
21 means of determining the merits of this litigation.

22   30.   Despite the Class Members' numerosity, the Class Members are readily
23 ascertainable through an examination of the records that Defendant is required by law to
24 keep. Likewise, the dollar amount owed to each Class Member is readily ascertainable
25 by an examination of those same records.

26   31.   Common questions of fact and of law predominate in the Class Members'
27 claims over individual issues regarding the money owed to each Class Member.

28   32.   There is a well-defined community of interest in the questions of law and

9
COMPLAINT

1  fact common to the Class Members.

2  33. Plaintiff's claims are typical of the claims of Class Members, which claims
3  all arise from the same general operative facts, namely, Defendant did not compensate its
4  employees as required by the California Labor Code. Plaintiff has no conflict of interest
5  with other Class Members, and she and her counsel are able to represent the interests of
6  other Class Members fairly and adequately.

7  34. A class action is a superior method for the fair and efficient adjudication of
8  this controversy. The persons within the Class are so numerous that joinder of all of
9  them is impracticable. The disposition of all claims of Class Members in a class action,
10  rather than in individual actions, benefits the parties and the court. The interest of the
11  Class Members in controlling the prosecution of separate claims against Defendant is
12  small when compared with the efficiency of a class action. The claims of each individual
13  Class Member are too small to litigate individually, and the commencement of separate
14  actions in this Court would lead to an undue burden on scarce judicial resources.
15  Further, the alternative of individual proceedings before the California Labor
16  Commissioner is impractical inasmuch as that agency has insufficient resources to
17  process such claims promptly and, under the provisions of California Labor Code section
18  98.2, if the individual Class Members were to succeed in obtaining awards in their favor,
19  such awards are appealable as a matter of right for a *de novo* trial in Superior Court,
20  leading to a multiplicity of such trials in that court. Moreover, absent class treatment,
21  employees will most likely be unable to secure redress given the time and expense
22  necessary to pursue individual claims, and individual Class Members will likely be
23  unable to retain counsel willing to prosecute their claims on an individual basis, given
24  the small amount of recovery. As a practical matter, denial of class treatment will lead to
25  denial of recovery to the individual Class Members.

26  35. There is a well-defined community of interest in the questions of law and
27  fact common to the Class. The key questions are the same for each Class Member: (a)
28  Was such Class Member an employee of Defendant? (b) Was such Class Member

1  discharged by Defendant? (c) Did the Class Member quit his or her employment with
2  Defendant? (d) Was such Class Member paid his or her wages as provided by sections
3  201 and/or 202 of the California Labor Code? (e) Did Defendant fail to timely pay Class
4  members their minimum and overtime wages? (f) Did Defendant fail to pay Class
5  Members for work performed before and/or after a work shift? (g) Did Defendant fail to
6  provide Class Members with a thirty-minute, uninterrupted meal break? (h) Did
7  Defendant fail to provide Class Members with a ten-minute rest period per four-hour
8  work period? (i) Did Defendant commit unlawful business acts or practices within the
9  meaning of California Business and Professions Code sections 17200 *et seq*.?

10  36.  The interest of each Class Member in controlling the prosecution of his or
11  her individual claim against Defendant is small when compared with the efficiency of a
12  class action.

13  ## FLSA COLLECTIVE-ACTION ALLEGATIONS

14  37.  In this collective action, Plaintiff seeks to represent all individuals who were
15  employed by Defendant.

16  38.  Plaintiff is similarly situated with the Collective-Action Members in that (a)
17  Plaintiff and Collective-Action Members were employed by Defendant; (b) Plaintiff and
18  Collective Action Members were not paid their wages for actual hours worked, instead
19  being paid only for scheduled hours; (c) Plaintiff and Collective-Action Members were
20  not paid for work performed before and/or after a work shift; (d) Defendant knowingly
21  and willfully violated provisions of the Fair Labor Standards Act ("FLSA") by not
22  paying Plaintiff and Collective-Action Members their wages; and (e) as a result of
23  Defendant's practice of withholding compensation for all hours worked, Plaintiff and
24  Collective-Action Members have been similarly damaged in that they have not received
25  timely payment in full of their earned wages.

26  39.  This action is maintainable as an "opt-in" collective action pursuant to 29
27  U.S.C. § 216(b) as to claims for liquidated damages, costs, and attorney's fees under the
28  FLSA.

