Deborah C. Saxe (State Bar No. 81719)
dsaxe@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:     (213) 489-3939
Facsimile:     (213) 243-2539

Aaron L. Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
CHEVRON STATIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Catherine Tremblay, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Chevron Stations, Inc., a Delaware Corporation,<br><br>Defendant. | **CASE NO. CV 07-6009 EDL**<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF REQUESTED BRIEFING SCHEDULE RE: PLAINTIFF'S MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**<br><br>Complaint Filed:  November 28, 2007 |

The Complaint alleges that, "[i]n this collective action, Plaintiff seeks to represent all individuals who were employed by Defendant." *See* Complaint, ¶ 37.  The parties have stipulated, and the Court has ordered, that Plaintiff must file her motion to conditionally certify the collective action on or before April 1, 2008.  At the recent Initial Case Management Conference, Defendant asked that its opposition be due 90 days after the date on which the

motion is filed and the Court ordered briefing on the issue of whether or not Defendant should be given the requested 90-day period for its opposition.

As explained herein, the Court should order that Defendant's opposition to Plaintiff's motion to conditionally certify the collective action is due 90 days after the date on which Plaintiff's motion is filed. Otherwise, the Court runs the risk of conditionally certifying a collective action in error based upon an inadequate evidentiary record.[1]

# I.  INTRODUCTION

Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), 29 U.S.C. § 216(b), permits an employee to maintain an action for violations of FLSA section 206 (minimum wage) and/or section 207 (overtime), 29 U.S.C. § 206 &/or § 207, "by or on behalf of himself . . . and other employees **similarly situated**." (Emphasis added). Plaintiff has alleged that she seeks to bring a § 216(b) collective action on behalf of herself and "all individuals who were employed by Defendant." *See* Complaint, ¶ 37. The Court has ordered Plaintiff to file her motion to certify the collective action by April 1, 2008.

Plaintiff's motion presumably will attempt to convince the Court that "all individuals who were employed by Defendant" are "similarly situated." If the Court makes such a finding, it can conditionally certify the collective action and order the mailing of a notice to all such employees advising them of the case and their opportunity to consent to be a party by opting in. *See* FLSA § 216(b) ("No employee shall be a party plaintiff to such action unless he gives his consent in writing"). See also *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Plaintiff has advised that Court that this decision can be made on the basis of a "modest factual showing" by Plaintiff. *See* Memorandum Regarding Briefing Schedule for Motion for Certification of Collective Action ("Plaintiff's Memorandum"), p. 8. This is wishful thinking on her part. While the burden Plaintiff bears is a lenient one, *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 *2 (C.D. Cal. 2004), Plaintiff still bears the burden of demonstrating a "reasonable basis"

---

[1] The Court asked the parties to brief a single issue: whether Defendant is entitled to an extended briefing schedule to respond to Plaintiff's motion for conditional certification. Accordingly, in this Memorandum, Defendant does not respond to pages 1 through 6:5 of Plaintiff's Memorandum, which is about something else. Defendant does not waive its rights to respond to these arguments and expressly reserves its right to do so at the appropriate time.

for her claim of class wide discrimination, "that is, detailed allegations supported by affidavits which successfully engage Defendant's affidavits to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). As one court has interpreted this standard" "The basis for a class-wide discrimination claim must be more than mere allegations; it must be based on factual evidence as well." *Bernard v. Household International, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002).

To counter Plaintiff's motion for conditional certification, Chevron must be allowed the opportunity to investigate and to gather and present evidence negating that those in Plaintiff's would-be collective action are similarly situated. Defendant's proposed briefing schedule accomplishes this goal and limits the risk that the class may be conditionally certified in error. Moreover, a short period of discovery additionally guards against false expectations by potential claimants, unnecessary expense for the parties, and unwarranted burden on the Court, when there ultimately may be no evidentiary basis for Plaintiff's claims to survive. Accordingly, Defendant respectfully requests a period of ninety (90) days after Plaintiff files her motion for conditional certification for it to file its opposition.

## II.     ARGUMENT

The FLSA allows for the maintenance of a collective action "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Under the FLSA's "opt in" scheme, however, an employee who wishes to join a FLSA collective action must "give his consent in writing to become such a party and such consent [must be] filed in the court in which such action is brought." *Id.*

The United States Supreme Court has held that "district courts have discretion, <u>in appropriate cases</u>, to . . . facilitat[e] notice to potential plaintiffs" in FLSA collective actions. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (emphasis added). *See also Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983) ("the power to authorize notice must be exercised with discretion and only in appropriate cases.") But, in exercising this discretion, a court must remain mindful that "courts, as well as practicing attorneys, have a responsibility to avoid 'stirring up' of litigation through unwanted solicitation." *Holt v. Rite Aid Corp.*, 333 F.

Supp.2d 1265, 1275 (M.D. Ala. 2004).  Thus, courts refuse to authorize class notice premised entirely on unsupported, conclusory allegations. *See, e.g., Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991) (allegations in a complaint, "standing alone, are an insufficient basis for determining whether sending court-authorized notice is appropriate").

Before a court may authorize issuance of notice of an FLSA collective action, the named plaintiff(s) must establish that they and all members of the proposed class are "similarly situated." *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Dybach v. Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) (noting that "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated'"); *Castle v. Wells Fargo Fin., Inc.*, 2008 WL 495705 at * 2 (N.D. Cal. Feb. 20, 2008) (Plaintiff bears the burden of demonstrating a "reasonable basis" for claims of class-wide discrimination); *Harper v. Lovett's Buffett*, 185 F.R.D. 358, 362 (M.D. Ala. 1999) ("Plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they propose."); *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995) ("plaintiff has the burden of demonstrating that notice is appropriate").

