UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CATHERINE TREMBLAY

    Plaintiff,

    v.

CHEVRON STATIONS INC

    Defendant.
_____/

No. C-07-06009 EDL

ORDER FOLLOWING CASE MANAGEMENT CONFERENCE

Following the Case Management Conference held on February 26, 2008, IT IS HEREBY ORDERED THAT:

A further case management conference is set for June 24, 2008 at 10:00 a.m. before Magistrate Judge Laporte in Courtroom E, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California. An updated joint case management conference statement shall be filed no later than June 17, 2008.

Pursuant to Fed. R. Civ. P. 16, IT IS FURTHER ORDERED THAT the following case management order is entered:

1.    <u>DISCOVERY</u>

    a.    All non-expert class discovery shall be completed no later than October 1, 2008. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

b.	Each side shall be limited to thirty depositions. Each party may propound fifty interrogatories, fifty requests for admissions and one hundred requests for documents on each opposing party.

c.	Plaintiff shall disclose class experts no later than October 1, 2008. Defendant shall disclose experts no later than October 31, 2008. All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

d.	All expert class discovery shall be completed no later than January 30, 2009. There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

e.	Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests under the circumstances itemized in that Rule, and when ordered by the Court. The Court expects that the parties will supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel. **In addition to the general requirements of Rule 26(e)(1), the parties will supplement and/or correct all previously made disclosures and discovery responses 28 days before the fact discovery cutoff date.**

f.	Pursuant to Civil L.R. 37-1(b), telephone conferences are available to resolve disputes during a discovery event, such as a deposition, where the resolution during the event likely would result in substantial savings of expense or time.

g.	**Privilege logs.** If a party withholds information that is responsive to a discovery request, and is otherwise discoverable under the Federal Rules of Civil Procedure, by claiming that it is privileged, or protected from discovery under the attorney work product doctrine or any other protective doctrine (including, but not limited to, privacy rights), that party shall prepare a "privilege log" (Fed. R. Civ. P. 26(b)(5)) setting forth the privilege relied upon and specifying separately for each document or for each category of identically situated documents:

1.	The name, job title, or capacity of the author;

2.	The name, job title, or capacity of each recipient;

3. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

4. The title and description of the document;

5. The subject matter addressed in the document;

6. The purpose(s) for which it was prepared or communicated; and

7. The specific basis for the claim that it is privileged.

The privilege log will be produced as quickly as possible, but no later than 14 days after the discovery responses are due, unless the Court orders otherwise in a particular case.

    h.    In responding to requests for documents and materials under Rule 34 of the Federal Rules of Civil Procedure, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

3. <u>MOTIONS</u>

The parties stipulate to the filing of an amended complaint by March 15, 2008

The Court will issue a separate order addressing the briefing schedule for Plaintiff's Motion to Conditionally Certify the Collective Action.

Plaintiff's Motion to Certify Rule 23 Class shall be filed February 15, 2009.

4. <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

A settlement conference shall be scheduled before another Magistrate Judge of this court. Counsel will be contacted by that judge's chambers with a date and time for the conference.

IT IS SO ORDERED.

Dated: March 12, 2008

                                            *Elizabeth D. Laporte*
                                            ELIZABETH D. LAPORTE
                                            United States Magistrate Judge