1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, California 90036
   Telephone:  (323) 931-3777
4  Facsimile:  (323) 931-3366
   law@harrisandruble.com
5  dzelenski@harrisandruble.com

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  CATHERINE TREMBLAY,              Case No.  CV 07-6009 EDL
    individually and on behalf of all
12  others similarly situated,        **FIRST AMENDED CLASS-ACTION
                                      COMPLAINT**
13            Plaintiff,
                                      1.  Cal. Lab. Code § 226.7, Missed
14       v.                               Meal Breaks & Rest Breaks

15  CHEVRON STATIONS, INC., a         2.  Cal. Lab. Code § 203, Continuing
    Delaware Corporation,                 Wages
16
              Defendant.              3.  Cal. Lab. Code § 226, Improper
17                                        Pay Stubs

18                                    4.  Cal. Lab Code §§ 204, 510, and
                                          1194, Failure to Pay Minimum
19                                        Wage and Overtime Compensation

20                                    5.  29 U.S.C. §§ 206 and 207, Fair
                                          Labor Standards Act
21
                                      6.  Cal. Bus. & Prof. Code § 17200 *et
22                                        seq.*

23                                    7.  Cal. Lab Code § 2698 *et seq.*,
                                          Civil Penalties
24

25                                    **DEMAND FOR JURY TRIAL**

26

27

28

COMES NOW Plaintiff, and for her causes of action against Defendant, alleges:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.  See 29 U.S.C. § 203(r) (defining "enterprise").  Defendant is engaged in interstate commerce, with annual sales in excess of $1,000,000 and with more than 1000 employees.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331.  Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims.  There are no grounds that would justify this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367.  See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction).

## PARTIES AND JURISDICTION

2.    Plaintiff CATHERINE TREMBLAY ("TREMBLAY") is an individual who, during the time periods relevant to this Complaint, was employed within the County of Sonoma, State of California.  Plaintiff is a resident of the County of Sonoma, State of California 94928.

3.    Defendant CHEVRON STATIONS, INC. ("CHEVRON") was and is a business organization doing business within the State of California.  CHEVRON maintains numerous facilities throughout the State of California.  CHEVRON does business in Sonoma County, California, and at all relevant times, CHEVRON employed Plaintiff and numerous other hourly paid employees in Sonoma County, throughout California, and throughout the rest of the United States.  CHEVRON has significant contacts with Sonoma County, and the activities complained of herein occurred, in whole or in part, in Sonoma County.

## GENERAL ALLEGATIONS

4.    TREMBLAY worked for CHEVRON from approximately December 2006 through April 2007 as a cashier at the CHEVRON gas station in Santa Rosa, California.

1    5.    In or around April 2007, TREMBLAY provided CHEVRON with notice of

2  her intent to conclude her employment with CHEVRON.

3    6.    At all relevant times mentioned herein, section 201 of the California Labor

4  Code provided that "wages earned and unpaid at the time of discharge are due and

5  payable immediately."  Cal. Lab. Code § 201.  Similarly, section 202 of the California

6  Labor Code provided:

7    If an employee not having a written contract for a definite period quits his or

8    her employment, his or her wages shall become due and payable not later

9    than 72 hours thereafter, unless the employee has given 72 hours previous

10    notice of his or her intention to quit, in which case the employee is entitled

11    to his or her wages at the time of quitting.

12  Id. § 202(a).

13    7.    CHEVRON did not compensate TREMBLAY as required by sections 201

14  and/or 202 of the California Labor Code, as TREMBLAY did not receive her final

15  paycheck for weeks after her last day of work at CHEVRON.

16    8.    Moreover, to date, TREMBLAY has not been compensated for all of the

17  work that she performed for CHEVRON.

