Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Telephone: (323) 931-3777
Facsimile: (323) 931-3366
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE TREMBLAY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON STATIONS, INC., and DOE ONE through and including DOE TEN,<br><br>    Defendants. | Case No.  CV 07-6009 EDL<br><br>**HARRIS DECLARATION IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**<br><br>Date:  May 6, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom E, 15th Floor<br><br>*Assigned to Hon. Elizabeth D. LaPorte* |

ALAN HARRIS declares under penalty of perjury as follows:

    1.    I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiff.  I make this declaration in support of Plaintiff's Memorandum Regarding the Briefing Schedule for the Motion for Certification of a Collective Action.  If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

    2.    I have represented plaintiffs in complex class-actions, e.g., Illinois v. Illinois Brick Co., Inc., 431 U.S. 720 (1977); Gregory v. SCIE, LLC, 317 F.3d 1050 (2003); In re Masterkey Antitrust Litigation, 1978-1 Trade Cas. Para. 61,887 (D. Conn. 1977) (jury

trial for plaintiffs); In re Folding Carton Antitrust Litigation, 83 F.R.D. 251 (N.D. Ill. 1978); In re Anthracite Coal Antitrust Litigation, 82 F.R.D. 364 (M.D. Pa. 1979), and other complex litigation, e.g., In re Uranium Antitrust Litigation, 503 F. Supp. 33 (N.D. Ill. 1981); In re Grand Jury, 469 F. Supp. 666 (M.D. Pa. 1980); U.S. v. Gleneagles Inv. Co., Inc., 584 F. Supp. 671, 689 (M.D. Pa. 1984), aff'd. in part, vacated in part, and remanded sub. nom. U.S. v. Tabor Court Realty Corp., 803 F.2d 1288 (3d Cir. 1986), cert. den. sub. nom. McClellan Realty Co. v. U.S., 483 U.S. 1005 (1987). I have represented many employees in disputes concerning their receipt of pay, both before the State of California Department of Labor Standards Enforcement and in state and federal courts in California. E.g., Readmond v. Straw Dogs, Inc., Los Angeles Superior Court No. BC257394 (section 203 case); Angel Paws, Inc. v. Avalon Payroll Servs., Inc., Los Angeles Superior Court No. BC 188982 (section 203 case); Brackett v. Saatchi & Saatchi, Los Angeles Superior Court, Case No. BC 298728 (an FLSA and section 203 case); Parmet v. Lapin, 2004 Cal. App. Unpub. LEXIS 5217 (June 1, 2004); Gregory v. Superior Court, 2004 Cal. App. Unpubl. LEXIS 10948 (December 6, 2004); Harrington v. Manpay, Los Angeles Superior Court No. BC 312171 (section 510 and section 1194 case); Agatep v. Exxon Mobil Corporation, United States District Court, Central District of California No. CV 05-2342 GAF (settlement on behalf of service-station employees in California); Alfano v. International Coffee & Tea, LLC, United States District Court for the Central District of California Case No. CV 04-8996 SVW (CWx)(FLSA and California Labor Code section 226, 510 and 1194 case); Jenne v. On Stage Audio Corporation, United States District Court for the Central District of California Case No. CV 04-2045 CAS (PJWx)(FLSA and California Labor Code section 203 violations); Doty v. Costco Wholesale Corp., United States District Court for the Central District of California Case No. CV 05-3241 FMC (JWJx)(FLSA and California Labor Code section 203 and 226 violations); Ross v. Human Resources, Inc., Los Angeles Superior Court, Case Number BC 351506 (California Labor Code section 203 case); Saunders v. Metro

1  <u>Image Group</u>, San Diego Superior Court Case No. GIC 809753 (California Labor Code section 203 case).

3. Attached as Exhibit 1 hereto is the Declaration of Dr. Andrew Safir. Attached to the Safir Decl. as Exhibit 1 is a copy of a document produced by the Defendant in its initial disclosures, an "in station time sheet" for the week ending March 25, 2007. (CHEV_TREM0000165)  Exhibit 2 to the Safir Decl. is a copy of the Plaintiff's pay stub for the week ending March 25, 2007, as provided to the undersigned by Plaintiff. Exhibit 2 to the Safir Decl. appears to have been generated from the information on the "in station time sheet."  Analysis of these documents indicates that Plaintiff's night shift overtime payment was computed using the $8.50 (day shift) * 1.5 rate rather than $9.00 (night shift) * 1.5 rate.

4. Attached as Exhibit 2 hereto is the Declaration of the Plaintiff, Catherine Tremblay.

5. Attached as Exhibit 3 hereto is a proposed form of Notice to members of the collective action.

6. Attached as Exhibit 4 hereto is a portion of the web site for Gilardi & Co., LLC. ("Gilardi").  Gilardi is an experienced class action administrator with which I have worked in the past.  They are fully qualified to discharge the duties involved in providing Notice to class members, and reporting the results.  Based on my review of Chevron SEC filings and informal discovery in this case I estimate that the proposed class consists of between 1000 and 3000 persons. This range is quite manageable as a collective action.

I have read the foregoing declaration and the facts set forth therein are true of my own personal knowledge.  Executed April 1, 2008, in the County of Los Angeles, State of California.

                                          /s/
                                          Alan Harris

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On April 1, 2008, I served the within document(s): **HARRIS DECLARATION IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**.

I caused such document(s) to be delivered by hand in person to:

   N/A

I caused such document(s) to be delivered by fax or e-mail to:

   N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

   N/A

I caused such document(s) to be delivered via the Court's CM/ECF System to:

   Deborah Crandall Saxe
   dsaxe@jonesday.com

   Catherine Suzanne Nasser
   cnasser@jonesday.com

   Aaron L. Agenbroad
   alagenbroad@jonesday.com
   saltamirano@jonesday.com

I declare under penalty of perjury that the above is true and correct. Executed on April 1, 2008, at Los Angeles, California.

_____
David Zelenski