Deborah C. Saxe (State Bar No. 81719)
dsaxe@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539

Aaron Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
CHEVRON STATIONS INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Catherine Tremblay, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Chevron Stations, Inc., a Delaware Corporation,<br><br>Defendant. | **CASE NO. CV 07-6009 EDL**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  November 28, 2007<br><br>First Amended Complaint Filed: March 13, 2008 |

Defendant Chevron Stations, Inc. ("Defendant"), responds to Plaintiff Catherine Tremblay's ("Plaintiff") Complaint as follows:

1.    Defendant admits the allegations made in Paragraph 3.

2.    Defendant denies the allegations made in Paragraphs 5, 7, 8, 10, 15, 18, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 42, 43, 44, 45, 47, 48, 50, 52, 54, 55, 58, 59, 60, 61, 62, and 67.

1

3.     Defendant need not respond to Paragraphs 12, 16, 21, and/or 57, because they contain only legal conclusions.  To the extent Paragraphs 12, 16, 21, and 57, contain any allegations that are not legal conclusions, those allegations are denied.

4.     The allegations made in Paragraphs 6, 9, 11, 13, 14, 17, 19, 20, 22, and 66 purport to summarize or quote the text of Wage Order 7 and various statutes.  In response to those allegations, Defendant admits only that Wage Order 7 and the cited statutes speak for themselves.  Except as expressly admitted, Defendant denies the allegations of Paragraphs 6, 9, 11, 13, 14, 17, 19, 20, 22, and 66.

5.     In answer to Paragraph 1, Defendant admits that it is engaged in interstate commerce and that it has annual sales in excess of $1,000,000 and more than 1,000 employees.  Defendant further admits that Plaintiff alleges a claim pursuant to the Fair Labor Standards Act ("FLSA"), that the Court has subject matter jurisdiction over that claim, and that the Court's jurisdiction over Plaintiff's FLSA claim allows the Court, in its discretion, to exercise supplemental jurisdiction over the alleged state law claims if it determines such jurisdiction is appropriate in this case.  Defendants need not respond to the remaining allegations made in Paragraph 1, because they are legal conclusions.  Except as expressly admitted, Defendant denies the allegations of Paragraph 1.

6.     In answer to Paragraph 2, Defendant admits it employed Plaintiff in Sonoma County from on or about December 18, 2006, to on or about April 8, 2007.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and. on that basis, denies all remaining allegations of Paragraph 2.

7.     In answer to Paragraph 4, Defendant admits that it employed Plaintiff at a station in Rohnert Part, California, from on or about December 18, 2006, to on or about April 8, 2007.  Except as expressly admitted, Defendant denies the allegations made in Paragraph 4.

8.     In answer to Paragraph 37, Defendant admits that Plaintiff seeks to bring a collective action as she attempts to define it.  Except as expressly admitted, Defendant

2

1    denies the allegations made in Paragraph 37.

2        9.    In answer to Paragraph 64, Defendant admits that, on or about December 3,

3    2007, Plaintiff served on Defendant a copy of a letter from Plaintiff's counsel dated

4    November 29, 2007, that was addressed to the Labor and Workforce Development

5    Agency, and notes that, although the letter indicates there was an enclosure, no enclosure

6    was served on Defendant.  Except as expressly admitted, Defendant denies the allegations

7    made in Paragraph 64.

8        10.    In answer to Paragraph 65, Defendant admits that, on or about January 9,

9    2008, the Labor and Workforce Development Agency served on Defendant a copy of a

10   letter dated January 7, 2008, that was addressed to Plaintiff's counsel and Defendant, and

11   further admits that the letter stated that the Labor and Workforce Development Agency

12   did not intend to investigate the allegations made in the letter from Plaintiff's counsel

13   dated November 29, 2007.  Except as expressly admitted, Defendant denies the

14   allegations made in paragraph 65.

