1    Deborah C. Saxe (State Bar No. 81719)
     dsaxe@jonesday.com
2    JONES DAY
     555 South Flower Street
3    Fiftieth Floor
     Los Angeles, CA  90071-2300
4    Telephone:     (213) 489-3939
     Facsimile:     (213) 243-2539
5
     Aaron L. Agenbroad (State Bar No. 242613)
6    alagenbroad@jonesday.com
     Catherine S. Nasser (State Bar No. 246191)
7    cnasser@jonesday.com
     JONES DAY
8    555 California Street
     26th Floor
9    San Francisco, CA  94104
     Telephone:     (415) 626-3939
10   Facsimile:     (415) 875-5700

11   Attorneys for Defendant
     CHEVRON STATIONS INC.
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16   Catherine Tremblay, individually and on      CASE NO. CV 07-6009 EDL
     behalf of all others similarly situated,
17                                                 DEFENDANT'S OPPOSITION TO
                         Plaintiff,                MOTION FOR CLASS
18                                                 CERTIFICATION OF COLLECTIVE
          v.                                       ACTION PURSUANT TO 29 U.S.C. §
19                                                 216(b)
     Chevron Stations, Inc., a Delaware
20   Corporation,                                  Date: May 6, 2008
                                                   Time: 9:00 a.m.
21                       Defendant.                Courtroom: E, 15th Floor

22                                                 Complaint Filed:  November 28, 2007

23
                                                   Hon. Elizabeth D. LaPorte
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ...................................................... 2

III.    STATEMENT OF FACTS ...................................................................................... 3

    A.      Procedural Facts ............................................................................................ 3

    B.      Substantive Facts .......................................................................................... 4

IV.     ARGUMENT ........................................................................................................... 5

    A.      Plaintiff Fails To Demonstrate That She Is "Similarly Situated" To The
    Class Of Employees She Seeks To Represent. ........................................... 6

        1.      Plaintiff Offers No Evidence Demonstrating A Class-Wide Policy
        Or Practice Of Failing To Consider A Shift Differential In
        Calculating The Overtime Rate .................................................................. 7

        2.      Plaintiff's Overtime Calculation Claims Require Highly
        Individualized Inquiries Inappropriate for Class Certification. ................. 8

    B.      The Court Should Deny Plaintiff's Motion Because The Geographic Scope
    Of The Proposed Collective Action Group Is Too Broad. .................................... 10

    C.      If This Court Orders A 216(b) Conditional Certification, The Conditional
    Class Definition Should Be Limited By Time, Geography, Job Description,
    Exemption Status And Similar Situation. ........................................................... 11

    D.      If This Court Grants Plaintiff's Motion In Any Respect, The Certification
    Should Be Conditional Only. .............................................................................. 12

    E.      Any Court-Authorized Notice Should Be Managed By A Neutral, Third-
    Party Service At Plaintiff's Cost. ........................................................................ 13

    F.      If The Court Authorizes Notice, Plaintiff's Proposed Notice Should Be
    Modified. ............................................................................................................ 14

V.      CONCLUSION. ...................................................................................................... 14

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Aguilar v. Ass'n for Retarded Citizens*
234 Cal. App. 3d 21 (1991)..................................................................................... 9

5

*Bd. of Trustees v. Super. Ct.*
6    119 Cal. App. 3d 516 (1981)................................................................................... 13

7

*Bell v. Farmers Ins. Exch.*
87 Cal. App. 4th 805 (2001) .................................................................................... 9

8

*Bell v. Super. Ct.*
9    158 Cal. App. 4th 147 (2007) .................................................................................. 9

10

*Bernard v. Household Int'l, Inc.*
231 F. Supp. 2d 433 (E.D. Va. 2002).......................................................... 6, 7, 10, 11

11

*Brooks v. Bellsouth Telecomm., Inc.*
12    164 F.R.D. 561 (N.D. Ala. 1995) (emphasis added),
*aff'd without opinion*, 114 F.3d 1202 (11th Cir. 1997).............................................. 6, 7

13

*Castle v. Wells Fargo Fin., Inc.*
14    No. C 06-4347 SI, 2008 WL 495705, at * 2 (N.D. Cal. Feb. 20, 2008) ...................... 6

15

*Desert Palace, Inc. v. Costa*
539 U.S. 90 S. Ct. 2148, 156 L. Ed. 2d 84 (2003) .................................................. 12

16

*Dybach v. Fla. Dep't of Corr.*
17    942 F.2d 1562 (11th Cir. 1991)................................................................................ 6

18

*Eisen v. Carlisle & Jacquelin*
417 U.S. 156 (1974)............................................................................................... 14

19

*England v. New Century Fin. Corp.*
20    370 F. Supp. 2d 504 (M.D. La. 2005) .................................................................... 10

21

*Flores v. Lifeway Foods, Inc.*
289 F. Supp. 2d 1042 (N.D. Ill. 2003) ..................................................................... 8

22

*H&R Block, Ltd. v. Houdsen*, 186 F.R.D. 399 (E.D. Tex. 1999)................................... 6

23

*Harper v. Lovett's Buffet, Inc.*
24    185 F.R.D. 358 M.D. Ala. 1999) ...................................................................... 10, 12

