# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CATHERINE TREMBLAY, individually
and on behalf of all others
similarly situated,

                    Plaintiffs,

vs.                                        No. CV 07-6009- EDL

CHEVRON STATIONS, INC., a
Delaware corporation,
                                           CERTIFIED
                                           COPY
                    Defendant.

---

DEPOSITION OF CATHERINE TREMBLAY

San Francisco, California

Friday, March 14, 2008

REPORTED BY:
LYNNE LEDANOIS
CSR No. 6811

Job No. 84495

CATHERINE TREMBLAY

1    you had to be at work and what time, so your shift

2    should be the same as that hours.  And then if it's an

3    hour, hour and a half, then they said that they would

4    adjust your hourly wage.  If there was a variance of

5    excess time, then it would be adjusted.  So if it is

6    adjusted, that I see that the wages are paid accurately.

7        Q    Do you remember in the -- you indicated that

8    Sherri was one of the instructors for the training?

9        A    Yes.

10       Q    Do you recall Sherri's last name?

11       A    No.  I have it written down on one of the

12   pages.  I thought I did.  I may not have.

13       Q    Okay.

14       A    You could check the record.

15       Q    And if you turn to the last page of Exhibit 4,

16   the one labeled 056 at the end.  There is -- it's an

17   acknowledgment form.

18           Do you recall signing an acknowledgment when

19   you got a copy of the handbook?

20       A    Yes.

21           MR. HARRIS:  Have you found that document?

22           MR. AGENBROAD:  I don't know if they have or

23   not.

24   BY MR. AGENBROAD:

25       Q    When you were hired into Chevron, what position

1    were you hired into?

2        A    Cashier.

3        Q    Okay.  And is that the job title you held the

4    whole time you were employed by Chevron?

5        A    Yes.

6            (Defendant's Exhibit 5 was marked for

7            identification by the Court Reporter.)

8    BY MR. AGENBROAD:

9        Q    I'm handing you -- or the court reporter handed

10   you a document that has been marked as Company Exhibit

11   5 -- or Exhibit 5 at the bottom.  The Bates range is

12   CHEV TREM, ending in 080 and 081.  It's a two-page

13   document captioned at the top, Chevron Stations, Inc.

14   Job Description for the Cashier Position.

15           Have you ever seen this document before,

16   Ms. Tremblay?

17       A    Yes, I have.

18       Q    And did you receive a copy of this upon your

19   hire into Chevron?

20       A    Previous to the job, this is the job

21   description, and then these are -- this is part of the

22   application.

23       Q    Okay.  Well, let me ask you this:  Did you

24   receive a copy of this job description as part of your

25   application process to Chevron?

82

1    BY MR. AGENBROAD:

2        Q    One of the -- let me ask you this:  During the

3    period that you worked for Chevron Stations, Inc., how

4    many other cashiers worked in your same station, if you

5    know?

6        A    For the complete time period I was there?

7        Q    If you can answer that, yes.

8        A    Oh --

9        Q    An estimate is fine if you don't know exactly.

10        A    There's people coming and going off shift and

11    then leaving till other people came on.  So like -- I

12    don't know.  It's like six, six to eight.

13        Q    Okay.  And one of the job duties listed here --

14    it's in the third bullet of essential functions -- is

15    stock and merchandise as instructed by management.

16        Did you perform stock and merchandising

17    functions while you were a cashier?

18        A    Placing things on the shelf, everybody has to

19    learn to do that, or face forward, yes.

20        Q    So as far as you recall, the other cashiers

21    also performed these stock and merchandising functions?

22        A    Yes.

23        Q    Based on your experience, as far as the six to

24    eight other cashiers that worked at your station while

25    you were there, does everyone work on the register?

CATHERINE TREMBLAY                                    03/14/08

1        Q    Do you know as far as managers at other

2    stations within California how they enforce meal

3    periods; what, if anything, they do if people don't take

4    meal periods?

5        A    What they do?

6        Q    Correct.

7        A    No, I don't know.

8        Q    We'll take assistant station managers first.

9             Do you know of any assistant station manager at

10   any other California Chevron stations who missed a meal

11   period?

12       A    Other than myself, any other stations?

13       Q    Correct.  I'm talking about assistant station

14   managers.

15       A    No, I don't know what goes on at all at other

16   stations.

