IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE TREMBLAY,<br><br>       Plaintiff,<br><br>  v.<br><br>CHEVRON STATIONS INC,<br><br>       Defendant. | No. C-07-06009 EDL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION** |

    Plaintiff asserts claims on behalf of herself and others similarly situated against Defendant Chevron Stations, Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq. Before the Court is Plaintiffs' Motion for Certification of Collective Action pursuant to 29 U.S.C. § 216(b), in which Plaintiff seeks conditional certification of a class of Chevron employees so that Plaintiff can obtain discovery regarding the identities of potential class members and send out a court-approved notice of the action to those individuals. Chevron initially opposed collective action certification, arguing that Plaintiff has failed to meet her burden under the caselaw to show that any other Chevron employee was similarly situated. On May 6, 2008, the Court held a hearing on Plaintiff's Motion. For the reasons stated at the hearing and set forth briefly below, the Court grants Plaintiff's Motion.

    Plaintiff worked for Chevron from approximately December 2006 through April 2007 as a cashier at a Chevron gas station in Santa Rosa, California. See Compl. ¶ 4. Plaintiff alleges that she was denied meal and rest periods, and that she was routinely denied properly calculated overtime pay. Compl. ¶¶ 13-15, 23. According to the complaint, Chevron is a California corporation that employed Plaintiff and numerous other hourly employees at numerous facilities. Compl. ¶ 3. As of April 8, 2008, Chevron employed 4,054 individuals in 417 service stations in California, Florida,

1 Hawaii, Oregon and Washington.  McDonald Decl. ¶ 2.  Of those employees, 3,273 are full-time and
2 781 are part-time, working in a variety of positions.  Id. ¶¶ 3-4.
3       The FLSA permits workers to sue their employers for unpaid wages on their own behalf
4 and on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  Collective actions under
5 the FLSA require employees to opt-in by filing written consent.  Id.   District courts in the Ninth
6 Circuit generally employ a two-tiered approach to determining whether the putative class plaintiffs
7 are similarly situated  See Gerlach v. Wells Fargo & Co., 2006 WL 824652 (N.D. Cal. March 28,
8 2006) (Wilken, J); Adams v. Inter-Con Security Sys., 242 F.R.D. 530, 536 (N.D. Cal. Apr. 11, 2007)
9 (Patel, J) ("This court will follow the first approach [the two-tiered approach] adopted by a majority
10 of courts, including three circuit courts."); Leuthold v. Destination America, 224 F.R.D. 462, 466-67
11 (N.D. Cal. Aug. 16, 2004) (Walker, J) ("The majority of courts prefer the latter approach [the two-
12 tiered approach]."); Lemus v. Burnham Painting & Drywall Corp., 2007 U.S. Dist. LEXIS 46785,
13 *15-16 (D. Nev. June 25, 2007) (same); see also Johnson v. TGF Precision Haircutters, Inc., 319 F.
14 Supp. 2d 753 (S.D. Tex. 2004) (using two-tiered approach); Pendlebury v. Starbucks Coffee Co.,
15 2005 U.S. Dist. LEXIS 574 (S. D. Fla. 2005) (using two-tiered approach).
16       Under this approach, the district court makes two determinations on an ad hoc basis: (1) an
17 initial notice stage determination of whether plaintiffs are similarly situated, determining whether a
18 collective action should be certified for purposes of sending notice to class members; and (2) a more
19 stringent determination of whether plaintiffs are similarly situated made at the conclusion of
20 discovery, usually on a motion for decertification.  Id.   If the Court decides to certify a collective
21 action, the Court may authorize and facilitate notice to potential plaintiffs under Hoffman-La Roche
22 Inc. v. Sperling, 493 U.S. 165, 171-73 (1989) ("Because trial court involvement in the notice process
23 is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies
24 within the discretion of a district court to begin its involvement early, at the point of the initial
25 notice, rather than at some later time.").  "For conditional certification at this notice stage, the court
26 requires little more than substantial allegations, supported by declarations or discovery, that 'the
27 putative class members were together victims of a single decision, policy or plan.'"  Id. (quoting
28 Thiessen v. General Electric Capital, 267 F.3d 1095, 1102 (10th Cir. 2001)).

2

At the hearing, Plaintiff clarified that the class she sought to certify consisted of all current and former Chevron employees who worked one or more graveyard shifts in California during the proposed class period. Although the threshold showing for certification at the notice stage is minimal, Plaintiff did not meet that threshold through her filings in connection with this motion, but it appeared that she could do so with very little additional effort and discovery. When questioned by the Court at the hearing, Chevron conceded that it has a uniform policy in California of not paying additional wages to an employee who arguably cannot take a rest break during his or her shift, such as when the employee is working alone during a graveyard shift, and that Plaintiff's overtime pay during a week when she worked both the day and night shifts was improperly calculated in at least one instance, which, as the Court pointed out and Chevron could not refute, makes it likely that similar miscalculations were made as to other California employees in similar circumstances. Thereafter, the parties agreed that conditional class certification was appropriate, and agreed on the text of the notice to be sent to potential class members after receiving guidance from the Court.

Accordingly, Plaintiff's Motion for Conditional Certification of Collective Action is granted. On May 7, 2008, the Court approved the parties' stipulated notice to be sent to potential class members.

**IT IS SO ORDERED.**

Dated: May 8, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

3