Deborah C. Saxe (State Bar No. 81719)
dsaxe@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Aaron L. Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
CHEVRON STATIONS INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Catherine Tremblay, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Chevron Stations, Inc., a Delaware Corporation,<br><br>Defendant. | **CASE NO. CV 07-6009 EDL**<br><br>**DEFENDANT CHEVRON STATIONS INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS SOON TO BE FILED MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: July 29, 2008<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br><br>Complaint Filed: November 28, 2007<br><br>Hon. Elizabeth D. LaPorte |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2008, at 9:00, or as soon thereafter as the matter may be heard, in the Courtroom of Magistrate Judge Elizabeth LaPorte, United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Chevron Stations Inc. ("Defendant" or "Chevron") will move the Court for an order staying discovery pending the resolution of Chevron's imminent Rule 12(c) motion for judgment on the pleadings.

A stay of discovery is warranted because: (1) Chevron's motion for judgment on the pleadings has a high probability of success and will completely dispose of this case; (2) this minimal delay in discovery will avoid substantial and unnecessary expenditures of Party and Court time and resources; and (3) this minimal delay will not prejudice Plaintiff.

Defendant bases its motion on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Aaron Agenbroad, the pleadings and papers on file herein, and on such other matters as may be presented to the Court at the time of the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Catherine Tremblay's lawsuit against Defendant Chevron Stations Inc. ("Chevron") is the third of three lawsuits filed against the Company asserting essentially identical claims on behalf of an effectively identical class. Having filed her claims over 18 months after they were initially raised in the first two lawsuits, Tremblay's suit is now barred under the doctrine of *res judicata* by the settlement reached in those two earlier cases. Accordingly, any additional discovery efforts in this case will unnecessarily waste the time and resources of the Parties and the Court and will ultimately be rendered moot. All such discovery should therefore be stayed pending a Court ruling on the *res judicata* issue.

Chevron's imminent Rule 12(c) motion will demonstrate that Plaintiff's claims are unequivocally barred by the doctrine of *res judicata* and will be subject to a motion for judgment on the pleadings upon final approval of a Stipulation of Class Action Settlement in *Sandoval v. Chevron Stations, Inc.*, Case No. CV 061690 ("*Sandoval*"), and the related case *Morris v. Chevron Stations, Inc.*, Case No. BC361380 ("*Morris*"), pending before the Honorable Judge Victoria Chaney in the Superior Court, Los Angeles County. Despite Plaintiff's knowledge of the settlement of those cases, and her tacit acknowledgment that her meal period, rest period, and off the clock claims will be encompassed by the pending settlement, Plaintiff shortly thereafter served Defendant with a 30(b)(6) Notice of Deposition (listing thirty-five topics) and an accompanying 30(b)(5) request for documents (listing twenty-five requests). Those requests seek information on a broad range of topics that will be wholly subsumed by the pending settlement. Moreover, those requests seek information that is entirely irrelevant as to whether this Court should dismiss the claims in the instant action on the basis of *res judicata*. Since the requested discovery will be obviated by the Court's ruling on Defendant's soon to be filed motion, Defendant respectfully requests that the Court stay all discovery pending that ruling.

## II. STATEMENT OF FACTS

On November 28, 2007, Plaintiff filed an original complaint in the United States District Court, Northern District of California, and a First Amended Complaint on March 12, 2008.

1  Chevron answered both the Complaint and the First Amended Complaint, and the parties have
2  exchanged Initial Disclosures, including the production of relevant documents.  On March 14,
3  2008, Plaintiff was deposed and no further depositions have been taken, although, as mentioned
4  above, Plaintiff has noticed a 30(b)(6) deposition.

5  On April 1, 2008, Plaintiff filed a Motion for Conditional Class Certification under
6  216(b).  Defendant filed its Opposition on April 15, 2008, and Plaintiff filed her Reply on April
7  22, 2008.  On May 7, 2008, Plaintiff's Motion for Conditional Certification was granted, albeit
8  with limitations to the class definition (defined as employees of Chevron Stations Inc. in
9  California who worked on one or more graveyard shifts at any time after November 28, 2004).

10  On May 8, 2008, the parties in *Sandoval/Morris* reached a settlement (Court approval
11  pending) pursuant to which a settlement class will be certified and the class members will release
12  all claims against Chevron arising out of the conduct alleged in the *Sandoval/Morris* lawsuits.
13  The settlement encompasses any and all claims of the nature raised by Plaintiff and covers all
14  class members' claims from April 21, 2002 through the date on which the Court enters its Order
15  Granting Preliminary Approval.  As discussed in detail below, the claims in *Sandoval/Morris* are
16  identical to the claims in the instant action.

