Deborah C. Saxe (State Bar No. 81719)
dsaxe@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:     (213) 489-3939
Facsimile:      (213) 243-2539

Aaron L. Agenbroad (State Bar No. 242613)
alagenbroad@jonesday.com
Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700

Attorneys for Defendant
CHEVRON STATIONS INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Catherine Tremblay, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Chevron Stations, Inc., a Delaware Corporation,<br><br>        Defendant. | **CASE NO. CV 07-6009 EDL**<br><br>**DECLARATION OF AARON L. AGENBROAD IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS SOON TO BE FILED MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      July 29, 2008<br>Time:     9:00 a.m.<br>Courtroom: E, 15th Floor<br><br>Complaint Filed:  November 28, 2007<br><br>Hon. Elizabeth D. LaPorte |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF AARON AGENBROAD

I, Aaron Agenbroad, declare and state as follows:

1.      I am an attorney at law, duly admitted to practice before the courts of the State of California and before this court. I am a partner with the law firm of Jones Day and one of the principal attorneys representing Defendant Chevron Stations Inc. ("Defendant") in this matter. I submit this declaration in support of Defendant's Motion to Stay Discovery Pending Resolution Of Its Soon To Be Filed Motion For Judgment On The Pleadings. The facts stated here are within my personal knowledge. If called upon to do so, I could testify to these facts.

2.      Attached hereto as **Exhibit A** is a true and correct conformed copy of plaintiff's Second Amended Complaint in *Sandoval v. Chevron Stations, Inc.*, Case No. CV 061690.

3.      Attached hereto as **Exhibit B** is a true and correct conformed copy of plaintiff's Complaint in *Morris v. Chevron Stations, Inc.*, Case No. BC361380.

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

Executed this 18th day of June, 2008, at San Francisco, California.

_____/S/ Aaron L. Agenbroad_____
Aaron L. Agenbroad

SFI-586144v1

# Exhibit A

1  Dennis F. Moss (SBN 77512)
   Gregory N. Karasik (SBN 115834)
2  Ari E. Moss (SBN 238579)
   Spiro Moss Barness Harrison & Barge LLP
3  11377 W. Olympic Boulevard, Fifth Floor
   Law Offices Angeles, CA 90064-1683
4  Telephone: (310) 235-2468, Facsimile: (310) 235-2456
   dennisfmoss@yahoo.com
5  gkarasik@smbhblaw.com
   amoss@smbhblaw.com
6
   Sahag Majarian, II (SBN 146621)
7  LAW OFFICE OF SAHAG MAJARIAN, II
   18250 Ventura Blvd.
8  Tarzana, CA 91356
   Telephone: (818) 609-0807; Facsimile: (818) 609-0892
9  sahagii@aol.com

10 Attorneys for Plaintiff
   Dalila Sandoval a.k.a. Dalila Cordon
11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF MARIN

14
   DALILA SANDOVAL a.k.a. DALILA       )  CASE NO.  CV 061690
15 CORDON, individually and on behalf of other )
   members of the general public similarly      )  **CLASS ACTION**
16 situated,                           )
                                       )  [Judge Vernon F. Smith, Department F]
17              Plaintiff,             )
                                       )  **PLAINTIFF'S SECOND AMENDED**
18      vs.                            )  **COMPLAINT**
                                       )
19                                     )  1.  **Failure to Pay Minimum Wages**
   CHEVRON STATIONS, INC., and DOES 1  )  2.  **Failure to Pay Overtime Wages**
20 through 20,                         )  3.  **Failure to Provide Meal Periods**
                                       )  4.  **Failure to Allow Rest Periods**
21              Defendants.            )  5.  **Failure to Pay All Wages Each Pay**
                                       )      **Period**
22                                     )  6.  **Failure to Pay All Wages Timely**
                                       )      **Upon Termination**
23 _____  )  7.  **Failure to Provide Accurate Wage**
                                          **Statements**
24                                        8.  **Unfair Competition**
                                          9.  **Civil Penalties**
25

26                                        Complaint Filed: April 21, 2006

27

28

_____
                  SECOND AMENDED COMPLAINT

1    Plaintiff Dalila Sandoval, a.k.a. Dalila Cordon ("Plaintiff") on behalf of herself and all

2    others similarly situated, complains and alleges as follows:

3    **INTRODUCTION**

4    1.    This is a class action under Code of Civil Procedure Section 382.  Plaintiff, on

5    behalf of herself and all other current and former non-exempt employees employed at Chevron

6    gas stations in California during the applicable liability periods, seeks unpaid minimum and

7    overtime wages and interest thereon for off-the-clock work, statutory penalties for missed meal

8    breaks and missed rest periods, waiting time penalties for late payment of final wages, statutory

9    penalties for failure to provide accurate wage statements, civil penalties under Labor Code

10   Section 2699, restitution, injunctive relief and attorney fees and costs to which Plaintiff and

11   other class members are entitled.

12   2.    Plaintiff is member of and the named representative for the Class and each of the

13   Subclasses defined in paragraph 10 below.  The term Class includes Plaintiff and all other

14   persons who are members of one or more of the Subclasses defined in paragraph 10.

15   **JURISDICTION AND VENUE**

16   3.    Venue is proper in this judicial district and the County of Marin because work

17   was performed by Plaintiff and other members of the Class for defendants in the County of

18   Marin and defendants' obligations under California law to Plaintiff and other members of the

19   Class arose and were breached in the County of Marin.

20   4.    The California Superior Court has jurisdiction in this matter because Plaintiff is

21   a resident of California and defendants are qualified to do business in California and regularly

22   conduct business in California.  Further, there is no federal question at issue as the claims herein

23   are based solely on California law.

24   **THE PARTIES**

25   A.    **Plaintiff and the Class**

26   5.    At all relevant times, Plaintiff was employed by defendants as a non-exempt

27   employee at Chevron gas stations located in Simi Valley.  During the liability period, Plaintiff

28   was suffered and permitted to perform work for defendants without being paid wages for every

---

SECOND AMENDED COMPLAINT

1

1  hour worked.  At times, Plaintiff was required to work shifts lasting over five hours without

2  being allowed to take a thirty minute uninterrupted meal break.  At times, Plaintiff was required

3  to work shifts lasting over four hours without being allowed to take a ten minute uninterrupted

4  rest break.  During the liability period, Plaintiff did not receive accurate wage statements

5  showing the proper amount of time she worked and the proper amount of pay owed to her for all

6  work time, including all overtime hours worked.  During the liability period, defendants did not

7  pay Plaintiff all wages earned each pay period on the payday for the pay period, and defendants

8  did not pay Plaintiff all wages earned during her employment timely upon the termination of her

9  employment.

10         6.       The members of the Class are identifiable, similarly situated persons who are

11  current or former non-exempt employees of defendants who worked at Chevron gas stations

12  who were not 1) paid minimum wages for all hours worked; 2) paid overtime wages for all

13  overtime hours worked; 3) provided meal periods; 4) allowed to take rest periods; 5) paid for all

14  hours worked during each pay period; 6) provided accurate wage statements; and/or 7) paid all

15  earned wages timely upon termination of their employment.

16  **B.    Defendants**

17         7.       Chevron Stations, Inc. ("Chevron") is a Delaware corporation doing business in

18  California and throughout the United States.  Plaintiff is informed and believes that Chevron

19  operates over 200 gas stations in California and maintains offices in San Ramon, California.  At

20  all relevant times, Chevron was the employer of Plaintiff and other members of the Class at the

21  time Chevron breached legal obligations to them as described herein.  Plaintiff is informed and

22  believes that Chevron continues to breach those legal obligations owed to Class members

23  currently employed by Chevron.

