1  Alan Harris (SBN 146079)
   David Zelenski (SBN 231768)
2  HARRIS & RUBLE
   5455 Wilshire Boulevard, Suite 1800
3  Los Angeles, California 90036
   Telephone: (323) 931-3777
4  Facsimile: (323) 931-3366
   law@harrisandruble.com
5  dzelenski@harrisandruble.com

6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 CATHERINE TREMBLAY,                    Case No. CV 07-6009 EDL
   individually and on behalf of all
12 others similarly situated,             **STIPULATION RE DISMISSAL OF
                                          CASE WITH PREJUDICE UPON
13              Plaintiff,                COMPLETION OF CONDITION
                                          SUBSEQUENT**
14      v.

15 CHEVRON STATIONS, INC., a
   Delaware Corporation,
16
                Defendant.
17

18

19      WHEREAS on or about April 21, 2006, Dalila Sandoval filed a putative class-

20 action complaint in Marin County Superior Court, *Sandoval v. Chevron Stations, Inc.*,

21 Case No. CV 061690;

22      WHEREAS on or about November 2, 2006, Harold Morris filed a putative class-

23 action complaint in Los Angeles Superior Court, *Morris v. Chevron Stations, Inc.*, Case

24 No. BC 361380;

25      WHEREAS by stipulation, *Sandoval* was transferred to the Los Angeles Superior

26 Court, and both *Sandoval* and *Morris* are pending before the Honorable Victoria G.

27 Chaney in Department 324 of the Los Angeles Superior Court;

28      WHEREAS the second amended complaint in *Sandoval* alleges causes of action

for the failure to pay minimum wages under California law, the failure to pay overtime wages under California law, the failure to provide meal periods, the failure to allow rest periods, the failure to pay all wages due each pay period, the failure to pay all wages timely upon termination, the failure to provide accurate wage statements, unfair competition, and civil penalties;

WHEREAS the operative complaint in *Morris* alleges causes of action for the failure to pay minimum wages under California law, the failure to pay overtime wages under California law, the failure to pay wages at contractual rates, the failure to provide meal periods, the failure to provide timely and accurate wage statements, and unfair competition;

WHEREAS Plaintiff Catherine Tremblay filed a Class Action Complaint in this Court on November 28, 2007, and a First Amended Complaint on March 13, 2008;

WHEREAS Plaintiff Tremblay's First Amended Complaint alleges causes of action for missed meal and rest breaks, the failure to pay all wages timely upon termination, the failure to provide accurate wage statements, the failure to pay minimum wages and overtime compensation under California law arising from off-the-clock work, the miscalculation of employees' regular rates of pay under the federal Fair Labor Standards Act ("FLSA"), unfair competition, and civil penalties;

WHEREAS pursuant to 29 U.S.C. § 216(b), this Court conditionally certified an FLSA collective action for all individuals who worked on one or more graveyard shifts at one or more of Defendant's service stations in California as a non-exempt employee after November 28, 2004;

WHEREAS a total of 673 people opted-into the *Tremblay* collective action;

WHEREAS on May 8, 2008, plaintiff Sandoval, plaintiff Morris, and their counsel participated in a day-long mediation session before Mark Rudy, Esq., a highly respected mediator in the field of wage-and-hour class actions, which mediation session culminated with the signing of a memorandum of understanding ("MOU") setting out the key terms

of a settlement agreement;

WHEREAS counsel for plaintiff Sandoval and plaintiff Morris thereafter were in contact with Plaintiff Tremblay's counsel, and all were in agreement that they would attempt to settle *Tremblay* along with *Sandoval* and *Morris*;

WHEREAS on June 17, 2008, a settlement conference in *Tremblay* was held in U.S. District Court for the Northern District of California, United States District Court Magistrate Judge Wayne Brazil presiding;

WHEREAS counsel for Plaintiff Tremblay and counsel for Defendant attended the settlement conference, as well as counsel for plaintiff Sandoval;

WHEREAS the settlement conference led to further negotiations that ultimately led to an agreement (1) to stipulate to the dismissal of the *Tremblay* First Amended Complaint with prejudice, (2) to stipulate to the filing of a third amended complaint in *Sandoval* to include Plaintiff Tremblay as a named plaintiff, add Plaintiff Tremblay's attorneys as counsel for Tremblay, and include the FLSA claim that was made in Tremblay, and (3) to modify the MOU signed at the mediation of *Sandoval* and *Morris* to make changes that benefit the class members and to designate the cy pres recipient as the Labor and Workforce Development Agency of the California Department of Industrial Relations;

WHEREAS the third amended complaint in *Sandoval* has been filed with the Court;

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT the First Amended Complaint in *Tremblay* be dismissed with prejudice after the court in *Sandoval*

/
/
/
/
/

/

/

enters a final order granting approval of class-action settlement (the "Final Order") and the Final Order is no longer subject to appeal.

**IT IS SO STIPULATED.**

DATED: September 4, 2008

HARRIS & RUBLE

_____
Alan Harris
David Zelenski
*Attorneys for Plaintiff*

DATED: September 4, 2008

JONES DAY

_____
Deborah Saxe
Aaron L. Agenbroad
*Attorneys for Defendant*

**IT IS SO ORDERED**

DATED: _____

_____
Hon. Elizabeth D. LaPorte

STIPULATION RE DISMISSAL OF CASE WITH PREJUDICE UPON COMPLETION OF CONDITION SUBSEQUENT