1    40.    All individuals employed by Defendant should be given notice and be
2    allowed to give their consent in writing, i.e., to "opt in," to the collective action pursuant
3    to 29 U.S.C. § 216(b).

4                          **FIRST CLAIM FOR RELIEF**

5                 (Cal. Lab. Code § 226.7, Missed Meal and Rest Breaks)

6    41.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every
7    allegation set forth in the Complaint.

8    42.    During the Class Period, Plaintiff and Class Members generally were not
9    provided time to take any ten-minute rest period during their work shifts.

10   43.    During the Class Period, Plaintiff and Class Members generally were not
11   provided time to take non-working thirty-minute meal breaks during their work shifts.

12   44.    Accordingly, Plaintiff and each Class Member is entitled to compensation
13   for one hour of pay for each work shift longer than four hours during which he or she
14   was not provided a ten-minute rest period.  Likewise, each Class Member is entitled to
15   compensation for one hour of pay for each work shift longer than five hours during
16   which he or she was not provided a thirty-minute non-working meal break.

17   45.    Additionally, Plaintiff is entitled to costs and attorney's fees, demand for
18   which is hereby made in accord with the provisions of the California Labor Code.

19                        **SECOND CLAIM FOR RELIEF**

20                    (Cal. Lab. Code § 203, Continuing Wages)

21   46.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every
22   allegation set forth in the Complaint.

23   47.    Defendant's failure to compensate Plaintiff and Class Members within the
24   time provided by sections 201 and/or 202 of the California Labor Code, despite
25   Defendant's knowledge of its obligation to do so, was "willful" within the meaning of
26   section 203 of the California Labor Code.  Accordingly, Plaintiff, as well as each Class
27   Member who has had his or her employment with Defendant terminated, is entitled to
28   continuing wages from the date on which his or her wages were due until the date on

1  which Defendant makes payment of the wages, not to exceed thirty days.

2      48.  Additionally, Plaintiff is entitled to costs and attorney's fees, demand for

3  which is hereby made in accord with the provisions of the California Labor Code.

4  **THIRD CLAIM FOR RELIEF**

5  (Cal. Lab. Code § 226, Improper Pay Stubs)

6      49.  Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

7  allegation set forth in the Complaint.

8      50.  Defendant employed Plaintiff and Class Members but failed to provide them

9  with the data required by section 226 of the California Labor Code. For example,

10  Defendant failed to provide information regarding the time and wages earned for pre and

11  post-shift work performed by Plaintiff but not paid for by Defendant. Additionally,

12  Defendant failed to provide information regarding the total hours worked. Additionally,

13  Defendant failed to provide the name and address of the legal entity that is the employer.

14  Accordingly, Plaintiff and each Class Member are entitled to damages, and Plaintiff is

15  entitled to an injunction to prevent such misconduct in the future, as well as to costs and

16  attorney's fees, demand for which is hereby made in accord with the provisions of the

17  California Labor Code.

18  **FOURTH CLAIM FOR RELIEF**

19  (Cal. Lab Code §§ 204, 510, and 1194, Failure to Pay Minimum Wage and Overtime

20  Compensation)

21      51.  Plaintiff repleads, realleges, and incorporates by reference each and every

22  allegation set forth in the Complaint.

23      52.  Defendant employed Plaintiff and Class Members but failed to provide them

24  with the overtime compensation required by sections 204, 510, 1194, 1194.2, and 1197

25  of the California Labor Code. Defendant routinely paid employees for their scheduled

26  time rather than for their actual hours worked. Accordingly, Plaintiff and each Class

27  Member are entitled to damages and liquidated damages, and Plaintiff is entitled to costs

28  and attorney's fees, demand for which is hereby made in accord with the provisions of

13
COMPLAINT

1    the California Labor Code.

2                          **FIFTH CLAIM FOR RELIEF**

3                  (29 U.S.C. §§ 206 and 207. Fair Labor Standards Act)

4        53.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

5    allegation set forth in the Complaint.

6        54.    Defendant, by failing to pay Plaintiff and Class Members the wages due and

7    owing them for work in excess of hours scheduled, has violated the FLSA by failing to

8    provide at least minimum and overtime wages as required by 29 U.S.C. §§ 206 and 207.