While, as Plaintiff notes in her submission, the issue of notice and conditional certification is resolved in the first stage of a two-stage process, even at the notice stage Plaintiff must make "a preliminary factual showing that a similarly situated group of potential plaintiffs exists." *D'Anna*, 903 F. Supp. at 894; *see Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) ("some factual evidence is necessary"); *Severtson*, 137 F.R.D. at 267 (requiring "some factual basis for plaintiffs' claims of class-wide discrimination before judicial approval of the sending of notice is granted.")  While the Court will apply a rigorous "similarly situated" test later in the litigation, even the more minimal standard applied at the notice stage requires an appropriate factual showing, to ensure that the notice does not unreasonably generate expectations for claimants, expense for the parties, and burden for the court when there is no evidentiary basis for believing that Plaintiff's class claims can survive. *See, e.g., Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) (the "initial ad hoc certification standard . . . require[s] plaintiff to

provide more than his own speculative allegations"); *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (plaintiff at notice stage must "come forward with competent evidence").

Accordingly, at the notice stage, courts regularly reject the argument that named plaintiffs may rely solely on unsupported allegations to obtain judicially-approved notice to a proposed class. *See, e.g., Dudley v. Texas Waste Sys., Inc*., 2005 WL 1140605 at *2 (W.D. Tex. May 16, 2005) (denying motion "[g]iven that the evidence presented by Plaintiff fails to sufficiently demonstrate the existence of a 'similarly situated' class of employees and Plaintiff's complaint and affidavits in support thereof contain unsupported assertions"); *Hall v. Burk*, No. 301CV2487H, 2002 WL 413901, at *3 (N.D. Tex. March 11, 2002) ("Unsupported allegations of widespread violations are not sufficient to meet Plaintiff's burden."); *Santielices v. Cable Wiring, Inc*., No. 98-7849CIV, 1999 WL 1007807, 6 WH Cases 2d 1852 (S.D. Fla. Sept. 28, 1999) (requiring evidentiary showing prior to notice and refusing to issue notice in absence of evidence of similarly situated employees); *Watts v. Marion County*, No. 94-1428FR, 1995 WL 264189, 2 WH Cases2d 1343 (D. Or. May 1, 1995) (refusing to issue notice where plaintiff failed to offer evidence that proposed recipients were similarly situated to plaintiff); *D'Anna*, 903 F. Supp. at 894 (refusing to issue notice based on unsupported allegations in the plaintiff's complaint). As one court explained in refusing to authorize notice premised solely on unsupported allegations:

> These allegations, standing alone, are an insufficient basis for determining whether sending court-authorized notice is appropriate. In seeking court-authorized notice, plaintiffs are in effect asking this court to assist in their efforts to locate potential plaintiffs and thereby expand the scope of this litigation. As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists.

*Severtson*, 137 F.R.D at 266. Consequently, this Court must be satisfied that Plaintiff and the class, as it is defined by Plaintiff ("all individuals who were employed by Defendant," Complaint, ¶ 37), are similarly situated. More specifically, Plaintiff must demonstrate that she is similarly situated to all other Chevron Stations Inc. employees, be they exempt, non-exempt, managers, or cashiers. To demonstrate such similarity, Plaintiff must, at the very least, submit declarations from numerous current and/or former employees.

Because Plaintiff must present evidence sufficient to satisfy this requisite showing, *D'Anna*, 903 F. Supp. at 894, Chevron should be afforded a meaningful opportunity to gather and present evidence demonstrating that the employees in fact are not similarly situated. Specifically, Chevron needs time to depose any declarants advanced in support of Plaintiff's motion, collect and present documents in support of its opposition, and to prepare its own declarations and other supporting evidence.

Judge Illston recently denied a motion for conditional certification of a collective action in a matter where the class included approximately 14,000 individuals. *Castle*, 2008 WL 495705 at * 1. In *Castle*, Plaintiff submitted 24 declarations, deposition excerpts, and other evidence at the conditional certification stage. *Id*. Defendant countered with 99 declarations, and copies of plaintiffs' declarants' time cards and pay records. *Id*. Based on this evidence, Judge Illston held that the plaintiffs did not identify any company-wide policy or practice to deny overtime and thus "failed to show that the various…employees are similarly situated for purposes of class certification." *Id*. at * 5. Without the parties' opportunity to conduct some discovery, the *Castle* class could have been improperly certified at the notice stage and thousands of current and former employees would have improperly received notice. Additionally, both the parties and the Court would have been forced to unnecessarily spend time and resources on a case that ultimately would be decertified. To prevent such inefficiencies and waste, especially in a class of this magnitude, this Court should permit a brief period for discovery subsequent to Plaintiff's submission of a motion for conditional certification.

**III.   CONCLUSION.**

For the foregoing reasons, this Court should adopt Chevron's proposed briefing schedule of ninety (90) days for Defendant to respond to Plaintiff Catherine Tremblay's motion for certification of a collective action.

Defendant's Memorandum in Support of an Extended Briefing Schedule       6       CASE NO. CV 07-6009 EDL

| | | |
|---|---|---|
| 1 | Dated: March 6, 2008 | JONES DAY |
| 2 | | |
| 3 | | By:   /S/ Catherine S. Nasser |
| 4 | | Catherine S. Nasser |
| 5 | | Attorneys for Defendant<br>CHEVRON STATIONS INC. |

LAI-2934938v1

Defendant's Memorandum in Support of an Extended Briefing Schedule     7     CASE NO. CV 07-6009 EDL