18    9.    Furthermore, at all relevant times mentioned herein, section 203 of the

19  California Labor Code provided:

20    If an employer willfully fails to pay, without abatement or reduction, in

21    accordance with Sections 201, 201.5, 202 and 202.5, any wages of an

22    employee who is discharged or who quits, the wages of the employee shall

23    continue as a penalty from the due date thereof at the same rate until paid or

24    until action therefor is commenced; but the wages shall not continue for

25    more than 30 days.

26  Id. § 203.

27    10.    TREMBLAY contends that CHEVRON'S failure to pay her within the time

28  provided by sections 201 and/or 202 of the California Labor Code has been and is

1    "willful" within the meaning of section 203 of the California Labor Code and that,

2    accordingly, Plaintiff is entitled to the "continuing wages" provided for by section 203.

3        11.    At all relevant times mentioned herein, section 1198 of the California Labor

4    Code provided:

5        The maximum hours of work and the standard conditions of labor fixed by

6        the [Industrial Welfare Commission] shall be the maximum hours of work

7        and the standard conditions of labor for employees.  The employment of any

8        employee for longer hours than those fixed by [an] order or under

9        conditions of labor prohibited by [an] order is unlawful.

10   Cal. Lab. Code § 1198.

11       12.    At all relevant times mentioned herein, Wage Order Number 7 (as

12   periodically amended) applied to TREMBLAY.

13       13.    Wage Order Number 7 requires a one-hour wage premium for each day that

14   an employee is not provided with a mandated ten-minute rest period per four-hour work

15   period.  See 8 Cal. Code Regs. § 11070(12).  Additionally, Wage Order Number 7

16   requires a one-hour wage premium for each day that an employee is not provided with a

17   mandated thirty-minute meal period for any shift that is longer than five hours.  See id.

18   § 11070(11).  Finally, Wage Order Number 7 requires that those who are employed more

19   than eight hours in any workday or more than forty hours in any workweek receive

20   overtime compensation.  See id. § 11070(3).

21       14.    The right to rest periods and meal periods has been codified in sections

22   226.7 and 512 of the California Labor Code.  At all relevant times mentioned herein,

23   section 512 provided:

24       An employer may not employ an employee for a work period of more than

25       five hours per day without providing the employee with a meal period of not

26       less than 30 minutes, except that if the total work period per day of the

27       employee is no more than six hours, the meal period may be waived by

28       mutual consent of both the employer and employee.  An employer may not

1    employ an employee for a work period of more than 10 hours per day

2    without providing the employee with a second meal period of not less than

3    30 minutes, except that if the total hours worked is no more than 12 hours,

4    the second meal period may be waived by mutual consent of the employer

5    and the employee only if the first meal period was not waived.

6    Cal. Lab. Code § 512(a).  At all relevant times mentioned herein, section 226.7 provided:

7        If an employer fails to provide an employee a meal period or rest period in

8        accordance with an applicable order of the Industrial Welfare Commission,

9        the employer shall pay the employee one additional hour of pay at the

10       employee's regular rate of compensation for each work day that the meal or

11       rest period is not provided.

12   Cal. Lab. Code § 226.7(b).

13       15.    During her employment with CHEVRON, TREMBLAY was routinely

14   denied ten-minute rest breaks and thirty-minute meal breaks.

15       16.    Compensation for missed rest and meal breaks constitutes wages within the

16   meaning of section 201 of the California Labor Code.

17       17.    At all relevant times mentioned herein, section 226 of the California Labor

18   Code provided:

19       (a) Every employer shall, semimonthly or at the time of each payment of

20       wages, furnish each of his or her employees, either as a detachable part of

21       the check, draft, or voucher paying the employee's wages, or separately

22       when wages are paid by personal check or cash, an itemized statement in

23       writing showing (1) gross wages earned, (2) total hours worked by the

24       employee, except for any employee whose compensation is solely based on

25       a salary and who is exempt from payment of overtime under subdivision (a)

26       of Section 515 or any applicable order of the Industrial Welfare

27       Commission, (3) the number of piece-rate units earned and any applicable

28       piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Id. § 226.