15       11.    In answer to Paragraphs 41, 46, 49, 51, 53, 56, and 63, Defendant

16   incorporates its answers to Paragraphs 1-62 of the Complaint herein by reference.

17       In further answer to Plaintiff's Complaint, and as separate and distinct affirmative

18   defenses, Defendant alleges as follows:

19                              **First Affirmative Defense**

20                         **(Failure to State a Claim – To All Claims)**

21       1.    Neither Plaintiff's Complaint nor any purported cause of action alleged

22   therein states a claim upon which relief can be granted.

23                              **Second Affirmative Defense**

24                         **(Statute of Limitations – To All Claims)**

25       2.    Plaintiff's claims, in whole or in part, are barred by the applicable statutes of

26   limitations, including, but not limited to, 29 U.S.C. § 255, California Code of Civil

27   Procedure §§ 338, 339, and 340, and California Business and Professions Code § 17208.

28

**Third Affirmative Defense**

**(Failure to Mitigate Damages – To All Claims)**

3.      Plaintiff and others similarly-situated have failed and continue to fail to mitigate or avoid their damages, if any, and, as a result, their recovery under the Complaint and each purported claim therein should be barred or decreased.

**Fourth Affirmative Defense**

**(Unclean Hands, Laches, Estoppel, and Waiver – To All Claims)**

4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and waiver.

**Fifth Affirmative Defense**

**(Failure to Follow Instructions – To All Claims)**

5.      Plaintiff's claims are barred, in whole or in part, because Plaintiff and other similarly-situated failed to follow Defendant's instructions.

**Sixth Affirmative Defense**

**(Plaintiff Was Exempt from Overtime Compensation and Meal and**

**Rest Break Premiums –**

**To First, Fourth, and Sixth Claims)**

6.      The claims made in the first, second, fourth, and sixth causes of action are barred in whole or in part because Plaintiff and those she seeks to represent were exempt from the overtime compensation and meal and rest break requirements contained in the California Labor Code and Wage Order 7 in that Plaintiff and some or all of those she seeks to represent were employed in an administrative, executive, or outside sales capacity within the meaning of the California Labor Code and/or Wage Order 7, and/or were commissioned employees within the meaning of Section 3(D) of Wage Order 7.

**Seventh Affirmative Defense**

**(Plaintiff Is Exempt From The Overtime Requirements of the FLSA**

**- To Fifth Claim)**

7.      The claim made in the fifth cause of action is barred in whole or in part

4

because Plaintiff and those she seeks to represent were exempt from the overtime compensation requirements of the FLSA pursuant to 29 U.S.C. § 213(a)(1), 29 U.S.C. § 213(b)(1), 29 C.F.R. §§ 541.100, *et seq.*; 29 C.F.R. § § 541.200, *et seq.*; 29 C.F.R. §§ 541.500, *et seq.*; and 29 C.F.R. § 541.601, in that Plaintiff and/or those she seeks to represent were employed in an administrative, executive, or outside sales capacity and/or were highly compensated employees and/or qualify for the Motor Carrier exemption within the meaning of the FLSA and applicable federal regulations.

## Eighth Affirmative Defense

### (Good Faith – To Second Claim)

8.      The claims for waiting time penalties should be denied because there is a good faith dispute as to whether any wages are due.

## Ninth Affirmative Defense

### (Good Faith – To Fifth Claim)

9.      The claims for liquidated damages should be denied because any act or omission of Defendants allegedly giving rise to Plaintiff's claims was in good faith and Defendant had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

## Tenth Affirmative Defense

### (Injunctive Relief Improper – To Sixth Claim)

10.      Plaintiff's claims for injunctive relief are barred because Plaintiff and those she seeks to represent have an adequate and complete remedy at law and/or Plaintiff and those she seeks to represent cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code §§ 1138.1, *et seq.*

## Eleventh Affirmative Defense

### (No Willfulness – To All Claims)

11.      Plaintiff and those she seeks to represent are not entitled to the relief requested in the Complaint because, even if unlawful actions occurred, which Defendant

1  denies, such conduct was prohibited by Defendant's policies and was not committed,

2  countenanced, ratified or approved by Defendant's managing agents.