25

*Haynes v. Singer Co.*
696 F.2d 884 (11th Cir. 1983).................................................................................. 5

26

*Heights Cmty. Congress v. Veterans Admin.*
27    732 F.2d 526 (6th Cir. 1984)................................................................................... 13

28

1

# TABLE OF AUTHORITIES

2

Page

3    *Hoffman-La Roche Inc. v. Sperling*
        493 U.S. 165 (1989) ..................................................................................... 5, 11, 14
4
     *Levinson v. Primedia, Inc*.
5        No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) ....................... 8
6    *Marsh v. Butler County Sch. Sys*.
        242 F. Supp. 2d 1086 (M.D. Ala. 2003)(emphasis added) ........................................ 7
7
     *Mooney v. Aramco Svcs. Co*.
8        54 F.3d 1207 (5th Cir. 1995)........................................................................... 12, 13
9    *Pfohl v. Farmers Ins. Group*
        No. CV03-3080 DT, 2004 WL 554834, at *2 (C.D. Cal. March 1, 2004) ................................ 6
10
     *Ray v. Motel 6 Operating, Ltd*.
11       No. 3-95-828, 1996 WL 938231 (D. Minn. March 18, 1996), at *4 ........................................ 10
12   *Reich v. Homier Distrib. Co*.
        362 F. Supp. 2d 1009 (N.D. Ind. 2005) .................................................................. 8
13
     *Sheffield v. Orius Corp*.
14       211 F.R.D. 411 (D. Or. 2002) .......................................................................... 10
15   *Tucker v. Labor Leasing, Inc*.
        872 F. Supp. 941 (M.D. Fla. 1994)...................................................................... 10
16
     *U.S. States Dep't of Defense v. Fed. Labor Relations Auth*.
17       510 U.S. 487 (1994)..................................................................................... 13
18   *White v. Osmose, Inc*.
        204 F. Supp. 2d 1309 (M.D. Ala. 2002) ................................................................. 6
19
     *Wine Hobby, U.S.A. v. IRS*
20       502 F.2d 133 (3rd Cir. 1974) ........................................................................... 13
21   *Yamaha Corp. v. State Bd. of Equalization*
        19 Cal. 4th 1 (1998) ................................................................................... 9
22

23

**Statutes**

24

29 U.S.C. § 255(a) .......................................................................................... 11
25
29 U.S.C. Section 216(b) ................................................................................. passim
26

27

28

# TABLE OF AUTHORITIES

**Page**

**Other**

Department of Labor Standards Enforcement Policies and Interpretations Manual ("DLSE Manual"), 49.1.2.4(8)..........................................................................................................9


**Rules**

Federal Rule of Civil Procedure 26(a) (1).........................................................................3

Local Rules 7-2(b) ..............................................................................................................2

Local Rules 7-2(c) ..............................................................................................................2

Local Rules 7-4 ...................................................................................................................2


**Regulations**

29 CFR § 778.201 ...............................................................................................................9

29 CFR § 778.202 ...............................................................................................................9

29 CFR § 778.224 ...............................................................................................................9

1  **I.    INTRODUCTION**

2         In her Motion for Certification of Collective Action ("Motion"), Plaintiff Catherine

3  Tremblay ("Tremblay" or "Plaintiff") asks this Court to issue an order certifying a conditional

4  class of thousands of current and former employees who worked in over 400 service stations in

5  California, Florida, Hawaii, Oregon and Washington.  However, in support of her request to

6  certify this broad and diverse class, Plaintiff relies <u>solely</u> on her own complaints of improper

7  wage calculations and points to a single instance of an alleged miscalculation.  Indeed, Plaintiff

8  relies exclusively on: 1) her own vague declaration (that fails to allege any common practice); 2)

9  one timesheet and a few pay stubs detailing a single alleged pay violation; and 3) an "expert"

10 declaration that pontificates upon what calculations could be derived from a hypothetical records

11 review.

12        Plaintiff fails to offer any evidence that any other Chevron employee was "similarly

13 situated" to her, fails to submit a declaration from even a single purported class member, and

14 admits she has no knowledge of the practices and policies at any other Chevron station in

15 California or elsewhere.  Even applying the most lenient of standards, all Plaintiff advances is that

16 *her* overtime rate was miscalculated on a *single* occasion.  Because Plaintiff fails to offer any

17 evidence of other "similarly situated" employees, and her evidence is limited to a single, isolated

18 incident impacting only her, Plaintiff's Motion should be denied.

19        Moreover, even if Plaintiff could overcome her evidentiary failings, the allegations in her

20 motion demonstrate the highly individualized nature of her FLSA claim and negate the existence

21 of any similarly situated class.  Specifically, Plaintiff's reliance upon time sheets and missed meal

22 periods in calculating the appropriate "regular rate" necessitates an employee-by-employee

23 inquiry into, *inter alia*, the number of hours an employee worked, during which shifts those hours

24 were worked, whether meal periods were recorded as missed and whether those meal periods

25 were missed in fact.  This highly specific review of each employee, and his or her time sheets and

26 work habits, proscribes class treatment.