17       Q    Would that be true for assistant managers at

18   other stations as well?

19       A    That's true, I don't know.

20       Q    For those two groups -- assistant station

21   managers and station managers -- at other California

22   stations, you don't know if any of them worked off the

23   clock?

24       A    I do not know.

25       Q    Okay.  Do you know what other states Chevron

117

CATHERINE TREMBLAY                                    03/14/08

1              THE WITNESS:  I don't know.

2              MR. HARRIS:  This is another example of a

3    complete waste of time and harassment of the witness.

4    BY MR. AGENBROAD:

5         Q    Are you aware of any employees in any state --

6    any Chevron Stations' employees in any state besides

7    California that have been required to work time they

8    were not compensated for?

9         A    Other than myself?

10        Q    Correct.

11        A    Yes, I believe so.  If -- because of breaks and

12   meals, you're not compensated for certain times.  I

13   believe that the county, and your eight-hour shift is

14   not accurate enough to just sign in and sign out.

15   You're not punching a time clock.  I don't see that

16   accounting as accurate.

17        Q    And other than your perspective on the HR and

18   accounting function, any specifics about any individual

19   working for Chevron Stations outside of California where

20   they were required to work off the clock without getting

21   compensated?

22             MR. HARRIS:  Argumentative, asked and answered.

23             THE WITNESS:  I don't know out of the state.

24             MR. HARRIS:  Please go back to your outline.

25   It makes me feel that we're making progress when I see

119

1        I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3        That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10  testimony given.

11       Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15       I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18       IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated: _____APR 0 4 2008_____

22

23                    _____

24                    LYNNE MARIE LEDANOIS
                      CSR No. 6811

25

# EXHIBIT B

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES


HAROLD EUGENE MORRIS on behalf of
himself and others similarly situated,

        Plaintiff,

    vs.                       No. BC361380

CHEVRON STATIONS, INC., and
DOES 1 through 20, Inclusive,      **CERTIFIED**

    Defendants.             **COPY**

---

C O N F I D E N T I A L


DEPOSITION OF HAROLD MORRIS

Los Angeles, California

Friday, October 26, 2007

Volume 3


Reported by:
DAVID OCANAS, CSR
CSR NO. 12567

JOB NO. 76039

1          A    Yes, correct.

2          Q    What does your signature signify on this

3    page?

4          A    That the time sheet is accurate.

5          Q    I show -- I see it shows 10:00 to 6:00 and

6    10:00 to 6:00 on Monday and Tuesday; do you see

7    that?

8          A    Yes.

9          Q    You believe those are the hours you

10   worked?

11         A    Yes.

12         Q    I notice this page, like the previous

13   page, shows no lunch on Monday or Tuesday.

14              Can you see that?

15   A    Yes.

16         Q    Can you explain that to me?

17         A    I didn't get a lunch.

18              I probably worked over, off the clock and

19   I just put down eight hours since that's all I was

20   authorized to write down.

21              I didn't put down my lunch, because I felt

22   I was getting ripped off.

23         Q    So you're still mad on these days, is that

24   it?

25         A    Yes, if I'm working off the clock, then

477

1    it was put away before I left.

2         Q    But Jesus was there on that Tuesday?

3         A    Yes, so I would run his break.

4              Oftentimes, I wouldn't get mine because of

5    that situation.

6         Q    Why is that?

7         A    Because the McClane order would get there

8    late and before I would leave, I had to make sure

9    there was absolutely nothing on the sales floor,

10   and I would have to run Jesus's break and lunch.

11             And then make sure it was done, the

12   McClane order was put away.

13        Q    So you made sure he got his breaks and his

14   lunch?

15        A    Yes.

16        Q    But he didn't make sure you got yours?

17        A    Because he was on the register.

18             I was putting away the merchandise.

19             So it's impossible.  He can't give me a

20   lunch and leave the register open.

21        Q    Angie's shift for Tuesday the 22nd of

22   February, it's 5:30, too?

23        A    5:30 a.m.

24        Q    So your best recollection is that Jesus

25   may have covered you so you could take a lunch on

493

1        Q    Is 1860 Van Nuys?

2        A    Yes.

3             And 1861 is Glendale.

4             MR. LAVI:  Which is which?

5             THE WITNESS:  60 is Van Nuys and 61 is

6    Glendale.

7    BY MS. SAXE:

8        Q    When Cary was the manager, you generally

9    didn't work off the clock, and you did take your

10   lunch periods?