17  **III.  ARGUMENT**

18  **A.  THE COURT HAS THE POWER TO STAY DISCOVERY PENDING
         RESOLUTION OF DEFENDANT'S SOON TO BE FILED MOTION FOR
19       JUDGMENT ON THE PLEADINGS.**

20  Every court has inherent power to exercise its discretion to stay proceedings and to
21  "control the disposition of the causes on its docket with economy of time and effort for itself, for
22  counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 166, 81
23  L.Ed.2d 158 (1936).  In particular, courts have wide discretion to control the nature and timing of
24  discovery and "should not hesitate to exercise appropriate control over the discovery process."
25  *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1649, 60 L.Ed.2d 134 (1979).  Courts have
26  consistently exercised that authority to stay discovery where it appears that a pending dispositive
27  motion may eliminate any need for such discovery.  *See, e.g., Jarvis v. Regan*, 833 F.2d 149, 155
28  (9th Cir. 1987) (district court did not abuse discretion in staying discovery pending hearing on

motion to dismiss); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (a district court may properly exercise its discretion to deny discovery where the court is convinced that plaintiff will be unable to state a claim upon which relief can be granted); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (district court did not abuse its discretion in staying discovery pending outcome of defendant's motion to dismiss or for summary judgment). Where, as here, the dispositive motion challenges the viability of a lawsuit under the doctrine of *res judicata*, a stay is warranted. *See, e.g., Taybron v. Allstate Ins. Co.*, No. C 06-04066 JSW, 2006 WL 2460830 (N.D. Cal. Aug. 23, 2006) (staying case until resolution of preclusive issue – *res judicata*.) Indeed, postponing discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979).

**B.    DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS HAS A HIGH LIKELIHOOD OF SUCCESS.**

A stay of discovery is appropriate where a defendant's dispositive motion "does not appear to be without some degree of foundation in law and there is a possibility that defendant may prevail." *Ameritel Inns v. Moffat Bros.*, No. CV 06-359, 2007 WL 1792323, at *4 (D.Id. 2007); *see also Johnson v. New York University School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery appropriate where dispositive motion has "substantial grounds"). The Court, however, need not at this juncture conclude that it is a "foregone conclusion" or "immediately certain" that Defendant will prevail on its motion to grant that relief. *See, e.g., GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (reversing order denying stay where magistrate judge applied "immediately certain" standard in ruling on motion to stay discovery). Rather, it is sufficient if Defendant's motion has a "clear possibility of success." *Id.* (defining "clear possibility" as "significantly less stringent than 'immediately evident' or 'forgone conclusion' " rather "indicat[ing] that Defendant's motion is nearly below but does not necessarily exceed a 'fifty percent chance' of success"). Defendant's soon to be filed motion amply meets this standard.

The prior lawsuits, *Sandoval*, and the related case *Morris*, filed on April 21, 2006, and November 2, 2006, respectively, alleged the following causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to allow rest periods; (5) failure to pay all wages each pay period; (6) failure to pay all wages timely upon termination; (7) failure to provide accurate wage statements; (8) unfair competition; and (9) civil penalties. *See Sandoval* and *Morris* Complaints attached to the accompanying Declaration of Aaron Agenbroad as Exhibits A & B. These causes of action are premised on Defendant's alleged failure to pay wages and overtime compensation required by California law, failure to provide meal and rest periods, failure to provide accurate wage statements and failure to timely pay wages at the termination of employment.

The *Tremblay* lawsuit is based on the identical conduct alleged in the *Sandoval/Morris* matters – Chevron's alleged failure to pay all wages due including overtime and compensation for missed meal periods and rest breaks. Moreover, the lawsuits involve the same defendant (Chevron) and the same plaintiffs (the *Tremblay* class is a subset of the larger *Sandoval/Morris* class, which includes all current and former non-exempt service station employees in California). The doctrine of *res judicata* bars relitigation of claims and issues between parties or privies based on the same cause of action or "primary right" asserted in an earlier action that resulted in a judgment on the merits (including judgment entered because of a settlement). *See*, *e.g.*, *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174-75 (1983) ("[i]f the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters <u>which could have been raised</u>.") (emphasis added.)[1] Accordingly, the claims of all current and former Chevron employees in California who were

---

[1] All the claims in *Tremblay* were either raised or could have been raised in *Sandoval/Morris*. In *Tremblay*, the first, second, third, fourth, and sixth claims are analogous to the claims in *Sandoval/Morris*. The fifth and seventh causes of action – Defendant's alleged failure to pay overtime and minimum wages under the FLSA and Plaintiff's Labor Code Private Attorneys General Act ("LCPAGA") claims – are derived from the same wrongful conduct alleged in *Sandoval/Morris*. Moreover, the basis for the claims is the same "primary right" from which the claims in *Sandoval/Morris* arose; the only difference is the legal theory relied upon. Accordingly, the LCPAGA and FLSA claims in *Tremblay* could have been raised in *Sandoval/Morris*.