24         8.       Plaintiff is ignorant of the true names, capacities, relationships and extent of

25  participation in the conduct herein alleged, of the defendants sued herein as DOES 1 through 20,

26  but is informed and believes and thereon alleges that all defendants (collectively referred to as

27  "Defendants") are legally responsible for the wrongful conduct alleged herein and therefore sues

28  by such fictitious names the defendants whose identities are not yet known to Plaintiff.  Plaintiff

1   will amend this complaint to allege the true names and capacities of the DOE defendants when

2   ascertained.

3           9.     Plaintiff is informed and believes and thereon alleges that each defendant acted in

4   all respects pertinent to this action as the agent of the other defendants, carried out a joint

5   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant

6   are legally attributable to the other defendants.

7   **CLASS ACTION ALLEGATIONS**

8          10.     Plaintiff brings this action on behalf of herself and all other similarly situated

9   persons as a class action pursuant to Code of Civil Procedure Section 382. The members of the

10  Class are defined as all current and former non-exempt employees employed at a Chevron gas

11  station in California at any time since April 21, 2002 through the date notice is mailed to the

12  class. The Class is comprised of the following Subclasses:

13       **Unpaid Wages Subclass:** All current and former non-exempt employees employed at a
     Chevron gas station in California at any time since August 16, 2003.

14

15       **Meal and Rest Period Subclass:** All current and former non-exempt employees
     employed at a Chevron gas station in California at any time since April 21, 2005.

16       **Final Wages Subclass:** All former non-exempt employees whose employment at a
     Chevron gas station in California terminated at any time since August 16, 2003.

17

18       **Wage Statement Subclass:** All current and former non-exempt employees
     employed at a Chevron gas station in California at any time since April 21, 2005.

19       **Civil Penalties Subclass:** All current and former non-exempt employees employed at a
     Chevron gas station in California at any time since April 21, 2005.

20

21         11.     This action has been brought and may be maintained as a class action pursuant to

22  Code of Civil Procedure Section 382 because there is a well-defined community of interest

among many persons who comprise a readily ascertainable class.

23

24         a.     The Class members are so numerous that the individual joinder of all of them as

25  plaintiffs is impractical. While the exact number of Class members is unknown to

Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not

26

27  less than 500 Class members. Therefore, joinder of all Class members as individual

plaintiffs is impractical.

28

       b.     Common questions of law and fact exist as to members of the Class and

1  predominate over any questions which affect only individual members of the Class. These

2  common questions include, but are not limited to:

3      (1)    Did Defendants violate Labor Code Section 1197 by not paying Class

4          members minimum wages for all hours worked?

5      (2)    Did Defendants violate Labor Code Section 510 by not paying Class

6          members overtime wages for all overtime hours worked?

7      (3)    Did Defendants violate Labor Code Section 512 by not providing Class

8          members with meal periods?

9      (4)    Did Defendants violate Labor Code Section 512 by not allowing Class

10          members to take rest periods?

11      (5)    Did Defendants violate Labor Code Section 204 by not paying Class

12          members for all wages earned during each pay period?

13      (6)    Did Defendants violate Labor Code Section 226(a) by not furnishing

14          Class members with accurate wage statements?

15      (7)    Did Defendants violate Labor Code Section 201 or 202 by not paying

16          Class members wages due upon termination in a timely manner?

17      (8)    Are Defendants liable to Class members for meal period penalties under

18          Labor Code Section 226.7?

19      (9)    Are Defendants liable to Class members for rest period penalties under

20          Labor Code Section 226.7?

21      (10)    Are Defendants liable to Class members for waiting time penalties under

22          Labor Code Section 203?

23      (11)    Are Defendants liable to Class members for wage statement penalties

24          under Labor Code Section 226(e)?

25      (12)    Did Defendants violate the Unfair Competition Law, Business and

26          Professions Code Section 17200, *et seq.*, by engaging in the unlawful

27          practices alleged herein?

28      (13)    Is injunctive relief appropriate to ensure Defendants' compliance with

1    obligations under the Labor Code with respect to members of the Class

2    currently employed at Chevron gas stations?

3    (14)    Are Class members entitled to attorney fees?

4    (15)    Are Class members entitled to prejudgment interest?

5    (16)    Are Class members entitled to civil penalties under Labor Code Section

6    2699?

7    c.    Plaintiff is a member of the Class, and her claim is typical of the claims of the

8    other Class members.  Plaintiff is informed and believes and thereon alleges that

9    Defendants have policies or practices of 1) suffering or permitting non-exempt employees to

10    work without pay outside their scheduled shift times; 2) not providing non-exempt

11    employees who work shifts longer than five hours with meal periods; 3) not allowing non-

12    exempt employees to take rest periods; 4) not paying employees for all wages earned during

13    each pay period; 5) not providing employees with accurate wage statements; and/or 6) not

14    paying employees timely all earned wages due upon termination.

15    d.    Plaintiff will adequately and fairly protect the interests of the members of the

16    Class.  Plaintiff has no interest adverse to the interests of absent Class members.

17    Plaintiff is represented by legal counsel who has substantial class action experience in civil

18    litigation and employment law.

19    e.    A class action is superior to other available means for fair and efficient

20    adjudication of the claims of the Class and would be beneficial for the parties and the court.

21    Class action treatment will allow a large number of similarly situated persons to

22    prosecute their common claims in a single forum, simultaneously, efficiently, and

23    without the unnecessary duplication of effort and expense that numerous individual

24    actions would require.  Further, the monetary amounts due to many individual Class

25    members are likely to be relatively small, and the burden and expense of individual

26    litigation would make it difficult or impossible for individual members of the Class to seek

27    and obtain relief.  A class action will serve an important public interest by permitting such

28    individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation

1    prevents the potential for inconsistent or contradictory judgments raised by individual

2    litigation.

3                              **FIRST CAUSE OF ACTION**

4                         **FAILURE TO PAY MINIMUM WAGES**

5            **(By Plaintiff and the Unpaid Wages Subclass against all Defendants)**

6            12.    Plaintiff incorporates by reference paragraphs 1 through 11 above.

7            13.    At all relevant times, Plaintiff and the other members of the Unpaid Wages

8    Subclass were employees of Defendants covered by Labor Code Section 1197, Wage Order 7-

9    2001 and Wage Order MW-2001.

10           14.    Pursuant to Labor Code Section 1197, Wage Order 7-2001 and Wage Order

11   MW-2001, Plaintiffs and other members of the Unpaid Wages Subclass were entitled to receive

12   minimum wages for all hours worked.

13           15.    Defendants failed to pay Plaintiff and other members of the Unpaid Wages

14   Subclass for all hours worked in violation of Labor Code Section 1197, Wage Order 7-2001 and

15   Wage Order MW-2001.  Plaintiffs are informed and believe and thereon allege that at all

16   relevant times within the applicable limitations period, Defendants maintained and continue to

17   maintain a policy or practice of suffering or permitting non-exempt employees to work off the

18   clock without compensating them for their hours worked off the clock.

19           16.    As a result of Defendants' unlawful conduct, Plaintiffs and other members of the

20   Unpaid Wages Subclass have suffered damages in an amount, subject to proof, to the extent

21   they were not paid minimum wages for all hours actually worked.

22           17.    Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiffs and other members

23   of the Unpaid Wages Subclass are entitled to recover the full amount of their unpaid minimum

24   wages, interest thereon, liquidated damages, reasonable attorney fees and costs of suit.

25                            **SECOND CAUSE OF ACTION**

26                         **FAILURE TO PAY OVERTIME WAGES**

27           **(By Plaintiff and the Unpaid Wages Subclass against all Defendants)**

28           18.    Plaintiff incorporates by reference paragraphs 1 through 17 above.

---

SECOND AMENDED COMPLAINT

6

1    19.    At all relevant times, Plaintiff and the other members of the Unpaid Wages

2    Subclass were employees of Defendants covered by Labor Code Section 510 and Wage Order 7-

3    2001.