9        55.    Accordingly, Plaintiff and each Class Member are entitled to be paid

10   according to proof at least the minimum and overtime wages for the hours they worked,

11   as well as any additional damages specified by 29 U.S.C. § 216. Additionally, Plaintiff

12   is entitled to attorney's fees and costs under the FLSA.

13                          **SIXTH CLAIM FOR RELIEF**

14                  (Cal. Bus. & Prof. Code § 17200 *et seq.*)

15       56.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

16   allegation set forth in the Complaint.

17       57.    Defendant is a "person" within the meaning of section 17201 of the

18   California Business and Professions Code.

19       58.    As set forth in this Complaint, Plaintiff is informed, believes, and thereon

20   alleges that, for the last four years, Defendant intentionally and improperly failed to

21   comply with the California Labor Code and the FLSA.

22       59.    Defendant's failure to comply with the California Labor Code and FLSA

23   has resulted in Defendant's under-reporting to state authorities the wages earned by

24   Class Members and Collective-Action Members, and it therefore has resulted in

25   Defendant's under-paying state taxes, unemployment premiums, and workers'

26   compensation premiums.

27       60.    Additionally, Plaintiff is informed, believes, and thereon alleges that

28   Defendant was able to compete unfairly by not complying with the California Labor

                                    14

1    Code. By competing unfairly, Defendant has gained a competitive advantage over other

2    comparable businesses in the State of California.

3      61.    Accordingly, Defendant's failure to comply with the California Labor Code

4    is an unfair and/or unlawful business activity prohibited by section 17200 *et seq.* of the

5    California Business and Professions Code, and it justifies the issuance of an injunction,

6    restitution, and other equitable relief pursuant to section 17203 of the California

7    Business and Professions Code. All remedies are cumulative pursuant to section 17205

8    of the California Business and Professions Code.

9      62.    Further, Plaintiff requests attorney's fees and costs pursuant to section

10    1021.5 of the California Code of Civil Procedure upon proof that she has acted in the

11    public interest as set forth in the Labor Code Private Attorneys General Act.

12    **WHEREFORE**, Plaintiff prays judgment as follows:

13      1.    That this Court certify the class and collective actions described in this

14    Complaint.

15      2.    With respect to the First Claim for Relief, that this Court enter judgment in

16    favor of Plaintiff and Class Member for damages according to proof, interest, attorney's

17    fees, and costs, each according to proof.

18      3.    With respect to the Second Claim for Relief, that it be adjudged that the

19    failure of Defendant to make payment of wages within the time prescribed by sections

20    201 and/or 202 of the California Labor Code was "willful" within the meaning of section

21    203 of the California Labor Code and that this Court award Plaintiff and Class Members

22    damages according to proof, interest, attorney's fees, and costs, each according to proof.

23      4.    With respect to the Third Claim for Relief, that this Court enter judgment in

24    favor of Plaintiff and Class Members for damages, attorney's fees, and costs, each

25    according to proof.

26      5.    Also with respect to the Third Claim for Relief, that this Court grant

27    Plaintiff an injunction in order to prevent Defendant from continuing to violate section

28    226 of the California Labor Code.

6. With respect to the Fourth Claim for Relief, that this Court enter judgment in favor of Plaintiff and Class Members for damages, attorney's fees, and costs, each according to proof.

7. With respect to the Fifth Claim for Relief, that this Court enter judgment in favor of Plaintiff and Collective-Action Members in the amount of damages according to proof, attorney's fees, statutory damages, and costs, each according to proof.

8. With respect to the Sixth Claim for Relief, that this Court enter judgment for restitution in an amount according to proof, for interest on any restitution, and for attorney's fees and costs.

9. For such further relief as the Court may order.

DATED: November 26, 2007                    HARRIS & RUBLE

                                            Alan Harris
                                            *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                                            HARRIS & RUBLE

                                            Alan Harris
                                            *Attorneys for Plaintiff*

# EXHIBIT A

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

 **Chevron**

P.O. Box 3009
Bothell, WA 98041-3009

01/19/2007                              D608568

## ADVICE OF DEPOSIT - NON-NEGOTIABLE                     $286.51

775 1759                    9AJA-1-2741
**CATHERINE TREMBLAY**
**710 CORTE BLANCO**
**ROHNERT PARK, CA  94928**

Not Valid After 6 Months
# NON-NEGOTIABLE

■ THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.    HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT. ■

REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 054617 | XXX-XX-4143 | Single | US-0/0  CA-0/0 | | D608568 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | 2 | 1759 | | 12/18/06 | 01/08/07 | 01/14/07 | 01/19/07 |

| Earnings | Rate | Units | Current | Year To Date | Direct Deposit Accounts | | | Amount |
|---|---|---|---|---|---|---|---|---|
| Shift Differential Field | 9.0000 | 40.00 | 360.00 | 1,008.00 | Checking | | | 286.51 |
| Total | | | 360.00 | 1,008.00 | | | | |

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 39.17 | 106.71 |
| Social Security (FICA) | 22.32 | 62.50 |
| Federal Medicare | 5.22 | 14.62 |
| California Income Tax | 4.62 | 12.42 |
| California State Disability | 2.16 | 6.05 |
| Total | 73.49 | 202.30 |

Your CCE number is: h133

| W2 Gross | 360.00 | 1,008.00 |
|---|---|---|

| Net Pay | 286.51 |
|---|---|



REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 054817 | XXX-XX-4143 | Single | US 0/0  CA 0/0 | | 04054280 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | 2 | 1799 | | 12/19/06 | 01/29/07 | 02/04/07 | 02/09/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: 6133 | | | |
|---|---|---|---|---|---|---|---|---|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 408.00 | | | | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 1,656.00 | | | | |
| Overtime - 1.5x | 12.7500 | 0.50 | 6.38 | 6.38 | | | | |
| Total | | | 354.38 | 2,070.38 | | | | |

| Taxes | | |
|---|---|---|
| Federal Income Tax | 38.33 | 221.58 |
| Social Security (FICA) | 21.97 | 128.36 |
| Federal Medicare | 5.14 | 30.02 |
| California Income Tax | 4.50 | 25.92 |
| California State Disability | 2.12 | 12.42 |
| Total | 72.06 | 418.30 |

| After-Tax Deductions | | |
|---|---|---|
| Child Support | 28.84 | 57.68 |
| Arrearages | 11.54 | 23.08 |
| Total | 40.38 | 80.76 |

| W2 Gross | 354.38 | 2,070.38 |
|---|---|---|

| Net Pay | 241.94 |
|---|---|

Chevron Stations Inc. - 6001 BOLLINGER CANYON ROAD  San Ramon, CA  94583



REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|----------|---|---|-----|-----------------|--------|----------------------|---|--------|
| CATHERINE TREMBLAY | | | 954617 | XXX-XX-4145 | Single | U6-0/0 | CA-0/0 | 04052185 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|------|---|----------|----------|------------|-----------|--------------|------------|----------|
| CHEVRON | | 2 | 1759 | | 12/18/06 | 01/22/07 | 01/28/07 | 02/02/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 |
|----------|------|-------|---------|--------------|--------------------------|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 204.00 | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 1,512.00 | |
| Total | | | 348.00 | 1,716.00 | |

| Taxes | | Current | Year To Date |
|-------|---|---------|--------------|
| Federal Income Tax | | 37.37 | 183.25 |
| Social Security (FICA) | | 21.57 | 106.39 |
| Federal Medicare | | 5.04 | 24.88 |
| California Income Tax | | 4.38 | 21.42 |
| California State Disability | | 2.09 | 10.30 |
| Total | | 70.45 | 346.24 |

| After-Tax Deductions | | Current | Year To Date |
|----------------------|---|---------|--------------|
| Child Support | | 28.84 | 28.84 |
| Arrearages | | 11.54 | 11.54 |
| Total | | 40.38 | 40.38 |

| W2 Gross | | 348.00 | 1,716.00 |
|----------|---|--------|----------|

| Net Pay | | 237.17 |
|---------|---|--------|

Chevron Stations Inc. - PO BOX 3009 BOTHELL, WA 98041-3009



Case 3:08-cv-08003-EDL    Document 1    Filed 11/26/2010    Page 21 of 29

REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|----------|--|--|-----|-----------------|--------|----------------------|--|--------|
| CATHERINE TREMBLAY | | | 084817 | XXX-XX-4149 | Single | US: 0/0  CA-0/0 | | 04060381 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|------|--|----------|----------|------------|-----------|--------------|-----------|----------|
| CHEVRON | | 2 | 1759 | | 12/18/06 | 02/19/07 | 02/25/07 | 03/02/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 | | | |
|----------|------|-------|---------|--------------|---|--|--|--|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 1,020.00 | | | | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 2,088.00 | | | | |
| Overtime - 1.5x | - | - | - | 6.38 | | | | |
| Total | | | 348.00 | 3,114.38 | | | | |