18.    CHEVRON employed TREMBLAY but failed to provide her with the data required by section 226 of the California Labor Code.  For example, CHEVRON failed to provide the total hours worked.  CHEVRON also failed to provide information regarding the time and wages for pre and post-shift work performed by TREMBLAY but not paid for by CHEVRON.  Additionally, CHEVRON failed to provide the name and address of the legal entity that is the employer.  Exhibit A attached hereto reflects certain of Plaintiff's wage statements.

19.    At all relevant times mentioned herein, section 204(a) of the California Labor Code provided:

> All wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Id. § 204(a).

20.    At all relevant times mentioned herein, section 510 of the California Labor Code provided:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the

rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.  The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Id. § 510(a).

21.    In regard to the employment of Plaintiff, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 and Plaintiff's employment was not governed by any collective bargaining agreement.

22.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Id. § 1194.  At all relevant times mentioned herein, section 1194.2 of the California Labor Code provided that, "[i]n any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."  Id. § 1194.2.

23.    Notwithstanding the foregoing requirements of law, Plaintiff was routinely denied payment of overtime wages, being compensated only for hours scheduled rather

than for her actual hours worked.  For example, Plaintiff was not compensated for work performed before and/or after her scheduled work shift.

## CLASS-ACTION ALLEGATIONS

24.     The Class represented by Plaintiff consists of all natural persons who were issued one or more paychecks by CHEVRON in California during the period beginning four years prior to the filing of this Complaint through the date of the filing of a motion for certification.

25.     Plaintiff contends that Defendant's failure to provide the data required by section 226 of the California Labor Code entitles each Class Member to either actual damages or statutory damages, whichever is greater.

26.     Plaintiff contends that Defendant's failure to pay wages as provided by section 226.7 of the California Labor Code entitles each Class Member to payment of such earned but unpaid wages owing on account of missed rest periods and meal breaks.

27.     Plaintiff contends that Defendant's failure to pay overtime wages as provided by sections 204, 514, and 1194 of the California Labor Code entitles each Class Member to payment of such earned but unpaid overtime wages.

28.     Plaintiff contends that Defendant's failure to make final wage payments within the time provided by sections 201 and/or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, each Class Member who quit or was discharged is entitled to the "continuing wages" specified by section 203 of the California Labor Code.

29.     The number of Class Members is great, believed to be in excess of one-thousand persons.  It therefore is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

30.     Despite the Class Members' numerosity, the Class Members are readily ascertainable through an examination of the records that Defendant is required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable

1    by an examination of those same records.

2         31.    Common questions of fact and of law predominate in the Class Members'

3    claims over individual issues regarding the money owed to each Class Member.

4         32.    There is a well-defined community of interest in the questions of law and

5    fact common to the Class Members.

6         33.    Plaintiff's claims are typical of the claims of Class Members, which claims

7    all arise from the same general operative facts, namely, Defendant did not compensate its

8    employees as required by the California Labor Code.  Plaintiff has no conflict of interest

9    with other Class Members, and she and her counsel are able to represent the interests of

10   other Class Members fairly and adequately.

11        34.    A class action is a superior method for the fair and efficient adjudication of

12   this controversy.  The persons within the Class are so numerous that joinder of all of

13   them is impracticable.  The disposition of all claims of Class Members in a class action,

14   rather than in individual actions, benefits the parties and the court.  The interest of the

15   Class Members in controlling the prosecution of separate claims against Defendant is

16   small when compared with the efficiency of a class action.  The claims of each individual

17   Class Member are too small to litigate individually, and the commencement of separate

18   actions in this Court would lead to an undue burden on scarce judicial resources.