3  **Twelfth Affirmative Defense**

4  **(Conduct Not Willful – To Fifth Claim)**

5  12.    Plaintiff's claims are barred in whole or in part because Defendant's actions

6  were not "willful" within the meaning of 29 U.S.C. § 255.

7  **Thirteenth Affirmative Defense**

8  **(Payment – All Claims for Relief)**

9  13.    The claims are barred because Plaintiff and the class she seeks to represent

10  have been paid all wages due and owed.

11  **Fourteenth Affirmative Defense**

12  **(Standing – All Claims for Relief)**

13  14.    Plaintiff's claims are barred because Plaintiff and those she seeks to

14  represent lack standing to assert them.

15  **Fifteenth Affirmative Defense**

16  **(Set Off – To All Claims)**

17  15.    Defendant is entitled to setoff, and/or to recoup, any monies paid to Plaintiff

18  or the putative class members.

19  **Sixteenth Affirmative Defense**

20  **(Accord and Satisfaction – To All Claims)**

21  16.    The claims are barred by the doctrine of accord and satisfaction.

22  **Seventeenth Affirmative Defense**

23  **(Lack Of Competitive Injury – To Sixth Claim for Relief)**

24  17.    Plaintiff lacks standing under Business and Professions Code Section 17200

25  *et seq.*, because neither she nor the alleged class has suffered any competitive injury.

26  **Eighteenth Affirmative Defense**

27  **(No Retroactivity – All Claims for Relief)**

28  18.    To the extent that certain or all of Plaintiff's causes of action rely in any part

6

on statutory amendments or additions during the class period, those amendments and additions are not retroactive and bar Plaintiff's claims and the claims of those she seeks to represent in whole or in part.

### Nineteenth Affirmative Defense

### (Release – To All Claims)

19.    Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or some or all of those she seeks to represent released Defendant from liability for some or all of the conduct alleged in the Complaint in exchange for valuable consideration.

### Twentieth Affirmative Defense

### (Res Judicata or Collateral Estoppel – To All Claims)

20.    Plaintiff's claims are barred, in whole or in part, because the same claims previously were made and resolved between the same parties.

### Twenty-First Affirmative Defense

### (Exclusions from Regular Rate – To All Claims)

21.    To the extent Plaintiff and those she seeks to represent are entitled to overtime compensation (which Defendant denies), the items listed in 29 U.S.C. § 207(e) must be excluded from Plaintiff's and those she seeks to represent regular rate of pay in calculating any overtime compensation due.

### Twenty-Second Affirmative Defense

### (Preemption – To Fifth Claim)

22.    To the extent Plaintiff's claims under California Business and Professions Code §§ 17200, *et seq.* purport to incorporate alleged violations of the FLSA, they are incompatible with and/or preempted by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as amended by the Portal-to-Portal Act, 29 U.S.C. § 251*, et seq.*

### Twenty-Third Affirmative Defense

### (Failure To Exhaust Administrative Remedies – Seventh Claim)

23.    Plaintiff has failed to exhaust the administrative remedies she is required to exhaust before she may bring a claim pursuant to the Labor Code Private Attorneys'

7

General Act, Cal. Lab. Code § 2698, *et seq.*

## Twenty-Fourth Affirmative Defense

### (Reservation of Rights – All Claims)

24.    Defendant has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.  Nothing stated herein constitutes a concession as to whether or not Plaintiff bears the burden of proof on any issue.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That Defendant be awarded its costs of suit, including reasonable attorneys' fees, according to proof; and

4.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: April 2, 2008                          JONES DAY


                                              By:  /S/ Aaron L. Agenbroad
                                                   Aaron L. Agenbroad

                                              Attorneys for Defendant
                                              CHEVRON STATIONS INC.

LAI-2938269v1