27

28

1    Finally, even assuming *arguendo* that Plaintiff's Motion could be granted, the scope of

2    any notice and opt-in process must be limited.  Specifically, the Court should exercise its

3    discretion to establish the following safeguards:

4    • the Court should limit the scope of any notice to include only individuals similarly

5      situated to Plaintiff during the relevant statutory time period;

6    • the Court should order collective action certification only conditionally, pending the

7      completion of discovery and a full factual determination as to whether anyone is

8      similarly situated to Plaintiff;

9    • to avoid potential disputes about misuse of the notice procedure by either party, a

10     neutral third-party administration service -- *e.g.*, Gilardi & Co., as suggested by

11     Plaintiff -- should be used, at Plaintiff's expense, to send and receive Court-authorized

12     notices to potential opt-in plaintiffs;

13   • to protect the privacy of potential opt-in plaintiffs, Defendant should be required to

14     disclose names and addresses of potential opt-in plaintiffs only to the third-party

15     service approved by the Court; and

16   • in the interests of providing neutral and balanced information to potential plaintiffs,

17     Plaintiff's proposed notice should be revised.

18   At bottom, the individualized inquiry required by Plaintiff's allegations, as well as her

19   complete evidentiary failing on the existence of similarly situated individuals, precludes the class

20   certification she seeks.[1]

21   **II.    STATEMENT OF ISSUES TO BE DECIDED**

22   1.    Should this case be conditionally certified as a collective action under Section

23   16(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), 29 U.S.C. § 216(b),

24   and notice be sent to the putative class?

25

26   _____

27   [1] As an additional, initial matter, Plaintiff's Motion is procedurally flawed as it fails to adhere to Local Rules 7-2(b) (single filed document), and 7-2(c) (proposed order), and 7-4 (concise statement of issues; statement of facts).  Accordingly, Plaintiff's Motion fails both

28   procedurally and substantively.

1    2.    If the case is conditionally certified as a collective action, what is the appropriate

2    scope of the certification and notice?

3    3.    If the case is conditionally certified as a collective action, should the notice be sent

4    by a third-party administrator, at Plaintiff's cost, without disclosing the names and addresses of

5    current and former employees to Plaintiff?

6    4.    If the case is conditionally certified as a collective action, what information should

7    be included in the notice?

8    ## III.    STATEMENT OF FACTS

9    ### A.    Procedural Facts

10    Plaintiff filed a Complaint against Defendant Chevron Stations Inc. ("Chevron" or

11    "Defendant") on November 28, 2007, and an Amended Complaint on March 13, 2008.  Docket

12    Nos. 1, 23.  In her First Amended Complaint ("FAC"), Plaintiff alleges a single cause of action

13    under the FLSA for minimum and overtime wages on behalf of "<u>all individuals who were</u>

14    <u>employed by Defendant</u>."  FAC, ¶¶ 37, 55 (emphasis added).  Plaintiff's collective class

15    definition is not limited by geographical location, job title, FLSA exemption status, statutory time

16    period or similarity to Plaintiff.[2]

17    Defendant answered the Complaint and the Amended Complaint and the parties

18    exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) (1).  No written

19    discovery has been exchanged.  On March 14, 2008, Plaintiff was deposed and no further

20    depositions have been taken.

21

22

23    _____

[2] Despite this broad definition in her Amended Complaint, Plaintiff's Motion seeks to

24    redefine the collective class as consisting of all "employees whose overtime was underpaid due to Chevron's failure to compute properly the correct overtime rate."  Memo in Support of Motion,

25    1:21-23.  Plaintiff's Motion and proposed notice appears to further limit her class to <u>California</u> employees.  *Id.*, at 1:20-21. ("Plaintiff and the putative California Collective-Action

26    Members…"); Harris Declaration in Support of Plaintiff's Motion, Exhibit 4 ("all natural persons who were employed by Chevron Stations, Inc. ("Chevron") in California service stations during

27    the relevant period.").  Based upon these definitions in aggregate, the resulting class sought appears to consist of "all California employees whose overtime was underpaid due to Chevron's

28    failure to properly compute the correct overtime rate," although the contrasting definitions render it unclear.

1    **B.    Substantive Facts**

2    As of April 8, 2008, Defendant employed 4,054 individuals primarily in 417 service

3    stations spread across five states.  Declaration of Ruth E. McDonald, ¶ 2.  Of this total, 3,273

4    employees are full-time (32 hours or more a week) and 781 employees are part time (less than 32

5    hours per week).  *Id.*, ¶ 3.  These employees work in a variety of service station jobs including,

6    Cashier, Lead Cashier, Assistant Manager and Manager job titles.  *Id.*, ¶ 4.  Defendant also

7    employs non-service station personnel, including: Trainers, Auditors, Acting Business

8    Consultants and OE Specialists.  *Id.*  Some of these individuals are exempt from the overtime

9    compensation requirements of the FLSA, while others are non-exempt.  *Id.*  Plaintiff seeks to

10   represent all these individuals without distinction as to geographic location, job title or exemption

11   status.  FAC, ¶ 37 ("all individuals who were employed by Defendant.")