11       A    Yes.

12       Q    How --

13       A    A different Cary, a male Cary.

14            The one that terminated me was Carrie.

15       Q    That was at 1861.

16            I'm focusing on 1860, then.

17            During the time period when Assad was the

18   manager, you didn't get to take your lunch break so

19   much?

20       A    Right.

21       Q    Even at 1860?

22       A    Correct.

23       Q    You worked off the clock because he

24   required you to make sure things were done; is that

25   correct?

1         I, the undersigned, a Certified Shorthand

2  Reporter of the State of California, do hereby certify:

3         That the foregoing proceedings were taken

4  before me at the time and place herein set forth; that

5  any witnesses in the foregoing proceedings, prior to

6  testifying, were duly sworn; that a record of the

7  proceedings was made by me using machine shorthand

8  which was thereafter transcribed under my direction;

9  that the foregoing transcript is a true record of the

10  testimony given.

11         Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15         I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated:   NOV - 7 2007

22

23                             _____

          DAVID OCANAS

24          CSR No. 12567

25

# EXHIBIT C

---

**NOTICE OF PENDENCY OF FEDERAL-LAW FAIR
LABOR STANDARDS ACT COLLECTIVE ACTION**
Tremblay v. Chevron Stations, Inc. United States District Court for the
Northern District of California Case No. CV 07-6009 EDL

---

1.    **INTRODUCTION**.

The Purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you may be "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit should you decide that it is appropriate and should you choose to do so.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the lawsuit or the merits of the claims or defenses asserted. This Notice is to advise you of the case and your rights in connection with it.

2.    **DESCRIPTION OF THE LAWSUIT.**

On November 28, 2007, Catherine Tremblay brought this lawsuit against Chevron Stations Inc. on behalf of herself and certain employees who worked in Defendant's California service stations. Plaintiff claims that Chevron employees in California received improperly low overtime payments due to Chevron's failure to accurately compute employees' base wage rates. Plaintiff claims the base rate did not include wages owing for missed meal and rest periods and may not have included the appropriate shift differential.

Chevron Stations Inc. believes that it has complied with the FLSA and has paid Plaintiff and all current or former employees all wages owed. Chevron Stations Inc. therefore has denied Plaintiff's allegations set forth above.

3.    **TO PARTICIPATE IN THE COLLECTIVE ACTION**

**This lawsuit is a collective action, not a class action. This Notice instructs you on the procedure for joining the FLSA claims made in the lawsuit if you are not currently a named party. If you are already named as a plaintiff, you do not need to do anything. If you do not want to join in the FLSA claims brought in the lawsuit, you do not need to file anything or take any other action.**

**However, if you do want to participate in the FLSA claims made by the Plaintiff in the lawsuit, you must sign a Consent form, as explained below.**

You are **NOT** required to join this lawsuit by filing your Consent. Nor do you have to take any action unless you want to. You will only be joined as a Plaintiff if you return a Consent form.

If you were not employed by Chevron Stations Inc. in one of its California service stations, please disregard this Notice. If you were or are employed by Chevron Stations Inc. at a service station in California, you may join this suit (that is, you may "opt-in") by mailing the attached Opt-In Form to the address below. In order to be valid, your request must be postmarked not later than [insert date]. You must mail it to:

> **Gilardi & Co., LLC**
> **[insert balance of address and phone contact]**

Gilardi & Co. has been designated by the District Court as a neutral, third-party service responsible both for mailing this notice and receiving responses.

Notice is for the purpose of determining the identity of those who wish to be involved in Plaintiff's lawsuit. If you file an Opt-In Form, your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiff are actually "similarly situated" in accordance with federal law.

You also can choose to join this lawsuit by legal counsel of your own choosing. If you wish to do so, your lawyer must file a consent to join no later than [insert date].

## 4.    EFFECT OF JOINING THIS SUIT.

If you choose to join in this suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable. While this suit is pending, you may be required to respond to written questions, sit for depositions, and/or testify in court. You also may be held liable for costs associated with this lawsuit. The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the Class Representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Representative Plaintiff will be binding on you if you join this lawsuit.