1  class members in the *Morris/Sandoval* lawsuit (encompassing Plaintiff's entire class) are barred
2  from receiving any remedy in the instant action.

3        Chevron's successful motion on the *res judicata* issue will render all discovery in this case
4  wholly moot.  Under these circumstances, a stay is warranted as it will prevent the Parties and the
5  Court from unnecessarily spending time and resources on discovery that will have no value or
6  use.  *See, e.g., Orchid Biosciences*, 198 F.R.D. at 675 (noting that "[s]hould Defendant[s] prevail
7  on [their] motion to dismiss, any effort expended in responding to merits-related discovery would
8  prove to be a waste of both parties' time and resources").  Neither the Parties nor the Court should
9  waste these resources on a case that is barred via *res judicata* and will ultimately be dismissed.
10 Accordingly, the stay should be granted.

11       **C.    THE BURDEN AND EXPENSE OF DISCOVERY OUTWEIGH ANY BENEFIT TO THE PARTIES WHILE THE MOTION FOR JUDGMENT ON THE PLEADINGS IS PENDING.**

13       Federal Rule of Civil Procedure 26 requires courts to control the timing and use of
14 discovery by balancing the burden and expense of discovery against its likely benefit, taking into
15 account the needs of the case and the importance of the discovery in resolving the issues of the
16 case. Fed. R. Civ. P. 26(b)(2)(C)(iii).  Here, until the Court resolves the threshold issue of
17 whether Plaintiff's claims can even survive *res judicata*, there is no purpose in burdening the
18 parties with the enormous amount of time and expense of discovery.  This is particularly true
19 given the likelihood that Plaintiff's claims will be comprehensively barred.  Thus, while the
20 motion for judgment on the pleadings is pending, the burden and expense of discovery outweighs
21 any benefit to Plaintiff.

22       **D.    PLAINTIFF WILL NOT BE PREJUDICED BY A STAY.**

23       Plaintiff will not be prejudiced by a stay of discovery pending the resolution of the motion
24 for judgment on the pleadings.  *See In re First Constitution Shareholders Litig.*, 145 F.R.D. 291,
25 294 (D. Conn. 1991) (granting defendants' motion for a stay of discovery after finding there
26 would be no prejudice to plaintiff, "which will have ample time [if the motion to dismiss is
27 denied] to take discovery on the merits of its claims") (quotation marks omitted).  Here, the
28 parties will have ample time to take discovery if, however unlikely, Defendant's motion is denied.

Specifically, the non-expert discovery cut-off is October 1, 2008 and the expert discovery cut-off is January 30, 2009. Moreover, should the Court rule against Chevron on the *res judicata* issue, the Company will be amenable to a reasonable extension of the discovery deadlines to account for any lost time. Finally, any stay of discovery will not affect the statute of limitations on the class' claims as this Court granted conditional certification on May 7, 2008.

### E. THE TIMING OF THE SANDOVAL/MORRIS SETTLEMENT PREVENTED DEFENDANT FROM BRINGING A 12(B)(6) MOTION.

Because the settlement in *Sandoval/Morris* occurred after the responsive pleading deadline, Defendant was unable to file a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. Accordingly, upon final approval of the *Sandoval/Morris* settlement, Defendant will file a Rule 12(c) motion for judgment on the pleadings.

### I. CONCLUSION.

This case has no legs. Every claim asserted by Ms. Tremblay asserts the same primary rights advanced in the previously settled *Sandoval* and *Morris* lawsuits. A final judgment will be entered in those cases that precludes the instant action as a matter of *res judicata*. Any time or resources expended on discovery efforts in the interim will be wholly wasted. Accordingly, Defendant Chevron Stations Inc. requests that the Court enter an order staying all discovery until a ruling is made on its soon to be filed motion for judgment on the pleadings.

Dated: June 18, 2008                        JONES DAY

                                            By:   /S/ Aaron L. Agenbroad
                                                  Aaron L. Agenbroad

                                            Attorneys for Defendant
                                            CHEVRON STATIONS INC.

SFI-585710v3