4    20.    Pursuant to Labor Code Section 510 and Wage Order 7-2001, Plaintiff and the

5    other members of the Unpaid Wages Subclass were entitled to overtime wages payable at the

6    rate of at least one and one-half times their regular rate of pay for all work in excess of eight

7    hours in one workday or in excess of forty hours in one workweek and payable at the rate of at

8    least twice the regular rate of pay for all work in excess of twelve hours in one workday.

9    21.    Defendants failed to pay Plaintiff and other members of the Unpaid Wages

10   Subclass for overtime in accordance with Labor Code Section 510 and Wage Order 7-2001.

11   Plaintiff is informed and believes and thereon alleges that at all relevant times within the

12   applicable limitations period, Defendants maintained and continue to maintain a policy or

13   practice of suffering or permitting non-exempt employees to work overtime hours off the clock

14   without compensating them for their overtime hours worked off the clock.

15   22.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the

16   Unpaid Wages Subclass have suffered damages in an amount, subject to proof, to the extent

17   they were not paid overtime wages for all overtime hours worked.

18   23.    Pursuant to Labor Code Section 1194, Plaintiff and members of the Unpaid

19   Wages Subclass are entitled to recover the full amount of their unpaid overtime wages, interest

20   thereon, reasonable attorney fees and costs of suit.

21                           **THIRD CAUSE OF ACTION**

22                   **FAILURE TO PROVIDE MEAL PERIODS**

23   **(By Plaintiff and the Meal and Rest Period Subclass against all Defendants)**

24   24.    Plaintiff incorporates by reference paragraphs 1 through 11 above.

25   25.    At all relevant times, Plaintiff and the other members of the Meal and Rest

26   Period Subclass were employees of Defendants covered by Labor Code Sections 512 and 226.7

27   and Wage Order 7-2001.

28   26.    Pursuant to Labor Code Sections 512 and 226.7 and Wage Order 7-2001,

---

SECOND AMENDED COMPLAINT

7

1  Plaintiff and the other members of the Meal and Rest Period Subclass were entitled to a meal

2  period of at least 30 minutes for each workday they worked more than five hours.

3      27.    Defendants failed to provide Plaintiff and other members of the Meal and Rest

4  Period Subclass meal periods in accordance with Labor Code Sections 512 and 226.7 and Wage

5  Order 7-2001. Plaintiff is informed and believes and thereon alleges that at all relevant times

6  within the applicable limitations period, Defendants maintained and continue to maintain a

7  policy or practice of not providing non-exempt employees with a meal period when they worked

8  more than five hours in a workday.

9      28.    Defendants failed to provide Plaintiff and other members of the Meal and Rest

10  Period Subclass the additional hour of pay required by Labor Code Section 226.7 and Wage

11  Order 7-2001. Plaintiff is informed and believe and thereon alleges that at all relevant times

12  within the applicable limitations period, Defendants maintained and continue to maintain a

13  policy or practice of not paying additional pay to non-exempt employees for missed meal

14  periods.

15      29.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Meal

16  and Rest Period Subclass have suffered damages in an amount, subject to proof, to the extent

17  they were not paid additional pay owed for missed meal periods.

18      30.    Pursuant to Labor Code Section 218, Plaintiff and members of the Meal and Rest

19  Period Subclass are entitled to recover the full amount of their unpaid additional pay.

20                  **FOURTH CAUSE OF ACTION**

21              **FAILURE TO ALLOW REST PERIODS**

22      **(By Plaintiff and the Meal and Rest Period Subclass against all Defendants)**

23      31.    Plaintiff incorporates by reference paragraphs 1 through 11 above.

24      32.    At all relevant times, Plaintiff and the other members of the Meal and Rest

25  Period Subclass were employees of Defendants covered by Labor Code Sections 512 and 226.7

26  and Wage Order 7-2001.

27      33.    Pursuant to Labor Code Sections 512 and 226.7 and Wage Order 7-2001,

28  Plaintiff and the other members of the Meal and Rest Period Subclass were entitled to rest

1   periods of at least 10 minutes for each four hour period of work.

2       34.    Defendants failed to allow Plaintiff and other members of the Meal and Rest

3   Period Subclass rest periods in accordance with Labor Code Section 512 and 226.7 and Wage

4   Order 7-2001. Plaintiff is informed and believes and thereon alleges that at all relevant times

5   within the applicable limitations period, Defendants maintained and continue to maintain a

6   policy or practice of not allowing non-exempt employees to take rest periods for each four hours

7   of work.

8       35.    Defendants failed to provide Plaintiff and other members of the Meal and Rest

9   Period Subclass the additional hour of pay required by Labor Code Section 226.7 and Wage

10  Order 7-2001. Plaintiff is informed and believe and thereon alleges that at all relevant times

11  within the applicable limitations period, Defendants maintained and continue to maintain a

12  policy or practice of not paying additional pay to non-exempt employees for missed rest periods.

13      36.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Meal

14  and Rest Period Subclass have suffered damages in an amount, subject to proof, to the extent

15  they were not paid additional pay owed for missed rest periods.

16      37.    Pursuant to Labor Code Section 218, Plaintiff and members of the Meal and Rest

17  Period Subclass are entitled to recover the full amount of their unpaid additional pay.

18              **FIFTH CAUSE OF ACTION**

19      **FAILURE TO PAY ALL WAGES EARNED EACH PAY PERIOD**

20      **(By Plaintiff and the Unpaid Wages Subclass against all Defendants)**

21      38.    Plaintiff incorporates by reference paragraphs 1 through 23 above.

22      39.    At all relevant times, Plaintiff and the other members of the Unpaid Wages

23  Subclass were employees of Defendants covered by Labor Code Section 204.

24      40.    Pursuant to Labor Code Section 204, Plaintiff and the other members of the

25  Unpaid Wages Subclass were entitled to receive on regular paydays all wages earned for the pay

26  period corresponding to the payday.

27      41.    Defendants failed to pay Plaintiff and other members of the Unpaid Wages

28  Subclass for all wages earned each pay period on the regular payday for the pay period.

1   Plaintiff is informed and believes and thereon alleges that at all relevant times within the

2   applicable limitations period, Defendants maintained and continue to maintain a policy or

3   practice of suffering or permitting non-exempt employees to work off the clock without

4   compensating them for their regular or overtime hours worked off the clock.

5       42.     As a result of Defendants' unlawful conduct, Plaintiff and members of the

6   Unpaid Wages Subclass have suffered damages in an amount, subject to proof, to the extent

7   they were not paid for all wages earned during each pay period.

8       43.     Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and members of

9   the Unpaid Wages Subclass are entitled to recover the full amount of their unpaid wages,

10  interest thereon, reasonable attorney fees and costs of suit.

11                          **SIXTH CAUSE OF ACTION**

12              **FAILURE TO PAY WAGES TIMELY UPON TERMINATION**

13          **(By Plaintiff and the Final Wages Subclass against all Defendants)**

14      44.     Plaintiff incorporates by reference paragraphs 1 through 23 above.

15      45.     At all relevant times, Plaintiff and the other members of the Final Wages

16  Subclass were employees of Defendants covered by Labor Code Sections 201 or 202.

17      46.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Final

18  Wages Subclass were entitled upon termination to timely payment of all wages earned and

19  unpaid prior to termination.  Discharged employees were entitled to payment of all wages

20  earned and unpaid prior to discharge immediately upon termination.  Employees who resigned

21  were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours

22  after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to

23  payment of all wages earned and unpaid prior to resignation at the time of resignation.

24      47.     Defendants failed to pay Plaintiff and members of the Final Wages Subclass all

25  wages earned and unpaid prior to termination timely in accordance with Labor Code Section

26  201 or 202.  Plaintiff is informed and believes and thereon alleges that at all relevant times

27  within the applicable limitations period, Defendants maintained and continue to maintain a

28  policy or practice of suffering or permitting non-exempt employees to work off the clock

---

SECOND AMENDED COMPLAINT

10

1    without compensating them for their regular or overtime hours worked off the clock.