| Taxes | | |
|-------|--|--|
| Federal Income Tax | 37.37 | 333.69 |
| Social Security (FICA) | 21.57 | 193.09 |
| Federal Medicare | 5.05 | 45.16 |
| California Income Tax | 4.38 | 39.06 |
| California State Disability | 2.09 | 18.69 |
| Total | 70.46 | 629.69 |

| After-Tax Deductions | | |
|----------------------|--|--|
| Child Support | 28.84 | 144.20 |
| Arrearages | 11.54 | 57.70 |
| Total | 40.38 | 201.90 |

| W2 Gross | 348.00 | 3,114.38 |
|----------|--------|----------|

| Net Pay | 237.16 |
|---------|--------|

Chevron Stations Inc.  -  6001 BOLLINGER CANYON ROAD  San Ramon,  CA  94583

| Employee | | | | Social Security | Status | | Exemptio | Ilowances | Number |
|---|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 17 | XXX-XX-4149 | Single | | US-0/ | A-0/0 | D608955 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | 2 | 1759 | | 12/18/06 | 01/01/07 | 01/07/07 | 01/12/07 |

| Earnings | Rate | Units | Current | Year To Date | Direct Deposit Accounts | | Amount |
|---|---|---|---|---|---|---|---|
| Shift Differential Field | 9.0000 | 32.00 | 288.00 | 648.00 | Checking | | 232.68 |
| Total | | | 288.00 | 648.00 | | | |

**Taxes**

Your CCE number is: h133

| | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 28.37 | 67.54 |
| Social Security (FICA) | 17.03 | 40.10 |
| Federal Medicare | 4.18 | 9.40 |
| California Income Tax | 3.18 | 7.80 |
| California State Disability | 1.73 | 3.89 |
| Total | 55.32 | 128.81 |

| W2 Gross | 288.00 | 648.00 |
|---|---|---|

| Net Pay | 232.68 |
|---|---|

Chevron Stations Inc.  -  PO BOX 3009  BOTHELL,  WA  98041-3009



REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 054617 | XXX-XX-4143 | Single | US-0/0 | CA-0/0 | 04070378 |
| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
| CHEVRON | | 2 | 1750 | | 12/18/06 | 03/26/07 | 04/01/07 | 04/06/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 |
|---|---|---|---|---|---|
| Regular Hours | 6.5000 | 16.00 | 136.00 | 1,763.75 | |
| Shift Differential Field | 9.0000 | 24.00 | 216.00 | 3,100.50 | |
| Overtime - 1.5x | - | | | 19.14 | |
| Total | | | 352.00 | 4,883.39 | |

| Taxes | | Current | Year To Date |
|---|---|---|---|
| Federal Income Tax | | 37.97 | 524.90 |
| Social Security (FICA) | | 21.82 | 302.77 |
| Federal Medicare | | 5.10 | 70.81 |
| California Income Tax | | 4.46 | 61.53 |
| California State Disability | | 2.11 | 29.30 |
| Total | | 71.46 | 989.31 |

| After-Tax Deductions | | Current | Year To Date |
|---|---|---|---|
| Starbridge Option 1 - EE + 1 | | 19.95 | 59.85 |
| Starbridge Dental Employee + 1 | | 7.90 | 23.70 |
| Child Support | | 28.84 | 288.40 |
| Arrearages | | 11.54 | 115.40 |
| Total | | 68.23 | 487.35 |

| W2 Gross | | 352.00 | 4,883.39 |
|---|---|---|---|

| Net Pay | | 212.31 | |
|---|---|---|---|

| Employee | | | | Social Security | Status | | Exemptio | 'owances | Number |
|---|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 517 | XXX-XX-4145 | Single | | US-0/5 | CA-0/0 | 04056326 |

| Code | | | Paygroup | Division | Department | | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|---|---|
| CHEVRON | | | 2 | 1750 | | | 12/18/06 | 02/05/07 | 02/11/07 | 02/16/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 |
|---|---|---|---|---|---|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 812.00 | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 1,600.00 | |
| Overtime - 1.5x | - | - | - | 6.38 | |
| Total | | | 348.00 | 2,418.38 | |