19   Further, the alternative of individual proceedings before the California Labor

20   Commissioner is impractical inasmuch as that agency has insufficient resources to

21   process such claims promptly and, under the provisions of California Labor Code section

22   98.2, if the individual Class Members were to succeed in obtaining awards in their favor,

23   such awards are appealable as a matter of right for a *de novo* trial in Superior Court,

24   leading to a multiplicity of such trials in that court.  Moreover, absent class treatment,

25   employees will most likely be unable to secure redress given the time and expense

26   necessary to pursue individual claims, and individual Class Members will likely be

27   unable to retain counsel willing to prosecute their claims on an individual basis, given

28   the small amount of recovery.  As a practical matter, denial of class treatment will lead to

1    denial of recovery to the individual Class Members.

2         35.    There is a well-defined community of interest in the questions of law and

3    fact common to the Class.  The key questions are the same for each Class Member:  (a)

4    Was such Class Member an employee of Defendant?  (b) Was such Class Member

5    discharged by Defendant?  (c) Did the Class Member quit his or her employment with

6    Defendant?  (d) Was such Class Member paid his or her wages as provided by sections

7    201 and/or 202 of the California Labor Code?  (e) Did Defendant fail to timely pay Class

8    members their minimum and overtime wages?  (f) Did Defendant fail to pay Class

9    Members for work performed before and/or after a work shift?  (g) Did Defendant fail to

10   provide Class Members with a thirty-minute, uninterrupted meal break?  (h) Did

11   Defendant fail to provide Class Members with a ten-minute rest period per four-hour

12   work period?  (i) Did Defendant commit unlawful business acts or practices within the

13   meaning of California Business and Professions Code sections 17200 *et seq*.?

14        36.    The interest of each Class Member in controlling the prosecution of his or

15   her individual claim against Defendant is small when compared with the efficiency of a

16   class action.

### FLSA COLLECTIVE-ACTION ALLEGATIONS

17

18        37.    In this collective action, Plaintiff seeks to represent all individuals who were

19   employed by Defendant.

20        38.    Plaintiff is similarly situated with the Collective-Action Members in that (a)

21   Plaintiff and Collective-Action Members were employed by Defendant; (b) Plaintiff and

22   Collective Action Members were not paid their wages for actual hours worked, instead

23   being paid only for scheduled hours; (c) Plaintiff and Collective-Action Members were

24   not paid for work performed before and/or after a work shift; (d) Defendant knowingly

25   and willfully violated provisions of the Fair Labor Standards Act ("FLSA") by not

26   paying Plaintiff and Collective-Action Members their wages; and (e) as a result of

27   Defendant's practice of withholding compensation for all hours worked, Plaintiff and

28   Collective-Action Members have been similarly damaged in that they have not received

1    timely payment in full of their earned wages.

2        39.    This action is maintainable as an "opt-in" collective action pursuant to 29

3    U.S.C. § 216(b) as to claims for liquidated damages, costs, and attorney's fees under the

4    FLSA.

5        40.    All individuals employed by Defendant should be given notice and be

6    allowed to give their consent in writing, i.e., to "opt in," to the collective action pursuant

7    to 29 U.S.C. § 216(b).

8                    **FIRST CLAIM FOR RELIEF**

9              (Cal. Lab. Code § 226.7, Missed Meal and Rest Breaks)

10        41.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

11    allegation set forth in this Complaint.

12        42.    During the Class Period, Plaintiff and Class Members generally were not

13    provided time to take any ten-minute rest period during their work shifts.

14        43.    During the Class Period, Plaintiff and Class Members generally were not

15    provided time to take non-working thirty-minute meal breaks during their work shifts.

16        44.    Accordingly, Plaintiff and each Class Member is entitled to compensation

17    for one hour of pay for each work shift longer than four hours during which he or she

18    was not provided a ten-minute rest period.  Likewise, each Class Member is entitled to

19    compensation for one hour of pay for each work shift longer than five hours during

20    which he or she was not provided a thirty-minute non-working meal break.

21        45.    Additionally, Plaintiff is entitled to costs and attorney's fees, demand for

22    which is hereby made in accord with the provisions of the California Labor Code.