12   For approximately four months, from December 18, 2006 until April 8, 2007, Plaintiff

13   worked as a cashier (also known as a customer service representative) at Chevron station No.

14   1759, located in Santa Rosa, California (the "Santa Rosa Station").  FAC, ¶ 4.  Plaintiff remained

15   in the position of cashier throughout her employment.  Deposition of Catherine Tremblay

16   ("Tremblay Dep."), 81:25-82:5, appended to the attached Declaration of Aaron Agenbroad

17   ("Agenbroad Dec.") as Exhibit A.  As a cashier, Plaintiff variously worked day and night shifts,

18   earning $8.50 per hour for day shifts and $9.00 per hour for night (graveyard) shifts.  Memo in

19   Support of Motion, p. 2:25-27.  In total, Plaintiff was employed by Defendant for sixteen weeks,

20   receiving one paycheck for each week worked.  Plaintiff was never previously employed by

21   Defendant and accordingly the Santa Rosa Station is the only Chevron location at which she

22   worked.  FAC, ¶ 4.  During her employment, Plaintiff worked with approximately six to eight

23   other Chevron employees at the Santa Rosa Station, including Cashiers, Assistant Managers, and

24   Managers.  Tremblay Dep. 84:1-12.

25   In support of her Motion, Plaintiff submits the following evidence: (1) her own two page

26   declaration addressing her individual complaints (with attached print screens of her pay stubs);

27   and (2) an "expert" declaration by Dr. Andrew Safir, analyzing a single timesheet and pay stub

28   belonging to Plaintiff and hypothesizing about an analysis he could conduct upon review of

1    additional time records.  Plaintiff submits no further evidence and admits that she has no

2    knowledge of Defendant's policies or practices at any Chevron station in California other than the

3    Santa Rosa Station.  Tremblay Dep. 117:1-7; 117:20-24; 119:17-23.  Tremblay additionally

4    concedes that she has no knowledge of Chevron's practices or procedures at its stations located in

5    Florida, Hawaii, Oregon or Washington.  *Id.*

6    **IV.    ARGUMENT**

7            While Plaintiff's burden of establishing the existence of the similarly situated class

8    members required for certification is not high, that burden does in fact exist, and it's a burden

9    Plaintiff has entirely failed to meet here.  Specifically, the Court should deny Plaintiff's Motion

10   because she has failed to meet her burden of showing that: (1) there is any common policy or

11   practice applicable to Plaintiff and the class she seeks to represent; 2) that Plaintiff is similarly

12   situated to any other member of her proposed collective class; 3) that a collective action would

13   promote the efficient resolution of this case; or 4) that Court-assisted notice would be proper,

14   especially to such a broad class.

15          In *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989), the Supreme Court,

16   addressed FLSA Section 16(b), and confronted the "narrow question [of] whether…district courts

17   may play <u>any</u> role in prescribing the terms and conditions of communication from the named

18   plaintiffs to the potential members of the class on whose behalf the collective action has been

19   brought." (Emphasis added.)  The Court held that "district courts have <u>discretion, in appropriate</u>

20   <u>cases</u>, to implement 29 U.S.C. § 216(b)…actions by facilitating notice to potential plaintiffs."  *Id.*

21   (emphasis added); *see also Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983) ("the power

22   to authorize notice must, however, be exercised with discretion and only in appropriate cases.").

23   The Court highlighted that an "appropriate case" only arises in instances where the plaintiffs have

24   shown that there are "other employees similarly situated" <u>and</u> where "the judicial system would

25   benefit[] by efficient resolution in one proceeding of common issues of law and fact arising from

26   the same alleged discriminatory activity."  *Id.* at 170.[3]  Tremblay fails to satisfy either

27   ───────────────

             [3] In *Hoffman-La Roche*, this standard was met because each potential plaintiff was
28   terminated in a single, massive reduction in force.  Nonetheless, the Supreme Court left the
     contours of the "similarly situated" requirement undecided.

1    requirement as she advances no evidence of a common practice, a common policy, or the

2    existence of any similarly situated employee.  Moreover, her base allegations belie the existence

3    of any judicial efficiency due to the highly individualized inquiries requisite to her claims.  Either

4    of these failings individually, and certainly both taken in tandem, preclude the certification

5    Plaintiff seeks.

6            **A.**        **Plaintiff Fails To Demonstrate That She Is "Similarly Situated" To The Class Of Employees She Seeks To Represent.**

7    Collective certification is not automatic and merely citing to Section 216(b) does not

8    entitle a plaintiff to proceed with a collective action.  Rather, "[a] plaintiff bears the burden of

9    establishing that he and the class he wishes to represent are similarly situated." *White v. Osmose,*

10    *Inc.*, 204 F. Supp. 2d 1309, 1313 (M.D. Ala. 2002); *see also Dybach v. Fla. Dep't of Corr.*, 942

11    F.2d 1562, 1567-68 (11th Cir. 1991) (noting that "the district court should satisfy itself that there

12    are other employees of the department-employer who desire to 'opt-in' and who are 'similarly

13    situated'"); *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2008 WL 495705, at * 2 (N.D.