## 5.    NO LEGAL EFFECT IN NOT JOINING THIS SUIT.

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit.

## 6.    LEGAL REPRESENTATION.

Unless you select your own counsel to represent you, the attorneys representing the Collective-Action Class ("Class Counsel") are:

> **Alan Harris**
> **David Harris**

**David Zelenski**
**Harris & Ruble**
**5455 Wilshire Boulevard, Suite 1800**
**Los Angeles, California 90036**
**Telephone: (323) 931-3777**
**Facsimile: (323) 931-3366**

The attorneys representing Chevron Stations Inc. are:

**Deborah C. Saxe, Esq.,**
**Jones Day**
**555 South Flower Street, Fiftieth Floor**
**Los Angeles, California 90071**
**Telephone: (213) 489-3939**
**Facsimile: (213) 243-2539**

**Aaron L. Agenbroad, Esq. and Catherine S. Nasser, Esq.**
**Jones Day**
**555 California Street, 26th Floor**
**San Francisco, California 94104**
**Telephone: (415) 626-3939**
**Facsimile: (415) 875-5700**

7.    **ADDITIONAL INFORMATION**

This Notice only summarizes the litigation and other related matters.  For more information, you may review the Court's files at the Office of the Clerk of the Court for the United States District Court, Northern Division of California, 450 Golden Gate Avenue, San Francisco, California 94102 during business hours of each business day.  If your address changes or is different from the one on the envelope enclosing this Notice, please promptly notify Gilardi & Co., LLC.

8.    **REMINDER AS TO TIME LIMITS**

If you wish to submit an Opt-In Form, you must complete and return the enclosed Form. Your Form must be postmarked on or before [insert date].

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

## OPT-IN FORM PURSUANT TO 29 U.S.C. § 216(b), et seq.

## Tremblay v. Chevron Stations, Inc., Case No. CV 07-6009 EDL

1.   I consent and agree to pursue my claims related to overtime compensation while employed by Chevron Stations Inc., in connection with the above-referenced lawsuit.

2.   I was employed by Chevron Stations Inc. as a non-exempt employee at a service station in California.

3.   I understand that this lawsuit is being brought under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4.   I hereby designate Harris & Ruble to represent me in this action.

5.   I also designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiff's counsel concerning the attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Please print your full name and present address, and then sign this Form and return it postmarked by [insert date].

Name _____

Address _____

       Signature _____

       Date: _____

# EXHIBIT D

**NOTICE OF PENDENCY OF FEDERAL-LAW FAIR
LABOR STANDARDS ACT COLLECTIVE ACTION**
<u>Tremblay v. Chevron Stations, Inc.</u> United States District Court for the
Northern District of California Case No. CV 07-6009 EDL

~~PLEASE READ THIS NOTICE CAREFULLY~~

~~THIS NOTICE RELATES TO A FEDERAL-LAW FAIR LABOR STANDARDS ACT
COLLECTIVE ACTION AND CONTAINS IMPORTANT INFORMATION
REGARDING YOUR RIGHTS AS A POTENTIAL MEMBER OF THE COLLECTIVE
ACTION (IF YOU OPT IN).~~

~~AS EXPLAINED IN MORE DETAIL BELOW, TO PARTICIPATE IN THE
COLLECTIVE ACTION, YOU MUST OPT IN BY [insert date]. IF YOU FAIL TO OPT
IN, YOU WILL RECEIVE NOTHING UNDER THE FAIR LABOR STANDARDS ACT
("FLSA") CLAIMS IN THIS LAWSUIT.~~

1.    INTRODUCTION.

    The Purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you may be "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit~~,~~ should you decide that it is appropriate and should you choose to do so.

    This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the lawsuit or the merits of the claims or defenses asserted.  This Notice is to advise you of the case and your rights in connection with it.