2        48.    Defendants' failure to pay Plaintiff and members of the Final Wages Subclass all

3    wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was

4    willful. Defendants had the ability to pay all wages earned by employees prior to termination in

5    accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices

6    incompatible with the requirements of Labor Code Sections 201 or 202.

7        49.    Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Final

8    Wages Subclass are entitled to all wages earned prior to termination that Defendants did not pay

9    them.

10       50.    Pursuant to Labor Code Section 203, Plaintiff and members of the Final Wages

11   Subclass are entitled to continuation of their wages, from the day their earned and unpaid wages

12   were due upon termination until paid, up to a maximum of 30 days.

13       51.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Final

14   Wages Subclass have suffered damages in an amount, subject to proof, to the extent they were

15   not paid for all wages earned prior to termination.

16       52.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Final

17   Wages Subclass have suffered damages in an amount, subject to proof, to the extent they were

18   not paid all continuation wages owed under Labor Code Section 203.

19       53.    Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and members of

20   the Final Wages Subclass are entitled to recover the full amount of their unpaid wages under

21   Labor Code Sections 201 or 202, continuation wages under Labor Code Section 203, interest on

22   all unpaid wages, reasonable attorney fees and costs of suit.

23                        **SEVENTH CAUSE OF ACTION**

24               **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

25            **(By Plaintiff and the Wage Statement Subclass against all Defendants)**

26       54.    Plaintiff incorporates by reference paragraphs 1 through 23 above.

27       55.    At all relevant times, Plaintiff and the other members of the Wage Statement

28   Subclass were employees of Defendants covered by Labor Code Section 226.

1        56.    Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the

2    Wage Statement Subclass were entitled to receive, semimonthly or at the time of each payment

3    of wages, an accurate itemized statement showing gross wages earned; net wages earned; and

4    all applicable hourly rates in effect during the pay period and the corresponding number of hours

5    worked at each hourly rate by the employee.

6        57.    Defendants failed to provide Plaintiff and members of the Wage Statement

7    Subclass accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff

8    is informed and believes and thereon alleges that at all relevant times within the applicable

9    limitations period, Defendants maintained and continue to maintain a policy or practice of

10    suffering or permitting non-exempt employees to work off the clock without compensating them

11    for their regular or overtime hours worked off the clock.

12        58.    Defendants' failure to provide Plaintiff and members of the Wage Statement

13    Subclass with accurate wage statements was knowing and intentional. Defendants had the

14    ability to provide Plaintiff and members of the Wage Statement Subclass with accurate wage

15    statements but intentionally provided wage statements that Defendants knew were not accurate.

16        59.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Wage

17    Statement Subclass have suffered injury. The absence of accurate information on their wage

18    statements has prevented earlier challenges to Defendants' unlawful pay practices, required

19    discovery and mathematical computations to determine the amount of wages owed, caused

20    difficulty and expense in attempting to reconstruct time and pay records, and led to the

21    submission of inaccurate information about wages and amounts deducted from wages to state

22    and federal government agencies.

23        60.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage

24    Statement Subclass are entitled to recover fifty dollars for the initial pay period in which a

25    violation of Labor Code Section 226 occurred and one hundred dollars for each violation of

26    Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four

27    thousand dollars per employee.

28        61.    Pursuant to Labor Code Section 226(g), Plaintiff and members of the Wage

1  Statement Subclass are entitled to bring an action for injunctive relief to ensure Defendants'

2  compliance with Labor Code Section 226(a).  Injunctive relief is warranted because Defendants

3  continue to provide currently employed members of the Wage Statement Subclass with

4  inaccurate wage statements in violation of Labor Code Section 226(a) and currently employed

5  members of the Wage Statement Subclass have no adequate legal remedy for the continuing

6  injuries that will be suffered as a result of Defendants' ongoing unlawful conduct.  Injunctive

7  relief is the only remedy available for ensuring Defendants' compliance with Labor Code

8  Section 226(a).

9      62.    Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiff and members of the

10  Wage Statement Subclass are entitled to recover the full amount of penalties due under Labor

11  Code Section 226(e), reasonable attorney fees and costs of suit.

12              **EIGHTH CAUSE OF ACTION**

13                **UNFAIR COMPETITION**

14      **(By Plaintiff and the Class against all Defendants)**

15      63.    Plaintiff incorporates by reference paragraphs 1 through 62 above.

16      64.    The unlawful conduct of Defendants alleged herein constitutes unfair

17  competition within the meaning of Business and Professions Code Section 17200.  Due to

18  unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a

19  competitive advantage over other comparable companies doing business in the State of

20  California that comply with their obligations to compensate employees for all earned wages as

21  required by law.

22      65.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and

23  members of the Class have suffered injury in fact and lost money or property.  Plaintiff and

24  members of the Class have  been deprived of their rights to minimum wages, overtime wages,

25  meal periods, rest periods, additional pay for missed meal periods, additional pay for missed rest

26  periods, timely payment of all earned wages each pay period; accurate wage statements; and/or

27  timely payment of all earned wages due upon termination of employment.

28      66.    Pursuant to Business and Professions Code Section 17203, Plaintiff and members

---

SECOND AMENDED COMPLAINT

13

1  of the Class are entitled to restitution of all wages and other monies rightfully belonging to them

2  that Defendants failed to pay them and wrongfully retained by means of their unlawful and

3  unfair business practices.

4      67.    Pursuant to Business and Professions Code Section 17203, Plaintiff and members

5  of the Class are entitled to an injunction to prevent the continuation of Defendants' unlawful and

6  unfair business practices that constitute unfair competition.  Injunctive relief is warranted

7  because Defendants continue to engage in unlawful and unfair business practices with respect to

8  currently employed members of the Class, and such members of the Class have no adequate

9  legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing

10  unlawful conduct.  Injunctive relief is the only remedy available to prevent Defendants from

11  continuing to engage in unlawful and unfair business practices.

12      68.    Plaintiff and members of the Class are entitled to recover reasonable attorney

13  fees in connection with their unfair competition claims pursuant to Code of Civil Procedure

14  Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

15              **NINTH CAUSE OF ACTION**

16                  **CIVIL PENALTIES**

17  **(By Plaintiff and the Civil Penalties Subclass against all Defendants)**

18      69.    Plaintiff incorporates by reference paragraphs 1 through 62 above.

19      70.    Since one year preceding the filing of the complaint in this action (the "Civil

20  Penalty Period"), Chevron has violated Labor Code Sections 201, 202, 203, 204, 226(a), 226.7,

21  510, 512 and 1197.

22      71.    Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf

23  of himself and other current or former employees, to bring a civil action to recover civil

24  penalties pursuant to the procedures specified in Labor Code Section 2699.3.