| Taxes | | Current | Year To Date |
|---|---|---|---|
| Federal Income Tax | | 37.37 | 258.95 |
| Social Security (FICA) | | 21.59 | 149.94 |
| Federal Medicare | | 5.05 | 35.07 |
| California Income Tax | | 4.36 | 30.30 |
| California State Disability | | 2.09 | 14.51 |
| Total | | 70.47 | 488.77 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Child Support | 28.84 | 86.52 |
| Arrearages | 11.54 | 34.62 |
| Total | 40.38 | 121.14 |

| W2 Gross | 348.00 | 2,418.38 |
|---|---|---|

| Net Pay | 237.15 |
|---|---|

Chevron Stations Inc.  -  6001 BOLLINGER CANYON ROAD  San Ramon,  CA  94583



| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 06461? | XXX-XX-4143 | Single | US-0/0 CA-0/0 | | 04056339 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | 2 | 1759 | | 12/18/06 | 02/12/07 | 02/18/07 | 02/23/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 | | | |
|---|---|---|---|---|---|---|---|---|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 816.00 | | | | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 1,944.00 | | | | |
| Overtime - 1.5x | | | | 6.38 | | | | |
| Total | | | 348.00 | 2,766.38 | | | | |

| Taxes | | Current | Year To Date |
|---|---|---|---|
| Federal Income Tax | | 37.37 | 296.32 |
| Social Security (FICA) | | 21.58 | 171.52 |
| Federal Medicare | | 5.04 | 40.11 |
| California Income Tax | | 4.36 | 34.68 |
| California State Disability | | 2.09 | 16.60 |
| Total | | 70.46 | 559.23 |

| After-Tax Deductions | | | |
|---|---|---|---|
| Child Support | | 28.84 | 115.36 |
| Arrearages | | 11.54 | 46.16 |
| Total | | 40.38 | 161.52 |

| W2 Gross | | 348.00 | 2,766.38 |
|---|---|---|---|

| Net Pay | | 237.16 |
|---|---|---|

Chevron Stations Inc. - 6001 BOLLINGER CANYON ROAD San Ramon, CA 94583



REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 054617 | XXX-XX-4148 | Single | US-0/0  CA-0/0 | | 04062371 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | 2 | 1759 | | 12/18/08 | 02/26/07 | 03/04/07 | 03/08/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 |
|---|---|---|---|---|---|
| Regular Hours | - | - | - | 1,020.00 | |
| Shift Differential Field | 9.0000 | 40.00 | 360.00 | 2,448.00 | |
| Overtime - 1.5x | - | - | - | 6.38 | |
| Total | | | 360.00 | 3,474.38 | |

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 39.17 | 372.86 |
| Social Security (FICA) | 22.32 | 215.41 |
| Federal Medicare | 5.22 | 50.38 |
| California Income Tax | 4.62 | 43.68 |
| California State Disability | 2.16 | 20.85 |
| Total | 73.49 | 703.18 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Child Support | 28.84 | 173.04 |
| Arrearages | 11.54 | 69.24 |
| Total | 40.38 | 242.28 |

| W2 Gross | 360.00 | 3,474.38 |
|---|---|---|

| Net Pay | | 246.13 |
|---|---|---|

Chevron Stations Inc.  -  6001 BOLLINGER CANYON ROAD  San Ramon,  CA  94583



REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 054617 | XXX-XX-4143 | Single | | US-0/0 CA-0/0 | | 04884383 |
| Code | | Paygroup | Division | Department | Hire Date | Period Start | | Period End | Pay Date |
| CHEVRON | | 2 | 1759 | | 12/18/06 | 03/05/07 | | 03/11/07 | 03/16/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 |
|---|---|---|---|---|---|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 1,224.00 | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 2,592.00 | |
| Overtime - 1.5x | - | - | - | 6.38 | |
| Total | | | 348.00 | 3,822.38 | |

| Taxes | Current | Year To Date |
|---|---|---|
| Federal Income Tax | 37.37 | 410.23 |
| Social Security (FICA) | 21.58 | 236.99 |
| Federal Medicare | 5.04 | 55.42 |
| California Income Tax | 4.38 | 48.06 |
| California State Disability | 2.08 | 22.93 |
| Total | 70.45 | 773.63 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Child Support | 28.84 | 201.88 |
| Arrearages | 11.54 | 80.78 |
| Total | 40.38 | 282.66 |