23                    **SECOND CLAIM FOR RELIEF**

24              (Cal. Lab. Code § 203, Continuing Wages)

25        46.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every

26    allegation set forth in this Complaint.

27        47.    Defendant's failure to compensate Plaintiff and Class Members within the

28    time provided by sections 201 and/or 202 of the California Labor Code, despite

Defendant's knowledge of its obligation to do so, was "willful" within the meaning of section 203 of the California Labor Code.  Accordingly, Plaintiff, as well as each Class Member who has had his or her employment with Defendant terminated, is entitled to continuing wages from the date on which his or her wages were due until the date on which Defendant makes payment of the wages, not to exceed thirty days.

48.    Additionally, Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of the California Labor Code.

## THIRD CLAIM FOR RELIEF

### (Cal. Lab. Code § 226, Improper Pay Stubs)

49.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

50.    Defendant employed Plaintiff and Class Members but failed to provide them with the data required by section 226 of the California Labor Code.  For example, Defendant failed to provide information regarding the time and wages earned for pre and post-shift work performed by Plaintiff but not paid for by Defendant.  Additionally, Defendant failed to provide information regarding the total hours worked.   Additionally, Defendant failed to provide the name and address of the legal entity that is the employer. Accordingly, Plaintiff and each Class Member are entitled to damages, and Plaintiff is entitled to an injunction to prevent such misconduct in the future, as well as to costs and attorney's fees, demand for which is hereby made in accord with the provisions of the California Labor Code.

## FOURTH CLAIM FOR RELIEF

### (Cal. Lab Code §§ 204, 510, and 1194, Failure to Pay Minimum Wage and Overtime Compensation)

51.    Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

52.    Defendant employed Plaintiff and Class Members but failed to provide them with the overtime compensation required by sections 204, 510, 1194, 1194.2, and 1197

of the California Labor Code.  Defendant routinely paid employees for their scheduled time rather than for their actual hours worked.  Accordingly, Plaintiff and each Class Member are entitled to damages and liquidated damages, and Plaintiff is entitled to costs and attorney's fees, demand for which is hereby made in accord with the provisions of the California Labor Code.

## FIFTH CLAIM FOR RELIEF

(29 U.S.C. §§ 206 and 207, Fair Labor Standards Act)

53.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

54.    Defendant, by failing to pay Plaintiff and Class Members the wages due and owing them for work in excess of hours scheduled, has violated the FLSA by failing to provide at least minimum and overtime wages as required by 29 U.S.C. §§ 206 and 207.

55.    Accordingly, Plaintiff and each Class Member are entitled to be paid according to proof at least the minimum and overtime wages for the hours they worked, as well as any additional damages specified by 29 U.S.C. § 216.  Additionally, Plaintiff is entitled to attorney's fees and costs under the FLSA.

## SIXTH CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code § 17200 *et seq.*)

56.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

57.    Defendant is a "person" within the meaning of section 17201 of the California Business and Professions Code.

58.    As set forth in this Complaint, Plaintiff is informed, believes, and thereon alleges that, for the last four years, Defendant intentionally and improperly failed to comply with the California Labor Code and the FLSA.

59.    Defendant's failure to comply with the California Labor Code and FLSA has resulted in Defendant's under-reporting to state authorities the wages earned by Class Members and Collective-Action Members, and it therefore has resulted in

1   Defendant's under-paying state taxes, unemployment premiums, and workers'
2   compensation premiums.

3       60.    Additionally, Plaintiff is informed, believes, and thereon alleges that
4   Defendant was able to compete unfairly by not complying with the California Labor
5   Code.  By competing unfairly, Defendant has gained a competitive advantage over other
6   comparable businesses in the State of California.