14    Cal. Feb. 20, 2008) (Plaintiff bears the burden of demonstrating a "reasonable basis" for their

15    claim of class-wide discrimination); *Pfohl v. Farmers Ins. Group*, No. CV03-3080 DT, 2004 WL

16    554834, at *2 (C.D. Cal. March 1, 2004) (same)**.**

17    Moreover, a plaintiff "may not maintain a representative action under Section 216(b)

18    unless <u>all</u> the employees represented are similarly situated."  *Brooks v. Bellsouth Telecomm., Inc.*,

19    164 F.R.D. 561, 567 (N.D. Ala. 1995) (emphasis added), *aff'd without opinion*, 114 F.3d 1202

20    (11th Cir. 1997).  Conclusory affidavits are not sufficient; rather substantial evidence is required

21    to show similarity among <u>all</u> individuals in the proposed group.  *See Bernard v. Household Int'l,*

22    *Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) ("[m]ere allegations will not suffice; some factual

23    evidence is necessary"); *H&R Block, Ltd. v. Houdsen*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)

24    (unsupported factual assertions are not sufficient)..

25    The FLSA does not define the term "similarly situated," and the Ninth Circuit has not

26    addressed the issue.  *Pfohl*, 2004 WL 554834, at *2.  When only limited discovery has been

27    completed, the standard for conditional certification is somewhat lenient.  *Id*.  However, a

28

1   standard for conditional certification exists nonetheless.  At this stage, a plaintiff "must make

2   some rudimentary showing of commonality between the basis for his claims and that of the

3   potential claims of the proposed class, beyond the mere facts of job duties and pay provisions…."

4   *Marsh v. Butler County Sch. Sys.*, 242 F. Supp. 2d 1086, 1093 (M.D. Ala. 2003)(emphasis

5   added).

6           Plaintiff fails these tests in every regard.  She fails to advance evidence that she is

7   similarly situated to even one purported class member – let alone "all the employees [to be]

8   represented."  *See Brooks*, 164 F.R.D. at 567.  She fails to advance any evidence – much less the

9   required factual evidence – of a common practice, policy or injury suffered by other individuals.

10  *See Bernard,* 231 F. Supp. 2d at 435.  In fact, she fails to advance evidence of anything other than

11  alleging a single, isolated miscalculation of her overtime rate during her four months of

12  employment with Chevron.  Plaintiff's allegations and reliance upon a single instance of

13  underpayment cannot support the certification of any collective action.

14                      **1.    Plaintiff Offers No Evidence Demonstrating A Class-Wide Policy Or
                               Practice Of Failing To Consider A Shift Differential In Calculating
15                             The Overtime Rate.**

16          Tremblay variously worked day and night shifts and her pay was subject to a shift

17  differential: her daytime rate was $8.50 per hour, and her nighttime rate was $9.00 per hour.

18  Plaintiff claims that her overtime rate was miscalculated as Chevron failed to blend her higher

19  wage rate into the equation.  Memo in Support of Motion, 5:2-5.  Plaintiff further contends that

20  "all employees who worked the graveyard shift have had their undisputed overtime hours

21  compensated at an artificially low level" for this same reason.  *Id*., 5:6-7.  To prove this, Plaintiff

22  submits a single timesheet and corresponding pay stub, representing a one-time, isolated

23  occurrence in which she suggests her overtime rate was miscalculated.  Assuming a conditional

24  class of only Defendant's current employees (4,054) and a two-year statutory period, this data

25  represents a 0.0000023 percentage of all instances of weekly rate calculations.  This percentage

26  gets substantially smaller if former employees are included.  Plaintiff offers no additional

27  declarations, no evidence of a common policy or practice of miscalculating overtime, and no

28  indication the alleged miscalculation happened to her more than on just this single occasion.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S          7                    CASE NO. CV 07-6009 EDL
MOTION FOR CLASS CERTIFICATION

1    This paltry support fails to provide any indicia of a broad-based Company policy or plan.

2    Assertions related only to an individual's own circumstances are insufficient under Section

3    216(b).  *See, e.g., Levinson v. Primedia, Inc.*, No. 02 Civ. 2222 (CBM), 2003 WL 22533428, at

4    *2 (S.D.N.Y. Nov. 6, 2003) (rejecting notice because the named plaintiffs failed to support their

5    request "with a factual showing that extends beyond their own circumstances"); *Flores v. Lifeway*

6    *Foods, Inc*., 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003) (rejecting motion to notify, holding that

7    "a demonstration of [the defendant's] payment practice concerning two out of fifty employees

8    (four percent of Defendant's workforce) does not rise to the level of a common policy or plan").

9    Moreover, Plaintiff's claims relate only to her experience at the Santa Rosa Station and she

10   concedes that she has no knowledge of the policies and practices at any other station in

11   California, or any other state.  Tremblay Dep., 117:1-7; 117:20-24; 119:17-23.  Because Plaintiff

12   advances no evidence that she is similarly situated to any member of the conditional class she

13   seeks to represent – let alone *every* member of that class as required for 216 certification – her

14   Motion should be denied.[4]

15             **2.    Plaintiff's Overtime Calculation Claims Require Highly Individualized**
                       **Inquiries Inappropriate for Class Certification.**
16
17        In addition to Plaintiff's failure to advance evidence of any common policy, common

18   practice or similarly situated class members, Tremblay's Motion additionally fails due to the

19   individualized nature of her claims.  Specifically, in support of her Motion, she asserts that

20   Chevron miscalculated the overtime rate for her and other individuals receiving the differential

21   pay rate for their nightshift work.  However, her claim is predicated upon the theory that Chevron

22   improperly failed to include payments for missed meal breaks in calculating overtime rates.  This

23   miscalculation argument requires an employee-by-employee assessment that precludes collective

24   certification.  *See, e.g*., *Reich v. Homier Distrib. Co.*, 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind.