2.    DESCRIPTION OF THE LAWSUIT.

    ~~Pursuant to an Order of the United States District Court for the Northern District of California (the "Court"), a federal-law collective action has been certified. In Tremblay v. Chevron Stations, Inc.~~ United States District Court for the Northern District of California Case ~~No. CV 07-6009 EDL (the "Litigation"),~~On November 28, 2007, Catherine Tremblay ~~has filed~~brought this lawsuit against Chevron Stations Inc. ~~suit~~on ~~your behalf~~ of herself and certain employees who worked in Defendant's California service stations.~~, seeking payment of unpaid overtime wages and liquidated damages for certain employees who worked in Defendant's California service stations during the period from [three years prior to mailing of the notice] to [insert date of certification of the collective action]. The litigation may provide payments to Class Members who file Opt-In Forms with respect to the collective action. You will be bound by the result of the collective action, but only if you opt in.~~  Plaintiff claims that Chevron employees in California received improperly low overtime payments due to Chevron's failure to ~~properly~~accurately compute ~~the~~employee's' base wage rates.  Plaintiff claims the base rate did not include wages owing for missed meal and rest periods and may not have included the appropriate shift differential.

Chevron Stations Inc. believes that it has complied with the FLSA and has paid Plaintiff and all ~~any similarly situated~~ current or former employees all wages owed.  Chevron Stations Inc. therefore has denied Plaintiff's allegations set forth above.

~~This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted. This Notice is to advise you of the case and your rights in connection with it.~~

## A. ~~PURPOSE OF THIS NOTICE~~

~~The Court has certified the following collective action (the "Collective Action Class"): all natural persons who were employed by Chevron Stations, Inc. ("Chevron") in California service stations during the relevant period. Plaintiff claims that Chevron employees in California received illegally low overtime payments, due to Chevron's failure to properly compute the employee's base rate. Plaintiff claims the base rate did not include wages owing for missed meal and rest periods and may not have included the appropriate shift differential. Accordingly, Plaintiff claims that overtime was underpaid due to Chevron's failure to compute properly the correct base rate.~~

~~You may be a member of the Class. The purpose of this notice is to inform you about the matter and to discuss your rights and options with respect to the Litigation.~~

## B. ~~DESCRIPTION OF THE LITIGATION~~

~~Plaintiff contends that members of the Class were not provided overtime-wage payments in accordance with the federal Fair Labor Standards Act ("FLSA"), thereby entitling members of the Class to back wages, liquidated damages under the FLSA, and interest. Defendant denies Plaintiff's claims and contend that they complied with all applicable requirements of law.~~

~~Please be advised that the Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses. Plaintiff must prove her claims to be successful. If you "opt in," you may be asked to participate in some court proceedings.~~

~~The attorneys representing the Collective-Action Class ("Class Counsel") are:~~

> ~~Alan Harris~~
> ~~David Harris~~
> ~~David Zelenski~~
> ~~Harris & Ruble~~
> ~~5455 Wilshire Boulevard, Suite 1800~~
> ~~Los Angeles, California 90036~~
> ~~Telephone: (323) 931-3777~~
> ~~Facsimile: (323) 931-3366~~

~~The attorneys representing Defendant are:~~

> ~~[to be provided by defense counsel]~~

- 2 -

## ~~C~~3.    **TO PARTICIPATE IN THE COLLECTIVE ACTION**

**This lawsuit is a collective action, not a class action.  This Notice instructs you on the procedure for joining the FLSA claims made in the lawsuit if you are not currently a named party.  If you are already named as a plaintiff, you do not need to do anything.  If you do not want to join in the FLSA claims brought in the lawsuit, you do not need to file anything or take any other action.**

**However, if you do want to participate in the FLSA claims made by the Plaintiff in the lawsuit, you must sign a Consent form, as explained below.**

You are **NOT** required to join this lawsuit by filing your Consent.  Nor do you have to take any action unless you want to.  You will only be joined as a Plaintiff if you return a Consent form.

If you were not employed by Chevron Stations Inc. in one of its California service stations, please disregard this Notice.  If you were or are employed by Chevron Stations Inc. at a service station in California, you may join this suit (that is, you may "opt-in") by mailing the attached Opt-In Form to the address below. ~~Plaintiff filed a lawsuit in which she claims that she is entitled to certain monetary compensation under the FLSA when an employer fails to make proper payment of wages. You may be entitled to collect such compensation if you join the lawsuit and if the lawsuit is successful. If you do not join the lawsuit, you will not receive any benefit from the suit in the event that it is successful. You would, however, have the right, should you so choose, to file your own separate lawsuit; however, it may be subject to the applicable statute of limitations.~~

~~If you desire to join the lawsuit, you must completely fill out and sign the attached form.~~ In order to be valid, your request must be postmarked not later than [insert date].  You must mail it to:

> **Gilardi & Co., LLC**
> **[insert balance of address and phone contact]**

Gilardi & Co. has been designated by the District Court as a neutral, third-party service responsible both for mailing this notice and receiving responses.