25      72.    Plaintiff has complied with the procedures for bringing suit specified in Labor

26  Code Section 2699.3.  By letter dated and postmarked September 27, 2006, Plaintiff gave

27  written notice to the Labor and Workforce Development Agency ("LWDA") and to Chevron of

28  the specific provisions of the Labor Code alleged to have been violated, including the facts and

1  theories to support the alleged violations. A true and correct copy of this letter is attached

2  hereto as Exhibit 1. No notice from the LWDA of an intent to investigate was provided to

3  Plaintiff within 33 days of the postmark date of the letter from Plaintiff.

4      73.   Pursuant to Labor Code Sections 2699(a) and (f), Plaintiff and members of the

5  Civil Penalties Subclass are entitled to recover civil penalties for Chevron's violations of the

6  Labor Code during the Civil Penalty Period in the following amounts:

7      a.   For violation of Labor Code Section 201 or 202, one hundred dollars ($100) for

8  each employee per pay period for the initial violation and two hundred dollars ($200) for

9  each employee per pay period for each subsequent violation [penalty amounts established by

10  Labor Code Section 2699(f)(2)];

11      b.   For violation of Labor Code Section 203, one hundred dollars ($100) for each

12  employee per pay period for the initial violation and two hundred dollars ($200) for each

13  employee per pay period for each subsequent violation [penalty amounts established by

14  Labor Code Section 2699(f)(2)];

15      c.   For violation of Labor Code Section 204, one hundred dollars ($100) for the

16  initial failure to pay each employee, and for each subsequent violation, two hundred dollars

17  ($200) for each failure to pay each employee plus 25% of the amount unlawfully withheld

18  [penalty amounts established by Labor Code Section 210];

19      d.   For violation of Labor Code Section 226(a), two hundred fifty dollars ($250) per

20  employee for initial violation and one thousand dollars ($1,000) per employee for each

21  subsequent violation [penalty amounts established by Labor Code Section 226.3];

22      e.   For violation of Labor Code Section 226.7, one hundred dollars ($100) for each

23  employee per pay period for the initial violation and two hundred dollars ($200) for each

24  employee per pay period for each subsequent violation [penalty amounts established by

25  Labor Code Section 2699(f)(2)];

26      f.   For violation of Labor Code Section 510, fifty dollars ($50) for each

27  employee for each pay period in addition to an amount sufficient to recover unpaid wages

28  for the initial violation, and for each subsequent violation, one hundred dollars ($100) for

SECOND AMENDED COMPLAINT

1    each employee for each pay period in addition to an amount sufficient to recover unpaid

2    wages [penalty amounts established by Labor Code Section 558].

3        g.        For violation of Labor Code Section 512, fifty dollars ($50) for each

4    employee for each pay period in addition to an amount sufficient to recover unpaid wages

5    for the initial violation, and for each subsequent violation, one hundred dollars ($100) for

6    each employee for each pay period in addition to an amount sufficient to recover unpaid

7    wages [penalty amounts established by Labor Code Section 558]; and.

8        h.        For violation of Labor Code Section 1197, one hundred dollars ($100) for each

9    underpaid employee for each pay period for the initial violation, and for each subsequent

10   violation, two hundred fifty dollars ($250) for each underpaid employee for each pay period

11   [penalty amounts established by Labor Code Section 1197.1].

12       74.        Pursuant to Labor Code Section 2699(g), Plaintiff and members of the Class are

13   entitled to an award of reasonable attorney fees and costs in connection with their claims for

14   civil penalties.

15                                **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, prays for

17   relief and judgment against Defendants as follows:

18   **CLASS CERTIFICATION**

19       A.        An order that the action be certified as a class action;

20       B.        An order that Plaintiff be certified as the representative of the Class;

21       C.        An order that counsel for Plaintiff be confirmed as Class counsel;

22   **ON THE FIRST CAUSE OF ACTION**

23       D.        Damages for unpaid minimum wages;

24       E.        Prejudgment interest;

25       F.        Liquidated damages under Labor Code Section 1194.2;

26       G.        Reasonable attorney fees under Labor Code Section 1194;

27   **ON THE SECOND CAUSE OF ACTION**

28       H.        Damages for unpaid overtime wages;

1      I.      Prejudgment interest;

2      J.      Reasonable attorney fees under Labor Code Section 1194;

3 **ON THE THIRD CAUSE OF ACTION**

4      K.      Damages for unpaid additional pay owed for missed meal periods;

5 **ON THE FOURTH CAUSE OF ACTION**

6      L.      Damages for unpaid additional pay owed for missed rest periods;

7 **ON THE FIFTH CAUSE OF ACTION**

8      M.      Damages for unpaid wages owed each pay period;

9      N.      Prejudgment interest;

10      O.      Reasonable attorney fees under Labor Code Section 218.5;

11 **ON THE SIXTH CAUSE OF ACTION**

12      P.      Damages for unpaid wages owed upon termination;

13      Q.      Damages for unpaid continuation wages under Labor Code Section 203;

14      R.      Prejudgment interest;

15      S.      Reasonable attorney fees under Labor Code Section 218.5;

16 **ON THE SEVENTH CAUSE OF ACTION**

17      T.      Penalties under Labor Code Section 226(e);

18      U.      An order requiring Defendants to comply with Labor Code Section 226(a);

19      V.      Reasonable attorney fees under Labor Code Section 226(e) and/or 226(g);

20 **ON THE EIGHTH CAUSE OF ACTION**

21      W.      Restitution of all wages and other monies rightfully belonging to members of the

22      Class that Defendants failed to pay them and wrongfully retained by means of

23      their unlawful and unfair business practices;

24      X.      An order enjoining Defendants from further unfair and unlawful business

25      practices in violation of Business and Professions Code Section 17200;

26      Y.      Reasonable attorney fees under Code of Civil Procedure Section 1021.5, the

27      substantial benefit doctrine and/or the common fund doctrine;

28 / / /

1  **ON THE NINTH CAUSE OF ACTION**

2       Z.     Civil penalties under Labor Code Section 2699;

3       AA.    Attorney fees under Labor Code Section 2699(g);

4  **ON ALL CAUSES OF ACTION**

5       BB.    Judgment in favor of Plaintiff and the Class and against Defendants;

6       CC.    Costs of suit; and

7       DD.    Such other relief as the Court deems just and proper.

8

9  DATED: November 7, 2006       SPIRO MOSS BARNESS HARRISON & BARGE LLP

10         By: _____

11               Gregory N. Karasik
             Attorneys for Plaintiff

12

13             **DEMAND FOR JURY TRIAL**

14      Plaintiff demands a trial by jury for herself and the Class on all claims so triable.

15  DATED: November 7, 2006       SPIRO MOSS BARNESS HARRISON & BARGE LLP

16         By: _____

17               Gregory N. Karasik
             Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

**Exhibit No. 1**



# SPIRO MOSS BARNESS HARRISON & BARGE LLP

### Attorneys at Law

11377 W. Olympic Boulevard • Fifth Floor • Los Angeles, California 90064
Telephone (310) 235-2468 • Facsimile (310) 235-2456

September 27, 2006

VIA CERTIFIED MAIL

Victoria L. Bradshaw
Secretary, Labor & Workforce Development Agency
801 K Street
Sacramento, California 95814

> Re:        Labor Code 2699 Notice Letter
> On Behalf of Aggrieved Employee Dalila Sandoval
>
> Employer:    Chevron Stations, Inc.

Dear Ms. Bradshaw:

This letter shall constitute notification under Labor Code § 2699.3(a)(1) that Dalila Sandoval alleges that her former employer, Chevron Stations, Inc. ("CSI") has violated various provisions of the Labor Code. Ms. Sandoval contends that, within the applicable limitations periods, CSI:

1.    Failed to provide Ms. Sandoval and other similarly situated employees with meal periods in accordance with Labor Code Section 512;

2.    Failed to provide Ms. Sandoval and other similarly situated employees with rest periods in accordance with Labor Code Section 512;

3.    Failed to provide Ms. Sandoval and other similarly situated employees with additional pay for missed meal periods in accordance with Labor Code Section 226.7;

4.    Failed to provide Ms. Sandoval and other similarly situated employees with additional pay for missed rest periods in accordance with Labor Code Section 226.7;

5.    Failed to pay Ms. Sandoval and other similarly situated employees minimum wages for all hours worked in accordance with Labor Code Section 1197;

6.    Failed to pay Ms. Sandoval and other similarly situated employees overtime for all overtime hours worked in accordance with Labor Code Section 510;

7.    Failed to pay Ms. Sandoval and other similarly situated employees all wages owed each payday in accordance with Labor Code Section 204;

Victoria L. Bradshaw
September 27, 2006
page 2

8.  Failed to pay Ms. Sandoval and other similarly situated employees all wages owed at the time of termination in accordance with Labor Code Section 201 or 202;

9.  Failed to pay Ms. Sandoval and other similarly situated employees continuation wages in accordance with Labor Code Section 203; and

10. Failed to provide Ms. Sandoval and other similarly situated employees with accurate wage statements in accordance with Labor Code Section 226(a).