| W2 Gross | 348.00 | 3,822.38 |
|---|---|---|

| Net Pay | 237.17 |
|---|---|

Chevron Stations Inc. - 6001 BOLLINGER CANYON ROAD San Ramon, CA 94583


Case 3:07-cv-06009-EDL    Document 1    Filed 11/28/2007    Page 28 of 29

REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 064617 | XXX-XX-4143 | Single | US-0/0 | CA-0/0 | 04068370 |

| Code | | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | | 2 | 1759 | | 12/18/06 | 03/19/07 | 03/25/07 | 03/30/07 |

| Earnings | Rate | Units | Current | Year To Date | Your CCE number is: h133 |
|---|---|---|---|---|---|
| Regular Hours | 8.5000 | 23.50 | 199.75 | 1,627.75 | |
| Shift Differential Field | 9.0000 | 16.50 | 148.50 | 2,884.50 | |
| Overtime - 1.5x | 12.7500 | 0.50 | 6.38 | 19.14 | |
| Total | | | 354.63 | 4,531.39 | |

| Taxes | | | Current | Year To Date |
|---|---|---|---|---|
| Federal Income Tax | | | 38.37 | 486.93 |
| Social Security (FICA) | | | 21.99 | 280.95 |
| Federal Medicare | | | 5.15 | 65.71 |
| California Income Tax | | | 4.51 | 57.07 |
| California State Disability | | | 2.13 | 27.19 |
| Total | | | 72.15 | 917.85 |

| After-Tax Deductions | Current | Year To Date |
|---|---|---|
| Starbridge Option 1 - EE + 1 | 19.95 | 39.90 |
| Starbridge Dental Employee + 1 | 7.90 | 15.80 |
| Child Support | 28.84 | 259.56 |
| Arrearages. | 11.54 | 103.86 |
| Total | 68.23 | 419.12 |

| W2 Gross | 354.63 | 4,531.39 |
|---|---|---|

| Net Pay | 214.25 |
|---|---|

Chevron Stations Inc.  -  6001 BOLLINGER CANYON ROAD  San Ramon,  CA  94583


Case 3:07-cv-05829-EDL    Document 1    Filed 11/20/2007    Page 29 of 29

REMOVE DOCUMENT ALONG THIS PERFORATION

| Employee | | | Id | Social Security | Status | | Exemptions/Allowances | | Number |
|---|---|---|---|---|---|---|---|---|---|
| CATHERINE TREMBLAY | | | 054617 | XXX-XX-4143 | Single | | US-0/0  CA-0/0 | | 04066371 |

| Code | | Paygroup | Division | Department | Hire Date | Period Start | Period End | Pay Date |
|---|---|---|---|---|---|---|---|---|
| CHEVRON | | 2 | 1759 | | 12/18/06 | 03/12/07 | 03/18/07 | 03/23/07 |

| Earnings | Rate | Units | Current | Year To Date | Your COE number is: h133 | | | |
|---|---|---|---|---|---|---|---|---|
| Regular Hours | 8.5000 | 24.00 | 204.00 | 1,426.00 | | | | |
| Shift Differential Field | 9.0000 | 16.00 | 144.00 | 2,738.00 | | | | |
| Overtime - 1.5x | 12.7500 | 0.50 | 6.38 | 12.76 | | | | |
| Total | | | 354.38 | 4,176.76 | | | | |

| Taxes | | | |
|---|---|---|---|
| Federal Income Tax | | 36.33 | 448.56 |
| Social Security (FICA) | | 21.97 | 258.96 |
| Federal Medicare | | 5.14 | 60.56 |
| California Income Tax | | 4.50 | 52.56 |
| California State Disability | | 2.13 | 25.06 |
| Total | | 72.07 | 845.70 |

| After-Tax Deductions | | | |
|---|---|---|---|
| Starbridge Option 1 - EE + 1 | | 19.95 | 19.95 |
| Starbridge Dental Employee + 1 | | 7.90 | 7.90 |
| Child Support | | 28.84 | 230.72 |
| Arrearages | | 11.54 | 92.32 |
| Total | | 68.23 | 350.89 |

| W2 Gross | | 354.38 | 4,176.76 |
|---|---|---|---|

| Net Pay | 214.08 |
|---|---|

Chevron Stations Inc.  -  6001 BOLLINGER CANYON ROAD  San Ramon,  CA  94583