7       61.    Accordingly, Defendant's failure to comply with the California Labor Code
8   is an unfair and/or unlawful business activity prohibited by section 17200 *et seq.* of the
9   California Business and Professions Code, and it justifies the issuance of an injunction,
10  restitution, and other equitable relief pursuant to section 17203 of the California
11  Business and Professions Code.  All remedies are cumulative pursuant to section 17205
12  of the California Business and Professions Code.

13      62.    Further, Plaintiff requests attorney's fees and costs pursuant to section
14  1021.5 of the California Code of Civil Procedure upon proof that she has acted in the
15  public interest as set forth in the Labor Code Private Attorneys General Act.

16
17                    **SEVENTH CLAIM FOR RELIEF**
18                (Cal. Lab Code § 2698 *et seq.*, Civil Penalties)
19      63.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every
20  allegation set forth in this Complaint.

21      64.    Pursuant to California Labor Code section 2699.3(a)(1), on November 29,
22  2007, Plaintiff gave written notice by certified mail to the Labor and Workforce
23  Development Agency and Defendant, through its attorney, of the specific provisions of
24  the California Labor Code alleged to have been violated, including the facts and theories
25  specified in the original complaint filed November 28, 2007.

26      65.    On January 7, 2008, Robert A. Jones, Deputy Secretary of the Labor and
27  Workforce Development Agency sent a letter to Plaintiff and to Defendant.  Pursuant to
28  section 2699.3(a)(2)(A), the letter stated that the Labor and Workforce Development

Agency did not intend to investigate Defendant's alleged violations. Accordingly, Plaintiff "may as a matter of right amend [the] existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part." Cal. Lab. Code § 2699.3(a)(2)(C).

66.    Section 2699 of the Labor Code provides for civil penalties for violations of the Labor Code. Section 2699(a) provides that civil penalties may be "recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Id. § 2699(a). Section 2699(g) provides that an employee who prevails in a civil action under section 2699 shall be entitled to an award of reasonable attorneys' fees and costs.

67.    The State of California and Plaintiff are, therefore, entitled to civil penalties, attorneys' fees and costs, according to proof.

**WHEREFORE**, Plaintiff prays judgment as follows:

1.    That this Court certify the class and collective actions described in this Complaint.

2.    With respect to the First Claim for Relief, that this Court enter judgment in favor of Plaintiff and Class Member for damages according to proof, interest, attorney's fees, and costs, each according to proof.

3.    With respect to the Second Claim for Relief, that it be adjudged that the failure of Defendant to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful" within the meaning of section 203 of the California Labor Code and that this Court award Plaintiff and Class Members damages according to proof, interest, attorney's fees, and costs, each according to proof.

4.    With respect to the Third Claim for Relief, that this Court enter judgment in favor of Plaintiff and Class Members for damages, attorney's fees, and costs, each according to proof.

5.    Also with respect to the Third Claim for Relief, that this Court grant Plaintiff an injunction in order to prevent Defendant from continuing to violate section

226 of the California Labor Code.

6. With respect to the Fourth Claim for Relief, that this Court enter judgment in favor of Plaintiff and Class Members for damages, attorney's fees, and costs, each according to proof.

7. With respect to the Fifth Claim for Relief, that this Court enter judgment in favor of Plaintiff and Collective-Action Members in the amount of damages according to proof, attorney's fees, statutory damages, and costs, each according to proof.

8. With respect to the Sixth Claim for Relief, that this Court enter judgment for restitution in an amount according to proof, for interest on any restitution, and for attorney's fees and costs.

8. With respect to the Seventh Claim for Relief, that the State of California, Plaintiff, and the putative Class Members be awarded their civil penalties, attorney's fees, and costs, each according to proof.

9. For such further relief as the Court may order.


DATED:  March 13, 2008                      HARRIS & RUBLE

                                            /s/
                                            _____
                                            Alan Harris
                                            *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                                            HARRIS & RUBLE

                                            /s/
                                            _____
                                            Alan Harris
                                            *Attorneys for Plaintiff*