25   2005) (refusing to conditionally certify where defendant's liability to any particular plaintiff

26
27        [4] Moreover, the actual damages alleged by Plaintiff are de minimis.  The single timesheet
     and corresponding pay stub submitted by Plaintiff show a $0.375 miscalculation on a single
28   occasion.  Accordingly, Plaintiff's direct damage on her FLSA overtime claim – the claim on
     which she presently seeks to represent thousands of other employees – is less than fifty cents.

1    would depend on a set of facts specific to that individual); *Bell v. Super. Ct.*, 158 Cal. App. 4th

2    147, 170 (2007) (common issues do not predominate on meal and rest period claims). [5]

3        Under Plaintiff's theory, the adjudication of the claim will require a calculation of <u>each</u>

4    class member's regular rate based on the number of meal periods and rest breaks missed by that

5    one employee during each and every week that employee worked any overtime.  Because

6    employees sporadically miss and/or fail to report their meal periods, the calculation of the regular

7    rate for any specific employee will be highly individualized and unsuitable for collective

8    treatment.  Specifically, such an analysis will require a review of each employee's timecards,

9    personal recollection and any existing station video footage to ascertain the number of meal

10   periods actually missed.  As the testimony of at least one potential class member demonstrates,

11   the accuracy of employee timesheets in connection with meal periods is spotty and subject to both

12   intentional and inadvertent error.  *See* Deposition of Harold Eugene Morris (testimony related to

13   missing and/or not recording meal periods), at 477:12-22 (failure to properly record meal period

14   he took because he was angry at management); 510:8-11, 17-22 (his ability to take meal periods

15   differed depending on which manager he was working for); 493:2-20 (his ability to take meal

16   period varied depending on other employees on shift), appended to the attached Declaration of

17

---

18       [5] This assumes Plaintiff can prevail in her argument that payments for missed meal periods can be included in calculating an employee's regular rate – a dubious proposition at best. *See* Department of Labor Standards Enforcement Policies and Interpretations Manual ("DLSE

19   Manual"), 49.1.2.4(8); *see also* 29 CFR §§ 778.201, 778.202, 778.224.  The DLSE Manual lists eight categories of payments to be excluded, including premiums for missed meal periods and rest

20   breaks.  *Id.*  In discussing these exclusions, the Manual states, in pertinent part:

21           <u>Reporting time pay, extra hour for failure to provide meal period,
             extra hour for failure to provide break and split shift pay need not
             be included.</u>  In Murphy v. Kenneth Cole (2007) 2007 WL

22           1111223, the Court indicated that meal period pay, rest period pay,
             reporting time pay and split shift premium are all forms of pay

23           similar to overtime premium. <u>Because these payments are in the
             nature of premiums required by law, they are not included in
             computing the regular rate of pay</u> on the same basis that overtime

24           premium is not included in regular rate calculations. (See 29 CFR
             §§ 778.201, 778.202 and 778.224).

25

26   *Id.* (emphasis added.)  This Court should follow the DLSE's guidance.  *See, e.g. Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805 (2001), *quoting, Aguilar v. Ass'n for Retarded Citizens*, 234 Cal.

27   App. 3d 21, 28 (1991); *Yamaha Corp. v. State Bd. of Equalization*, 19 Cal. 4th 1, 21 (1998) ("[a]s a general rule, the courts defer to the agency charged with enforcing a regulation when

28   interpreting a regulation because the agency possesses expertise in the subject area.")

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S          9          CASE NO. CV 07-6009 EDL
MOTION FOR CLASS CERTIFICATION

1   Aaron Agenbroad ("Agenbroad Dec.") as Exhibit B.  Because under Plaintiff's theory a detailed

2   analysis of meal periods recorded, taken and missed would be required to calculate any

3   individual's "regular rate," these employees are not similarly situated and there is no judicial

4   benefit to the collective adjudication of their claims.  Accordingly, Plaintiff's Motion should be

5   denied.