Notice is for the purpose of determining the identity of those who wish to be involved in Plaintiff's lawsuit.  If you file an Opt-In Form, your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiff are actually "similarly situated" in accordance with federal law.

You also can choose to join this lawsuit by legal counsel of your own choosing.  If you wish to do so, your lawyer must file a consent to join no later than [insert date].

~~D.    IF YOU DO NOTHING~~

~~If you do nothing in response to this Notice, you will not receive any proceeds under the collective action, but you will have the right to adjudicate your own claims, if any, under the federal FLSA.~~

**4.    EFFECT OF JOINING THIS SUIT.**

If you choose to join in this suit, you will be bound by the judgment or settlement, whether it is favorable or unfavorable.  While this suit is pending, you may be required to respond to written questions, sit for depositions, and/or testify in court.  You also may be held liable for costs associated with this lawsuit.  The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee.  If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.  By joining this lawsuit, you designate the Class Representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into by the Representative Plaintiff will be binding on you if you join this lawsuit.

**5.    NO LEGAL EFFECT IN NOT JOINING THIS SUIT.**

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class.  If you choose not to join in this lawsuit, you are free to file your own lawsuit.

**~~E~~6.    LEGAL REPRESENTATION.**

Unless you select your own counsel to represent you, the attorneys representing the Collective-Action Class ("Class Counsel") are:

> **Alan Harris**
> **David Harris**
> **David Zelenski**
> **Harris & Ruble**
> **5455 Wilshire Boulevard, Suite 1800**
> **Los Angeles, California 90036**
> **Telephone: (323) 931-3777**
> **Facsimile: (323) 931-3366**

The attorneys representing Chevron Stations Inc. are:

> **Deborah C. Saxe, Esq.,**
> **Jones Day**
> **555 South Flower Street, Fiftieth Floor**
> **Los Angeles, California 90071**
> **Telephone: (213) 489-3939**

**Facsimile: (213) 243-2539**

**Aaron L. Agenbroad, Esq. and Catherine S. Nasser, Esq.**
**Jones Day**
**555 California Street, 26th Floor**
**San Francisco, California 94104**
**Telephone: (415) 626-3939**
**Facsimile: (415) 875-5700**

## 7.     ADDITIONAL INFORMATION

This Notice only summarizes the ~~Litigation~~ litigation and other related matters. For more information, you may review the Court's files at the Office of the Clerk of the Court for the United States District Court, Northern Division of California, 450 Golden Gate Avenue, San Francisco, California 94102 during business hours of each business day. ~~Any questions regarding this Notice or the Opt-In Form should be sent to Class Counsel at the address and telephone number set forth above.~~ If your address changes or is different from the one on the envelope enclosing this Notice, please promptly notify Gilardi & Co., LLC.

## ~~F~~8.     REMINDER AS TO TIME LIMITS

If you wish to submit an Opt-In Form, you must complete and return the enclosed Form ~~to Class Counsel.~~ Your Form must be postmarked on or before [insert date].

### PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.

## OPT-IN FORM PURSUANT TO 29 U.S.C. § 216(b), et seq.

### Tremblay v. Chevron Stations, Inc., Case No. CV 07-6009 EDL

1.     I consent and agree to pursue my claims related to overtime compensation while employed by Chevron Stations Inc., in connection with the above-referenced lawsuit.

2.     I was employed by Chevron Stations Inc. as a non-exempt employee at a service station in California.

3.     I understand that this lawsuit is being brought under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

4.     I hereby designate Harris & Ruble to represent me in this action.

5.     I also designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with plaintiff's counsel concerning the attorneys' fees and costs, and all other matters pertaining to this lawsuit.

~~I wish to join the lawsuit as a party plaintiff under the Fair Labor Standards Act.~~

~~Yes [   ]~~

Please print your full name~~, and~~ present address, ~~and telephone number,~~ and then sign this Form and return it postmarked by [insert date].

Name _____

Address _____

~~Telephone number~~ _____

       Signature _____

_____ Date: _____