Please advise within the required time period whether or not the LWDA intends to investigate these alleged violations.  If no such notice is provided within 33 calendar days of the postmark date of this letter, Ms. Sandoval may commence an action for civil penalties pursuant to Labor Code Section 2699.

Sincerely,

SPIRO MOSS BARNESS HARRISON & BARGE LLP

Gregory N. Karasik


cc: Steven B. Katz, Esq (counsel for CSI)

**PROOF OF SERVICE**
**Sandoval v. Chevron Stations, Inc.**
**MCSC Case No. CV 061690**

I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., Fifth Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss Barness Harrison & Barge LLP. On the date set forth below I served the document(s) described as

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

on all the interested parties in this action, by placing: [ ] the original [xx] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss Barness Harrison & Barge LLP:

Steven B. Katz
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539

**[ X ]  BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the United States Postal Service. On the date set forth below, at the firm of Spiro Moss Barness Harrison & Barge LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss Barness Harrison & Barge LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

**[ ]  BY MAIL:** On the date set forth below I deposited such envelope(s), in a mailbox regularly maintained by the U.S. Postal Service in Los Angeles County, California. The envelope(s) was/were deposited with postage thereon fully prepaid.

**[ ]  BY METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY** On the date set forth below I deposited such envelope(s) in a box or other facility regularly maintained by the express service carrier, or delivered such envelope(s) to an authorized courier or driver authorized by the express service carrier to receive documents, with delivery fees paid or provided for. The envelope was an envelope or package designated by the express service carrier.

**[ X ]  (BY FACSIMILE)** On the date set forth below, at approximately 5:30 p.m., I transmitted the above document(s) from fax machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The fax machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

**[ ] (BY PERSONAL SERVICE -- AT OFFICE OF ATTORNEYS)**: I personally served said document(s) on the date set forth below, by leaving them, inside the envelope(s) clearly labeled to identify the attorney(s) being served, at the offices of the attorney(s) listed above, at the address(es) listed above, with a receptionist or other person having charge of the office(s), between the hours of 9:00 a.m. and 5:00 p.m.

**[ ] (BY PERSONAL SERVICE -- BY HAND DELIVERY TO ATTORNEYS)**: I caused to be personally served said document(s) on the date set forth below, by handing them to one of the attorneys of record for each party as listed above (in each case of a law firm listed above as attorneys of record, I handed the document(s) to an attorney who is a member of that law firm).

**[ X ] (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]    (FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Los Angeles County, California, on November 7, 2006.

_Dalia Iracheta_
Dalia Iracheta

# Exhibit B

1  Joseph Lavi, Esq. (State Bar No. 209776)
   N. Nick Ebrahimian, Esq. (State Bar No. 219270)
2  **LAVI & EBRAHIMIAN, LLP**
   8383 Wilshire Blvd., Suite 840
3  Beverly Hills, California 90211
   Telephone (323) 653-0086
4  Facsimile (323) 653-0081

5  Attorneys for PLAINTIFF
   HAROLD EUGENE MORRIS

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES-CENTRAL

10

11  HAROLD EUGENE MORRIS on behalf of      ) **CLASS ACTION**
    himself and others similarly situated.

12                                           Case No.:  BC361380

13

14          PLAINTIFF,                       **PLAINTIFF'S    COMPLAINT    FOR
                                             DAMAGES    AND    EQUITABLE    RELIEF**
15                                           **FOR**

16  vs.
                                             1.   **FAILURE   TO   PAY   MINIMUM**
17                                                **WAGES    IN    VIOLATION    OF**
                                                 **LABOR CODE §§ 510, 1194, 1194.2**
18                                                **AND 1197, WAGE ORDER NO. 7;**

19  CHEVRON STATIONS, INC.; and DOES 1 to    2.   **FAILURE   TO   PAY   OVERTIME**
20  100, Inclusive.                               **WAGES    IN    VIOLATION    OF**
                                                 **LABOR CODE §§ 510, 1194, 1194.2,**
                                                 **1197, 1199 AND WAGE ORDER NO.**
21          DEFENDANTS.                           **7;**

22                                           3.   **FAILURE   TO   PAY   WAGES   AT**
23                                                **CONTRACTUAL    RATES    IN**
                                                 **VIOLATION OF LABOR CODE §§**
24                                                **201, 202 AND 204;**

25                                           4.   **FAILURE   TO   PROVIDE   MEAL**
26                                                **PERIODS    IN    VIOLATION    OF**
                                                 **LABOR CODE §§ 226.7, 512, AND**
27                                                **WAGE ORDER NO. 7;**

                                             5.   **FAILURE   TO   FURNISH   TIMELY**
28                                                **AND    ACCURATE    WAGE**

            PLAINTIFF'S COMPLAINT FOR DAMAGES
                          1

|  | ) | STATEMENTS IN VIOLATION OF LABOR CODE §§ 226 AND 226.3 |
|---|---|---|
|  | ) | 6.    VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), BUSINESS AND PROFESSIONS CODE, § 17200 ET SEQ. |
|  | ) | DEMAND FOR JURY TRIAL |

           NOW COMES PLAINTIFF HAROLD EUGENE MORRIS (hereinafter "PLAINTIFF") and alleges and complains against DEFENDANTS CHEVRON STATIONS, INC. and DOES 1 to 100, Inclusive, (hereinafter collectively "DEFENDANTS") as follows:

## I.    INTRODUCTION

    1.    This is a class action, under Code of Civil Procedure § 382, seeking unpaid wages and interest thereon for off-the-clock work, remedies for missed meal periods, waiting time penalties in the form of continuation wages for failure to timely pay employees, remedies for failure to provide accurate wage statements, injunctive relief and other equitable relief, reasonable attorney's fees and costs, brought on behalf of Plaintiff and others similarly situated.

## II.    JURISDICTION AND VENUE

    2.    This Court has jurisdiction over this action under Article 6 of the California Constitution and Code of Civil Procedure § 410.10.

    3.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid minimum wages and overtime under Labor Code § 1194.

    4.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for waiting time penalties and meal period violations under Labor Code § 218.

    5.    This Court has jurisdiction over Plaintiff's and the Class' pay statement claims



1  pursuant to Labor Code § 226.

2     6.     This Court has jurisdiction over Plaintiff's and the Class Members' claims for

3  injunctive relief, and restitution of unpaid wages and other ill-gotten benefits arising from

4  Defendants' unlawful and/or unfair business practices under Business & Professions Code §§ 17200

5  *et seq.*

6

7     7.     Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395.5

8  because the acts, conduct, and events alleged herein occurred, as to a large number of class

9  members, including Plaintiff, in Los Angeles County.  Defendants operate gas stations in Los

10  Angeles County as well as in other counties within the State of California.

11

**III.     PARTIES**

12

13     8.     Plaintiff Harold E. Morris is a Los Angeles County resident.  Mr. Morris was

14  employed by Defendants on an hourly basis to perform retail clerk duties (designated herein as

15  "retail clerk") at Chevron gas stations owned by Defendants in Los Angeles County.

16     9.     Plaintiff appears in this action on behalf of himself and on behalf of all others

17  similarly situated.

18

19     10.     Defendant Chevron Stations, Inc. is a Delaware corporation doing business in

20  California and throughout the United States.  Chevron Stations, Inc. does business in Los Angeles

21  County, California and at relevant times employed Plaintiff and numerous other hourly paid retail

22  clerks in Los Angeles County, throughout California and the rest of the United States.  Defendant

23  Chevron Stations, Inc. has significant contacts with Los Angeles County and the activities

24  complained of herein occurred in whole or in part, in Los Angeles County.

25     11.     Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through

26  100 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

27

28



12.     Plaintiff is unaware of the true names of Defendants Does 1 through 100. Plaintiff sues said defendants by said fictitious names, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this complaint.