6       **B.    The Court Should Deny Plaintiff's Motion Because The Geographic Scope Of
            The Proposed Collective Action Group Is Too Broad.**

7
        Courts often refuse to order Section 216(b) notice to a nationwide or geographically broad
8
    class, especially where the plaintiff only presents evidence regarding alleged practices in a limited
9
    number of locations and states. *See Bernard*, 231 F. Supp. 2d at 433; *McQuay v. American Int'l*
10
    *Group, Inc*., No: 4:01CV00661 WRW, 2002 WL 31475212, at *3 (E.D. Ark. 2002) (limiting
11
    notice to employees in 2 states as plaintiffs failed to establish that employees "at other
12
    locations…are similarly situated"); *Ray v. Motel 6 Operating, Ltd.*, No. 3-95-828, 1996 WL
13
    938231 (D. Minn. March 18, 1996), at *4 (action cannot be maintained as a class action where
14
    individuals were employed in five regions, at thirty-nine locations, in twenty states).  Simply
15
    making an unsupported allegation of a nationwide or regional policy cannot justify multi-state
16
    notice.  *See Tucker v. Labor Leasing, Inc*., 872 F. Supp. 941, 949 (M.D. Fla. 1994); *England v.*
17
    *New Century Fin. Corp.,*  370 F. Supp. 2d 504, 511 (M.D. La. 2005) (no evidence of a nationwide
18
    illegal policy involving alleged claims; conditional certification denied).
19
        In *Bernard*, the court found that the employer's centralized payroll system was not
20
    enough, standing alone, to prove "similarly situated."  *Bernard*, 231 F. Supp. 2d at 435-436; *see*
21
    *also McQuay*, 2002 WL 31475212, at *3 (limiting notice to employees in 2 out of 28 states
22
    because of insufficient evidence regarding practices in excluded states); *Harper v. Lovett's Buffet,*
23
    *Inc.*, 185 F.R.D. 358, 363 (M.D. Ala. 1999) (granting conditional certification limited to
24
    employees at single restaurant, because plaintiffs offered no proof of corporate plan to violate
25
    wage and hour requirements at all locations); *Sheffield v. Orius Corp.,* 211 F.R.D. 411, 413 (D.
26
    Or. 2002) (denying certification where putative class members were employed by different
27

28

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S                    10                    CASE NO. CV 07-6009 EDL
MOTION FOR CLASS CERTIFICATION

1  subsidiaries and affiliates of the defendant, worked at nine different job sites, and where

2  declarations submitted by plaintiffs represented only a small portion of proposed putative class.)

3      In the instant action, Plaintiff offers evidence of a single instance of an overtime rate

4  calculation for <u>one</u> employee at, <u>one</u> of Defendant's 417 stations, in <u>one</u> of five states.  She offers

5  no evidence of employee rate calculations at any of Chevron's other 416 stations.  As in *Bernard*,

6  allegations of an employer's centralized payroll system is not enough to prove "similarly

7  situated" status.  Because Plaintiff's evidence is wholly limited to <u>one</u> instance, in <u>one</u> location, in

8  <u>one</u> state, this Court should deny her Motion.

9      **C.   If This Court Orders A 216(b) Conditional Certification, The Conditional
          Class Definition Should Be Limited By Time, Geography, Job Description,**
10        **Exemption Status And Similar Situation.**

11      Plaintiff asks this Court to compel Defendant "to disclose…the identities and last known

12  addresses of <u>each of the persons, other than the named Plaintiff herein, who worked for it</u>" so she

13  can give notice to potential opt-in plaintiffs.  Memo in Support of Motion, 12:19-25.  This request

14  is plainly overbroad, encompassing thousands of employees who are not in any way similarly

15  situated to Plaintiff.  If this Court permits conditional certification and court-authorized notice,

16  the putative class should be limited to those found to be <u>similarly-situated</u> to Plaintiff.  *See*

17  *Hoffman-La Roche Inc*., 493 U.S. at 172-73.  The limitations should include:

18      • <u>Time</u>: The Complaint in this case was filed on November 28, 2007, and there is a two-

19        year statute of limitations for FLSA claims.  *See* 29 U.S.C. § 255(a).[6]  Accordingly,

20        notice of the Section 216(b) collective action, if any, should not be sent to anyone who

21        last worked for Defendant prior to November 28, 2005, which is two years before the

22        Complaint was filed.

23      • <u>Geography</u>:  Plaintiff only presented evidence regarding alleged practices in one

24        location (Santa Rosa) in one state (California).  Certification and any court-authorized

25

26      _____
          [6] The statute of limitations is extended to three years if the FLSA violation is found to be
27  willful.  29 U.S.C. § 255(a).  Plaintiff's evidence – an alleged miscalculation on a single
    timesheet – provides no indication whatsoever of any willfulness to deny proper payment of
28  wages.  Plaintiff concedes this point by failing to raise any allegations of willfulness in her
    Motion.

1    notice should be limited to current and former employees who worked for Defendant

2    in its Santa Rosa Station.[7]

3    • Exemption Status:  Plaintiff's purported class should be limited to employees deemed

4      non-exempt under applicable Federal and State law as they are the only employees

5      entitled to overtime compensation.[8]

6    • Similarly Situated:  The only individuals who are even arguably similarly situated to

7      Plaintiff are those (if any) who were underpaid overtime wages because of

8      Defendant's failure to consider shift differentials in calculating the regular rate.  This

9      group is limited to current and former employees who: (1) worked a day shift and a

10     graveyard shift in the same workweek (earning a shift differential); and (2) worked

11     overtime hours on the graveyard shift.  Accordingly, if notice is permitted, it should be

12     limited to employees who meet these shift-based criteria.