13.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants. As used in this complaint, "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Defendants Chevron Stations, Inc., Chevron Corporation and Does 1 through 100.

14.     At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

PLAINTIFF'S COMPLAINT FOR DAMAGES

4



15.    Plaintiff makes the allegations in this complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV.    FACTS COMMON TO CAUSES OF ACTION

16.    Plaintiff is informed and believes and thereon alleges that Defendants operated over 200 gas stations throughout California during the liability period.

17.    At all times during the liability period, Defendants employed Plaintiff and numerous other similarly situated hourly paid retail clerks at gas stations located in Los Angeles County and throughout the state of California.

18.    At all times during the liability period, Plaintiff and other similarly situated employees at gas stations were assigned to various locations and at times were required to work shifts lasting over five (5) hours and were not provided and did not take a thirty (30) minute, uninterrupted meal break that commenced before the conclusion of their shifts, or before they completed over 5 hours of work.

19.    At all times during the liability period, Plaintiff and other similarly situated retail clerks at gas stations were suffered permitted and required, by the nature of their work, to continue working "off-the-clock" several minutes per shift, after their shift ended, counting the cash received during their shift, reconciling their cash registers, cigarette and/or lottery sales, in addition to performing other shift-change related procedures as required by Defendants such as stoking shelves. Plaintiff and all other similarly situated employees at gas stations were not compensated for this off-the-clock work.

20.    At all times during the liability period, Plaintiff and other similarly situated retail clerks at gas stations did not receive pay checks that reflected the additional hour of pay owed them

1  for missed statutory meal breaks, or reflected the additional money owed them for working off-the-
2  clock.
3  **V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**
4
5     21.    Plaintiff brings this action on behalf of himself, on behalf of all others similarly
6  situated, and on behalf of the General Public, and as a member of a Class defined as follows:
7        **A.    All Current and Former Hourly Paid Retail Clerks Employed by**
8     **Defendants in California at Any Time Beginning Four (4) Years Prior to the**
9     **Filing of the Complaint Through the Date Notice Is Mailed to the Class ("Retail**
10    **Clerk Class").**
11
12    22.    This action has been brought and may be properly maintained as a class action
13 pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law.
14    23.    **Numerosity of the Classes** - Code of Civ. Proc. § 382: Members of the Class are so
15 numerous that their individual joinder is impracticable.  Plaintiff estimates that there are no less than
16 500 persons in the Retail Clerk Class.  The precise number of Class members and their addresses
17 are unknown to Plaintiff, however Plaintiff is informed and believes that the number can be
18 obtained from Defendants' records.  Class members may be notified of the pendency of this action
19 by electronic mail, the Internet, other mail, or published notice.
20
21    24.    **Existence of Predominance of Common Questions of Fact and Law** - Code of
22 Civ. Proc. § 382: Common questions of law and fact exist as to all members of the Class.  These
23 questions predominate over any questions effecting only individual members of the class.  These
24 common legal and factual question include:
25       (a)    Whether Defendants failed to pay members of the Retail Clerk Class for all
26 hours worked by suffering and permitting them to perform post shift duties for which they were not
27
28

PLAINTIFF'S COMPLAINT FOR DAMAGES
6

paid;

(b)     Whether Defendants failed to provide members of the Retail Clerk Class timely, thirty (30) minute, uninterrupted meal breaks as contemplated by California law for work periods that lasted more than five (5) hours;

(c)     Whether Defendants violated IWC Wage Order No. 7-2000, 7-2001 and Labor Code §§ 226.7 and 512 by failing to afford members of the Retail Clerk Class timely meal periods;

(d)     Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code §§ 17200 *et seq.*;

(e)     Whether Retail Clerk Class members are entitled to unpaid wages, waiting time penalties and other relief in conjunction with their off-the-clock claims;

(f)     Whether the remedy for an employer's failure to provide meal periods as required by the law is a premium wage for the hardship of missing a lawful meal period, or a penalty;

(g)     Whether, as a consequence of Defendants' unlawful conduct, the Class members are entitled to restitution, and/or equitable relief;

(h)     Whether Defendants affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff, and the Class members as a whole.

25.     **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff, as a Retail Clerk was exposed to the same unlawful business practices as the members of the class. Plaintiff sustained the same types of damages and losses that members of the class sustained.

26.     **Adequacy:** Plaintiff is an adequate representative of the Class because his interests

do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

27. **Superiority and Substantial Benefit:**  The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. The damages suffered by each individual Class member may be limited. *Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.* Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. *Even if members of the Class themselves could afford such individual litigation, the court system could not.* Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, *the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.*

28. In the alternative, the Class should be certified because:

(a)    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

(b)    The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

PLAINTIFF'S COMPLAINT FOR DAMAGES

8



(c)     Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the General Public, thereby making appropriate final and injunctive relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION

**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
**Violation of California Labor Code §§ 510, 1194, 1194.2, 1197, 1199;**
**Wage Order Nos. 7-2000 and 7-2001**
**(Against All Defendants)**

29.     Plaintiff incorporates paragraphs 1 through 28 as if fully set forth here.

30.     Pursuant to California Labor Code §§ 510, 1194, 1194.2 and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked, as required by the applicable IWC Wage Order, 8 Cal. Admin. Code § 11070, (Wage Order No. 7).

31.     Pursuant to IWC Wage Order No. 7, at all times material hereto "hours worked" included "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

32.     During the liability period, Plaintiff and all the other Retail Clerk Class members were suffered, permitted and required, to perform work "off-the-clock," for which they received no pay.

33.     During the liability period, under the provisions of IWC Wage Order No. 7, Plaintiff and each Retail Clerk Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

34.     For all hours that Plaintiff and the Retail Clerk Class members worked and received no pay, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2 (a) liquidated damages in an amount equal to the unpaid minimum wages and interest

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
9

1  including counting cash received during their shift, reconciling the cash register, stoking shelves and

2  other shift transition procedures before each employee was free to leave the workplace.

3      41.    Plaintiff is informed and believes, and thereon alleges, that the work days in which

4  Plaintiff and the Retail Clerk Class members were not paid for all hours worked, counting unpaid

5  work time, were often work days of more than eight (8) hours in a day, and the work weeks in which

6

7  the employees were not paid for all hours worked, counting unpaid work time, were often work

8  weeks of greater than forty (40) hours in a week.

9      42.    Defendants failed to pay Plaintiff and the other Retail Clerk Class members 1.5 times

10  their regular rate of pay for all hours of work greater than eight (8) in a day or forty (40) in a week

11  by failing to pay for all time worked in work days over 8 hours and work weeks over 40 hours.

12

13      43.    For all work time over eight (8) hours in a day and over forty (40) in a week, that the

14  Class members were not properly paid at the appropriate rate, Class members are entitled to

15  overtime pay at one and one-half times their true regular rate, plus interest thereon, and pursuant to

16  Labor Code § 1194, attorneys' fees and costs according to proof.

17      44.    For those Retail Clerk Class members who no longer work for Defendants, pursuant

18  to Labor Code §§ 201-203, these Retail Class members are entitled to waiting-time penalties for

19  Defendants failure to properly pay them overtime pay when due.

20

21      45.    WHEREFORE, Plaintiff and the Retail Class members are entitled to their unpaid

22  overtime wages, and waiting time penalties according to proof, interest, attorney fees, and costs

23  pursuant to Labor Code section 1194, subdivision (a).

24

25                          **THIRD CAUSE OF ACTION**

26              **FAILURE TO PAY WAGES AT CONTRACTUAL RATES**
                    **Violation of Labor Code § § 201, 202 and 204**
27                          **(Against All Defendants)**

28

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

11



46.    Plaintiff incorporates paragraphs 1 through 45 as if fully set forth here.

47.    Pursuant to California Labor Code §§ 201, 202, and 204, Defendants have statutory obligations to pay employees the wages they earn twice during each calendar month or if a collective bargaining agreement provides a different pay arrangement, as often as the collective bargaining agreement provides (Labor Code § 204); and Defendants have a further statutory obligation to pay employees the wages they earned, when they resign and/or when they are discharged. (Labor Code §§ 201 and 202).