13   Absent these limiting parameters, Plaintiff's notice would issue to thousands of current

14   and former employees who are not similarly situated to Plaintiff, have no stake in this case, and

15   ultimately would be barred from recovery.

16   **D.    If This Court Grants Plaintiff's Motion In Any Respect, The Certification Should Be Conditional Only.**

17

18   If, despite the deficiencies in Plaintiff's evidence, this Court grants Plaintiff's Motion, the

19   Court should order certification only conditionally, pending completion of discovery.  Where a

20   court orders notice to potential Section 216(b) plaintiffs at the "notice stage" -- *i.e.*, based on the

21   pleadings and affidavits -- only conditional certification is appropriate because a court has

22   minimal evidence and is applying a lenient standard.  *See Mooney v. Aramco Svcs. Co.*, 54 F.3d

23   1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539

24   U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003).  Because of the paucity of evidence and

25   relaxed standard applied at the "notice stage," it is inappropriate for a determination of the merits

26   [7]*See Harper*, 185 F.R.D. at 363 (granting conditional certification limited to employees at single restaurant, because plaintiffs offered no proof of corporate plan to violate wage and hour requirements at all locations).

27

28   [8] Plaintiff's current class definition of "all individuals employed by Defendant" would include a number of exempt personnel.  *See McDonald Dec.*  at 4.

of plaintiff's claims at this stage.  *See id.* at 1214.  Plaintiff concedes as much in her Motion.  *See* Memo in Support of Motion, at 9:21-10:24.

Only at the second stage, after discovery is complete and a court has enough information on which to make a factual determination on the "similarly-situated" question, should a court decide whether to allow the action to proceed to trial as a collective action or decertify the class and dismiss the opt-in plaintiffs without prejudice.  *Mooney v. Aramco Svcs. Co.*, 54 F.3d at 1213-14.

**E.     Any Court-Authorized Notice Should Be Managed By A Neutral, Third-Party Service At Plaintiff's Cost.**

If this Court permits notice, it should be mailed by a Court-appointed third-party administrator who will ensure that confidential, private employee information is protected. If a current or former employee chooses to opt-in to this action, he or she can voluntarily disclose his or her name and address to Plaintiff on the consent form attached to the notice. If an individual chooses not to participate in the action, his or her private information is protected from unwarranted and unauthorized disclosure.

Under various states' laws, employers must protect the confidential nature of the personnel information entrusted to it by their employees. *See e.g., Bd. of Trustees v. Super. Ct.*, 119 Cal. App. 3d 516, 525-26 (1981) ("The custodian [of the private information] has the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is the subject of [it] is entitled to expect that his right will thus be asserted").  Similarly, federal courts have held that individuals have a privacy interest in not having names and addresses disclosed without their consent, including by their employers and even to individuals seeking to represent their interests. *U.S. States Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 501 (1994); *see also Heights Cmty. Congress v. Veterans Admin.*, 732 F.2d 526, 529-30 (6th Cir. 1984); *Wine Hobby, U.S.A. v. IRS*, 502 F.2d 133, 137 (3rd Cir. 1974).

Plaintiff asks the Court to require Defendant to disclose the identities and last known addresses of its current and former employees so she can give notice to potential opt-in plaintiffs. Memo in Support of Motion, 12:19-25.  Such notice should be handled and mailed by a third-party administrator (as suggested by Plaintiff, Memo in Support of Motion, 19:19-26) at

1    Plaintiff's expense.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178-79 (1974) ("[t]he usual

2    rule is that a plaintiff must initially bear the cost of notice to the class.")

3
4    **F.    If The Court Authorizes Notice, Plaintiff's Proposed Notice Should Be Modified.**

5         In *Hoffman-La Roche*, 493 U.S. at 172-73, the United States Supreme Court held that

6    district courts have discretion to approve the notice that will be sent to those found to be

7    similarly-situated to the named plaintiffs.  Although no particular language must be used in the

8    notice, the notice must be both accurate and informative. *Id* at 172.  In addition, because the

9    Court must be scrupulous to respect judicial neutrality, it must take care to avoid even the

10   appearance of judicial endorsement of the merits of the action. *Id*. at 174.

11        Defendant has modified the notice proposed by Plaintiff to make it more accurate and to

12   ensure judicial neutrality.  The revised notice is attached to the accompanying Declaration of

13   Aaron L. Agenbroad as Exhibit C.  For the convenience of the Court and counsel for Plaintiff,

14   Defendant also has prepared a redlined version to show changes they made to the notice proposed

15   by Plaintiff.  The redlined version is attached to the Declaration of Aaron L. Agenbroad as

16   Exhibit D.

17   **V.    CONCLUSION.**

18        For the foregoing reasons, this Court should deny Plaintiff's Certification Motion and

19   request for notice pursuant to 29 U.S.C. section 216(b).

20   Dated: April 15, 2008                         JONES DAY

21
22                                                 By:    /S/ Aaron L. Agenbroad
23                                                        Aaron L. Agenbroad

24                                                 Attorneys for Defendant
                                                   CHEVRON STATIONS INC.
25

26
     SFI-581414v4
27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S          14                    CASE NO. CV 07-6009 EDL
MOTION FOR CLASS CERTIFICATION