48.    Plaintiff and the members of the Class earned wages at implied in fact contractual straight time and overtime rates for the "off-the-clock" work that they were suffered and permitted to perform, that has not been paid, as required by Labor Code § 204 as to all currently employed and formerly employed Class Members, and as required by Labor Code §§ 201 and/or 202 as to all formerly employed Class Members. The applicable rates are reflected in the pay they received for the work that was actually paid.

49.    For all hours that Plaintiff and the Class Members earned wages that they were not paid in compliance with Labor Code §§ 201, 202, 204, they are entitled to such wages at their proper rates, interest and attorney's fees according to proof.

50.    Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members the amounts owed.

51.    A number of the Class Members no longer work for Defendants due to discharge or resignation. Pursuant to Labor Code 201, 202, and 203, Plaintiff and these Class Members are entitled to waiting-time penalties over the willful failure of Defendants to timely pay them the minimum wages owing to them upon their terminations.

52.    WHEREFORE, Plaintiff and the Class Members are entitled to pay at their

1   suffered irreparable harm and monetary damages entitling them to both injunctive relief and

2   restitution. Plaintiff, on behalf of himself and on behalf of the Retail Clerk Class, seeks damages

3   and all other relief allowable including premium pay for each work shift longer than five (5) hours

4   during which the employee was not provided a full thirty (30) minute uninterrupted meal break,

5   attorneys fees, prejudgment interest, and as to those employees no longer employed by Defendants,

6   waiting time penalties pursuant to Labor Code §§ 200 et seq.

7

8        58.    WHEREFORE, Plaintiff and the Retail Clerk Class members are entitled to one hour

9   of pay for each missed meal break, pre-judgment interest, attorneys' fees and costs, and for the

10  Retail Clerk Class members no longer employed, waiting time penalties pursuant to Labor Code

11  §203.

12

13

14                          **FIFTH CAUSE OF ACTION**

15          **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
                   **Violation of California Labor Code §§ 226, 226.3**
16                         **Retail Clerk Class Members**
                           **(Against All Defendants)**
17

18       59.    Plaintiff incorporates preceding paragraphs 1 through 58 as if fully set forth here.

19       60.    California Labor Code § 226 (a) requires employers to semi-monthly or at the time

20  each payment of wages is made, to furnish each hourly paid employee with a statement itemizing,

21  inter alia, the gross wages earned by the employee, and total hours worked. Labor Code § 226 (b)

22  provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter

23  alia the total gross wages earned by the employee, and hours worked by the employee, then the

24  employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial

25  violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars

26  ($4000).

27

28

---

PLAINTIFF'S COMPLAINT FOR DAMAGES
14

61.     Plaintiff is informed and believes that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Retail Clerk Class Members with timely and accurate itemized statements accurately showing the gross wages earned by each of them, and accurately showing their work time, as required by *Labor Code §* *226 (a)* by leaving out the *premium wages* payable by virtue of the meal break violations, and by leaving out the time and wages for post-shift work.

62.     WHEREFORE, Defendants are liable to Plaintiff and other Retail Clerk Class Members for the amounts provided by *Labor Code § 226 (b).*

### SIXTH CAUSE OF ACTION

**UNFAIR COMPETITION**
**Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code § 17200 et. seq.**
**(Against All Defendants)**

63.     Plaintiff incorporates preceding paragraphs 1 through 62 as if fully set forth here.

64.     Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity as a private attorney general against Defendants and Does 1 through 50, for their unlawful business acts and/or practices pursuant to California Business & Professions Code section 17200 et seq. ("UCL") which prohibit all unlawful business acts and/or practices.

65.     Plaintiff asserts these claims as he is representative of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who been exposed to Defendants unlawful acts and/or practices and are owed wages that the Defendants should be required to pay or reimburse under the *restitutionary remedy* provided by California Business & Professions Code §§ 17200, et seq.

66.     Defendants' failure to provide legally required meal periods, and failure to properly

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
15



1    pay for all hours worked, as alleged above, constitute unlawful and/or unfair business acts and/or

2    practices within the meaning of California Business & Professions Code §§ 17200, et seq.

3            67.    As a result of their unlawful and/or unfair acts, Defendants have reaped and continue

4    to reap unfair benefits and illegal profits at the expense of Plaintiff and Retail Clerk Class Members.

5    Defendants should be enjoined from this activity and provide restitution by restoring to Plaintiff

6    and the other Retail Clerk Class members the wrongfully withheld wages.

7

8            68.    The acts and practices alleged in the preceding paragraphs occurred in connection

9    with Defendants' conduct of trade and commerce in California.

10           69.    Defendants' misconduct as alleged herein gave these Defendants an unfair

11   competitive advantage over their competitors.

12           70.    As a direct and proximate result of the aforementioned acts, Defendants, and each of

13   them, received and continue to hold monies which Plaintiff and the other Retail Clerk Class

14

15   Members have a possessory interest in.

16           71.    Defendants' conduct offends the established public policy of the State of California

17   and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

18

19           72.    Pursuant to Section 17203 of the UCL, Plaintiff seeks an order of this Court

20   enjoining Defendants from continuing to engage in the unlawful and/or unfair business practices,

21   and any other act prohibited by the UCL.

22           73.    WHEREFORE, Plaintiff and the other Retail Clerk Class members are entitled to

23   equitable relief, including restitution, attorney fees and costs, declaratory relief, and a permanent

24   injunction enjoining Defendants from their unlawful and/or unfair activity.

25   ///

26   ///

27

28

---

**PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the General Public, prays for judgment against Defendants as follows:

A.    An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the class;

B.    For all unpaid minimum wages and liquidated damaged due Plaintiff and each Class Member on their minimum wage claim;

C.    For all unpaid overtime wages due Plaintiff and each Class Member;

D.    For all unpaid contractual rate wages due Plaintiff and each Class Member;

E.    For one hour of wages due Plaintiff and each Class Member for each work period of more than five (5) hours within which they did not receive an uninterrupted thirty (30) minute meal break;

F.    For an order awarding restitution of the unpaid wages due Plaintiff and Class members;

G.    For an order awarding restitution of the meal break premium wages withheld by Defendants, together with interest thereon to the date of payment to the Class members;

H.    For an order requiring Defendants to immediately cease their unlawful and wrongful conduct as set forth above; enjoining Defendants from continuing to fail to provide its employees with lawfully required uninterrupted thirty (30) minute meal break periods, and enjoining defendants from failing to properly pay Class members for all work time;

I.    For waiting time penalties for all Class members whose employment with Defendants ended;

J.    For reasonable attorneys' fees and the costs of this action;

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

17

K.    For pre-judgment interest at the maximum legal rate; and

L.    For such other relief as this Court may deem just and proper.

Dated: November 1, 2006                          Respectfully submitted,

                                                 LAVI & EBRAHIMIAN, LLP


                                    By: _____
                                                 Joseph Lavi, Esq.
                                                 Attorneys for PLAINTIFF and
                                                 CLASS MEMBERS
                                                 HAROLD EUGENE MORRIS

PLAINTIFF'S COMPLAINT FOR DAMAGES
18

## DEMAND FOR TRIAL BY JURY

1

2    PLAINTIFF HAROLD EUGENE MORRIS and CLASS MEMBERS hereby

3 demands trial by jury.

4 Dated: November 1, 2006                    Respectfully submitted,

5                                            LAVI & EBRAHIMIAN, LLP

6

7

8    By: _____
9         Joseph Lavi, Esq.
          Attorneys for PLAINTIFF and
10         CLASS MEMBERS
           HAROLD EUGENE MORRIS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28